## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No.    21-cr-123 (PLF) |
| | ) | |
| VITALI GOSSJANKOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### RESPONSE TO UNITED STATES' MOTION FOR PROTECTIVE ORDER

 Mr. Vitali Gossjankowski, through counsel, hereby responds to the United States'
Motion for Protective Order ("Gov't Mot."), ECF No. 19, and respectfully requests that the
Court deny the motion without prejudice.

This case is different than other cases arising from the events on January 6 because Mr.
Gossjankowski is hearing disabled, and the defense is concerned about the government's
disclosure of discovery thus far in this case.  The initial appearance in this matter was held on
January 19, 2021.  Until April 28, 2021, the day before the last status hearing, the government
provided almost no discovery at all.  Specifically, before April 28, it provided only (1) a partial
Facebook subpoena return, (2) one of multiple videos taken from one of at least two interviews
conducted by law enforcement, and (3) a search warrant return requested by the defense to
identify laptop computers seized from Mr. Gossjankowski that he needs to communicate
effectively with counsel.

On April 28 and 29, and May 7, 2021, the government provided the defense with some
additional discovery.  However, the discovery is redacted substantially.  The government
redacted the identities of most witnesses and sources of information, many of whom appear to be
members of the media.  The government even redacted Twitter handles on tweets that remain

1

public.  The purpose of these redactions is unclear and inhibits the defense's ability to evaluate and investigate the case.

Federal Rule of Criminal Procedure 16(d)(1) allows the Court to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief" by entering a protective order.  Protective orders, however, "are the exception, not the rule, and appropriate reasons must be given for their entry." *United States v. Stone*, No. 10-20123, 2012 WL 137746, at *3 (E.D. Mich. Jan. 18, 2012).  "The party seeking a protective order bears the burden of proving its necessity and must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 304 F.R.D. 10, 12 (D.D.C. 2014) (quotation marks omitted) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).  *See also United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) ("Good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" (quoting *In re Terrorist Attacks on September 11, 2001,* 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006))).  "A finding of harm must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Id.* (quotation marks and citation omitted).

The government does not articulate any specific facts that demonstrate an alleged harm that would occur in the absence of a protective order in this case.  Rather, the government emphasizes "both . . . the number of defendants prosecuted and the nature and volume of the evidence" and argues that "[t]he entry of the order will facilitate the government's ability to provide voluminous discoverable materials expeditiously, while adequately protecting the United States' legitimate interests."  Gov't Mot. at 2, 5.  But the government has not presented any information from which to conclude that the discovery the government seeks to protect would

"result in a clearly defined, specific and serious injury" in the absence of a protective order in this particular case. *Id.* Thus, the government has provided no justification to support the issuance of a protective order. Accordingly, based on the current record, the Court should deny the government's motion without prejudice.

The government's proposed protective order would permit it to designate unilaterally key witness identities and sources of information (that it has so far declined to provide) and other large swaths of discovery, much of which the government obtained from the public domain, as "Sensitive" or "Highly Sensitive" based on its subjective evaluation or non-evaluation. The proposed protective order requires the defense to comply with restrictions on material that the government is required to disclose, and which Mr. Gossjankowski is entitled to receive. The proposed order burdens the defense with obligations to protect unidentified and unspecified discovery when the government has not explained why any discovery information needs to be protected *in this case.* There is no allegation that Mr. Gossjankowski engaged in a criminal conspiracy or that he poses a threat to any individual. In addition, Mr. Gossjankowski did not enter the Capitol building. Thus, any U.S. Capitol video footage relevant to the case shows only the outside of the building. Disclosure of videos showing the outside of the Capitol building will in no way compromise security at the U.S. Capitol. The Court should require the government to request protection for only certain specific documents and information, rather than impose provisional burdens on the defense by granting the government broad authority to "protect" yet-to-be-disclosed or -specified information.

The government's proposed protective order also requires defense counsel to "review the terms of this Order" with Mr. Gossjankowski, and "obtain a fully executed copy of Attachment A" and "file a copy with the Court," "before providing [him] access to Sensitive or Highly

Sensitive materials."  Gov't Proposed PO ¶ 13, ECF No. 19-1.[1]  The government did not file "Attachment A."  Entitled "Defendant's Acceptance," it requires the defendant "to voluntarily agree" to all of the terms of the protective order, disclose privileged information regarding the consultation with counsel about it, and affirm full satisfaction with counsel regarding the both the protective order and "all matters relating to it."  *See, e.g., United States v. Miller*, No. 21-cr-266 (TSC), Gov't Proposed PO at 7, ECF No. 15-3.

"Attachment A" implicates attorney/client privilege as well as Mr. Gossjankowski's rights to the effective assistance of counsel and to prepare and assist in his defense, and compels him to make statements on the docket, in order to receive discovery that he is entitled to receive and which the government *must* provide to him.  Defense counsel may have a conflict of interest in advising a client to sign and agree to the "Acceptance" the government demands.  In addition to being constitutionally problematic, "Attachment A" is unnecessary:  the Court has the authority to enforce a protective order that it enters against the parties, and the government could bring additional criminal charges or request sentencing enhancements based on a defendant's failure to abide by the Court's order.  Therefore, if the Court finds good cause to enter the government's proposed protective order in this case, the Court should strike in its entirety the second sentence of paragraph 13.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's motion without prejudice and require the government to identify with specificity the discovery material it seeks

---

[1] Because Mr. Gossjankowski does not currently have a laptop computer, it is extremely difficult for defense counsel to communicate and review documents with him.  The size of his cell phone screen is too small to allow for meaningful and effective communication with an ASL interpreter and defense counsel, with or without document-sharing.

to protect and the grounds for protection specific to the instant case.  If the Court enters the

government's proposed order, the Court should strike the second sentence of paragraph 13.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____

UBONG E. AKPAN
CELIA GOETZL
Assistant Federal Public Defenders
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500