UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 21-cr-123 (PLF) |
| : | |
| VITALI GOSSJANKOWSKI,  : | |
| : | |
| Defendant.   : | |

## STATUS REPORT

Mr. Vitali GossJankowski, through counsel, hereby submits the following Status Report, pursuant to the Minute Order this Court issued on July 21, 2022:

1. During the last status conference in this case on July 21, 2022, this Court ordered the defense to communicate its version of an acceptable plea agreement to the prosecution, and further ordered the parties to confer, with involvement of the United States Attorney's Office chain of command, about a potential resolution of the above-captioned case. The Court further ordered the parties to file a joint status report by noon on August 3, 2022.

2. After the hearing, Mr. GossJankowski reiterated that he accepts responsibility for his conduct, would like to plead guilty, and would be willing to plead to Counts One, Four, or Five of the operative indictment, all of which are felony offenses, to AUSAs Karen Rochlin and Barry Disney. Defense counsel then contacted John Crabb, Chief of the USAO "Capitol Siege Unit" to see if the government was at all willing to engage in negotiations to avoid the costs of an unnecessary trial.

3. Mr. Crabb deferred to Andrew Floyd, Deputy Chief of the "Breach & Assault Unit."

4. According to Mr. Floyd, the government has a "policy" that any January 6 defendant who has been charged with a violation of 18 U.S.C. § 111(b) "is required to plead guilty to assault" or go to trial. Mr. Floyd relayed that he conferred with Mr. Crabb and "we have also run this issue by Matt Graves." Therefore, the government is wholly unwilling to engage in plea negotiations in this case.

5. As the Court recognized at the last status hearing, "the problem that Mr. Gossjankowski has is [] not the fact that the offer is to a felony or even to the guideline range, and as we all know the guidelines are advisory, but rather that he disputes the assault and cannot agree under oath to saying he did something that he doesn't think he did or doesn't believe he did." Tr. of Status Hr'g (July 21, 2022) at 6.

6. The government anticipates a jury trial will take 5 days and requests a trial be set April of 2023. Based on experience in another case with a Deaf defendant, the defense anticipates a jury trial will take double the time the government expects due to ASL-interpreter related considerations. Therefore, the defense anticipates a jury trial will take 10 days and defers to the Court on its availability for trial.

7. Mr. GossJankowski does not agree to toll the Speedy Trial Act at this juncture and does not believe it is in the interest of justice.

8. Mr. GossJankowski respectfully requests that the Court also set motions deadlines for the filing and disposition of pretrial motions before trial.

                      Respectfully submitted,

                      A. J. KRAMER
                      Federal Public Defender

                      _____/s/_____
                      Celia Goetzl
                      Ubong E. Akpan
                      Assistant Federal Public Defenders
                      625 Indiana Avenue, N.W.,
                      Suite 550
                      Washington, DC 20004
                      (202) 208-7500
                      celia_goetzl@fd.org
                      ubong_akpan@fd.org