UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.  : | |
| : | Case Number 1:21-cr-00123-PLF |
| VITALI GOSSJANKOWSKI  : | |
| : | |
| : | |
| **Defendants.**  : | |

**UNITED STATES' MOTION FOR EXCLUDABLE DELAY
UNDER THE SPEEDY TRIAL ACT OR ALTERNATIVELY,
FOR A TRIAL DATE WITHIN SPEEDY TRIAL ACT DEADLINES**

The United States of America respectfully moves for entry of an order excluding the period from August 4, 2022 through the date this case is set for trial from computations under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (the "STA"). As addressed below, the exclusion of time is justified because otherwise, a trial may not be possible and a miscarriage of justice may occur; the effects of an ongoing global pandemic continue; and the ends of justice outweigh the best interests of the defendant and the public in a speedy trial. Should this Court decline to exclude time under the STA, the United States asks this Court to set a trial date in this case within 58 days of its ruling on this motion.

BACKGROUND

This case arises from the January 6, 2021 attack on the United States Capitol. For his role in the attack, the defendant was charged on January 18, 2021, in a sealed complaint for entering and remaining in any restricted building or grounds with a deadly and dangerous weapon in violation of 18 U.S.C § 1752(a) and (b)(1)(a), and for violent and disorderly conduct on Capitol grounds in violation of 40 U.S.C. § 5104(e)(2). ECF 1. A federal grand jury indicted the defendant

on January 17, 2021 for committing and attempting to commit an act to obstruct, impede and interfere with a law enforcement officer in violation of 18 U.S.C. § 231(a)(3); assaulting, resisting or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b); entering and remaining in any restricted building or grounds with a deadly and dangerous weapon in violation of 18 U.S.C § 1752(a) and (b)(1)(a); and for violent and disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2).  ECF 10.  On November 10, 2021, a superseding indictment charged the defendant with committing and attempting to commit an act to obstruct, impede and interfere with a law enforcement officer in violation of 18 U.S.C. § 231(a)(3); obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); assaulting, resisting or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b); entering and remaining in any restricted building or grounds with a deadly and dangerous weapon in violation of 18 U.S.C § 1752(a)(1) and (b)(1)(a); disruptive and disorderly conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. § 1752(a)(2) and b)(1)(a); and disorderly and disruptive conduct in a Capitol building  in violation of 40 U.S.C. § 5104(e)(2).  ECF 41.

 The original indictment against the defendant was entered on the docket on February 19, 2021, when, pursuant to a minute entry of February 18, 2021, Magistrate Judge Robin M. Meriweather ordered that time under the STA be excluded through February 25, 2021 in the interest of justice.  On March 10, 2021, the defendant was arraigned on the original indictment.  Minute Entry of March 10, 2021.

 From the date of the defendant's March 10, 2021 arraignment, this Court made a series of findings excluding time under the STA as follows:

| DATE OF FINDING and MINUTE ENTRY | TIME EXCLUDED |
|---|---|
| March 10, 2021 | March 10-April 29, 2021 |
| April 29, 2021 | April 29-June 10, 2021 |
| June 10, 2021 | June 10-August 19, 2021 |
| August 19, 2021 | August 19-October 14, 2021 |
| October 14, 2021 | October 14, 2021-January 13, 2022 |
| January 13, 2022 | January 13-31, 2022 |
| January 31, 2022 | January 31-March 30, 2022 |
| March 1, 2022 | March 30-April 12, 2022 |
| April 12, 2022 | April 12-June 8, 2022 |
| June 7, 2022 | June 8-June 30, 2022 |
| June 17, 2022 | June 30-July 21, 2022 |
| July 21, 2022 | July 21-August 4, 2022 |

During a status conference held on July 21, 2022, this Court, among other matters, directed the parties to file a joint status report on August 3, 2022 to inform the Court if the above-captioned case would be resolved by a plea agreement or a trial, and of any proposed trial date. The parties were unable to arrive at a plea agreement.

The United States provided a draft of a joint status report to the defense that stated the inability to reach a plea agreement, proposed an April trial date, sought opposing counsel's input for a trial date, and sought exclusion of time under the STA until the date set for trial. The defense objected to the draft joint report without identifying any objection to its contents. Instead, the defense sought the government's position on an extension of time to file a report.

The United States filed its own report. ECF 55. The defense then filed a status report stating that it deferred to the Court as to a trial date and objected to the exclusion of time under the STA. ECF 56:2. In light of that objection, the United States moves this Court to exclude time under the STA, or in the alternative, to set this case for trial within the time the STA requires.

## LEGAL ANALYSIS

The defendant has entered a plea of not guilty in this case. Minute Entry of March 10, 2021; Minute Entry of January 13, 2022. Accordingly, the defendant's trial must commence within 70 days from the filing date (and making public) of an indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

In this case, the defendant appeared before a magistrate judge in this district on January 19, 2021; however, the indictment against him was not entered on the docket, and thus made public, until February 19, 2021. Accordingly, February 19, 2021 is the date that STA calculations begin, absent grounds to toll the passage of time. As noted above, a magistrate judge determined that time was excludable under the statute from February 18, 2021 to February 25, 2021.

From February 26, 2021 through March 9, 2021, 12 days elapsed under the STA. As set forth in the chart above, from March 10, 2021 through August 4, 2022, time under the STA has been excluded. The filing of the instant motion will also toll time under the STA. *See, e.g.,* 18 U.S.C. § 3161(h)(1)(D)(excluding delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion); *United States v. Hemphill*, 514 F.3d 1350, 1357 (D.C. Cir. 2008)(any motion will toll the clock, including a motion to exclude time). Following the prompt disposition of this motion, a balance of 58 days remain within which to start the defendant's trial absent any future grounds to toll the

statute.

The United States proposed an April, 2023 trial date based on the availability of government counsel and factors related to the government's preparation of its case; however, the United States was also mindful when selecting a proposed trial date that the defendant requires the services of an American Sign Language (ASL) interpreter. In earlier conversations with the prosecution, defense counsel has maintained that securing the services of qualified ASL interpreters requires scheduling well in advance of trial. The United States did not have the benefit of input from defense counsel when proposing a trial date in its status report, but sought a date that seemed reasonable in light of the defense's earlier representations. One reason the United States believes that exclusion of STA time until trial serves the ends of justice, *see* 18 U.S.C. § 3161(h)(7)(A), is that such delay will provide time to arrange for the interpreter the defendant needs. Presumably, without an ASL interpreter, a trial consistent with due process, confrontation rights, and other guarantees of fairness would be impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

The defense has taken pains to insist on references in joint status reports to "voluminous" discovery, and has emphasized the volume of the government's global discovery production in individual status reports or court proceedings. The unique nature of the attack on the Capitol and potentially discoverable materials generated through the investigation and prosecution of hundreds of rioters can fairly cause this case to be viewed as unusual and complex for STA purposes, justifying the exclusion of time under the STA. *See* 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv). The passage of time has not impacted or changed that complexity. *See also United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 205 (D.C. Cir. 2013)(rejecting contention that reduction in the number of trial defendants and completion of discovery production refuted district court judge's earlier

finding that the case was complex). For that reason as well, the exclusion of time under the STA outweighs the best interest of the public and the defendant in a speedy trial.

Moreover, although the defense objects to the government's position that STA time is properly tolled until trial, the defense is not demanding a speedy trial. At best, the defense position on the exclusion of time under the STA has been inconsistent; the defendant has objected to exclusion of time on occasion, while frequently agreeing to or even seeking exclusion of STA time on other occasions. In its most recent status report, ECF 56, the defense does no more than defer to the Court concerning a trial setting, but has not requested a specific or immediate trial date. As judges in this district have observed, however, the STA "does not countenance game-playing" and it "was intended to be a shield, not a sword." *United States v. Nordean*, No. 21-175-TJK at *5, 2022 WL 2375810 (D.D.C. June 20, 2022)(quoting *United States v. Ntube*, No. 93-cr-3222 (HHG), 1996 WL 808068, at *8 (D.D.C. Dec. 9, 1996)).

The United States is willing to work with the Court and opposing counsel to schedule a trial date within the requirements of the STA. The prosecution has proposed a date in good faith and believes for the reasons stated above that tolling is appropriate under the STA. Otherwise, the United States will revise its proposal for a trial date to one that falls within the 58 days that, absent additional excludable time, remain available under the statute.

WHEREFORE, the United States respectfully seeks an order excluding time until the trial in this case commences, or alternatively, setting a trial date within 58 days from the disposition of the instant motion.

                                                 Respectfully submitted,

                                                 MATTHEW M. GRAVES
                                                 UNITED STATES ATTORNEY
                                                 D.C. Bar Number 481052

By: *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov

*/s/ Barry K. Disney*
BARRY K. DISNEY
Trial Attorney - Detailee
Kansas Bar No. 13284
U.S. Attorney's Office for the District of Columbia
601 D. Street, N.W.
Washington, D.C. 20530
202-305-4367 (office)
202-924-4861 (cell)
Barry.Disney@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Case Number  1:21-cr-00123-PLF |
| **VITALI GOSSJANKOWSKI,** | : | |
| | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

ORDER EXCLUDING DELAY
UNDER THE SPEEDY TRIAL ACT

This matter having come before the Court upon the Government's motion for excludable delay, the Court finds that for the period specified below, the ends of justice served outweigh the best interests of the defendant and the public in a speedy trial for the reasons listed in the Government's motion and for the following reasons:

- This case is "unusual and complex" due to the nature of the prosecution. *See* 18 U.S.C. § 3161(h)(7)(B)(ii); *see also* § 3161(h)(7)(B)(iv).  Discovery in this case includes thousands of pages in discovery and large amounts of forensic data.

- Although certain conditions arising from the covid-19 pandemic have eased, current trials remain subject to social distancing requirements for the safety of the participants and public, requiring logistics that limit the number of trials that can proceed at any given time.

- The defense has requested that the Court set deadlines for pretrial motions, ECF 56, which will also generate excludable delay if filed; *see* 18 U.S.C. § 3161(h)(1)(D) and

8

(H).

- Earlier periods of delay have not been unreasonable and the Court has found that such delays serve the interests of justice and outweigh the best interest of the public and the defendant in a speedy trial.

Thus, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C. §§ 3161(h)(7)(B)(ii) and (B)(iv), the time period between from August 4, 2022 to          shall constitute excludable delay.

IT IS SO ORDERED.

Dated:                                                             _____
                                                                   HONORABLE PAUL L. FRIEDMAN
                                                                   United States District Judge