UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 21-0123 (PLF) |
| VITALI GOSSJANKOWSKI, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

On November 10, 2021, a grand jury returned a superseding indictment charging defendant Vitali GossJankowski with five felonies and one misdemeanor count for his involvement in the events at the United States Capitol on January 6, 2021. See Superseding Indictment [Dkt. No. 41].[1] At the July 21, 2022 status conference, the parties informed the Court that they had been unable to reach a plea agreement and requested a trial date. See Minute Entry (July 21, 2022). Counsel for Mr. GossJankowski represented that although Mr. GossJankowski was willing to accept responsibility for his conduct and plead guilty to a felony count, he was unwilling to plead guilty to a violation of assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(b). The government made clear that a plea to 18 U.S.C. § 111(b) was its final offer.

---

[1] The indictment charges violations of civil disorder (18 U.S.C. § 231(a)(3)); obstruction of an official proceeding (18 U.S.C. § 231(a)(3)); assaulting, resisting, or impeding certain officers using a dangerous weapon (18 U.S.C. § 111(a)(1) and (b)); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon (18 U.S.C. § 1752(a)(1) and (b)(1)(A)); disorderly and disruptive conduct in a restricted building or grounds (18 U.S.C. § 1752(a)(2) and (b)(1)(A)); and disorderly conduct in a Capitol building (40 U.S.C. § 5104(e)(2)(D)).

In response to this information, the Court recognized that "the problem that Mr. GossJankowski has is [] not the fact that the offer is to a felony or even to the guideline range, and as we all know the guidelines are advisory, but rather that he disputes the assault and cannot agree under oath to saying he did something that he doesn't think he did or doesn't believe he did."  Defendant's Status Report ("Def. Rep.") [Dkt. No. 56] (quoting Transcript of Status Hearing (July 21, 2022) at 6).  The Court ordered the parties to meet and confer to try and reach a possible resolution of the case with a plea agreement to a different felony count.

On August 3, 2022, the parties separately filed two status reports informing the Court that they had been unable to reach a plea agreement and requesting that the Court set a trial in April 2023.  See Government's Status Report ("Gov't Rep.") [Dkt. No. 55]; see also Def. Rep. Mr. GossJankowski's status report stated that he reiterated to the government that he "accepts responsibility for his conduct, would like to plead guilty, and would be willing to plead to Counts One, Four, or Five of the operative indictment, all of which are felony offenses."  Def. Rep. at ¶ 2.  Counsel for Mr. GossJankowski was informed, however, by the deputy chief of the Breach & Assault Unit at the U.S. Attorney's Office that "the government has a 'policy' that any January 6 defendant who has been charged with a violation of 18 U.S.C. § 111(b) 'is required to plead guilty to assault' or go to trial."  Id. at ¶ 4.  Mr. GossJankowski's status report further indicated that he "does not agree to toll the Speedy Trial Act at this juncture and does not believe it is in the interest of justice."  Id. at ¶ 7.

On August 4, 2022, the government filed a motion requesting that the Court enter an order "excluding time until the trial in this case commences, or alternatively, setting a trial date within 58 days from the disposition of the instant motion."  United States' Motion for Excludable Delay Under the Speedy Trial Act or Alternatively, for a Trial Date Within Speedy

Trial Act Deadlines [Dkt. No. 57] at 6.  The Court now requires a response from Mr. GossJankowski to the government's motion.  The Court also wishes to inform the parties that the earliest it is available for trial is January 2023.  The Court is available to schedule trial within the windows of January 9-27, March 6-24, and May 4-18, 2023.

The Court also would like to view all audio, video, and photographic evidence that the government has to support Count Three of the indictment, which charges Mr. GossJankowski with a violation of assaulting, resisting, or impeding certain officers using a dangerous weapon, pursuant to 18 U.S.C. § 111(a)(1) and (b).  This evidence should also be promptly provided to Mr. GossJankowski irrespective of any discovery schedule in this case.  Accordingly, it is hereby

ORDERED that on or before August 11, 2022, Mr. GossJankowski shall file a response to the government's motion for excludable delay [Dkt. No. 57]; and it is

FURTHER ORDERED that on or before August 15, 2022, the government shall provide the Court and Mr. GossJankowski with all audio, video, and photographic evidence that the government has to support Count Three of the indictment, which charges Mr. GossJankowski with a violation of assaulting, resisting, or impeding certain officers using a dangerous weapon, pursuant to 18 U.S.C. § 111(a)(1) and (b).

SO ORDERED.

                                                                       /s/
                                             PAUL L. FRIEDMAN
                                             United States District Judge

DATE:  August 5, 2022