UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00123-PLF |
| VITALI GOSSJANKOWSKI, : | |
| : | |
| : | |
| Defendant. : | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT OR ALTERNATIVELY, FOR A TRIAL DATE WITHIN SPEEDY TRIAL ACT DEADLINES**

The United States of America respectfully replies as follows to defendant GossJankowski's response, ECF 61, to the government's motion, ECF 57, for entry of an order excluding the period from August 4, 2022 through the date this case is set for trial from computations under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (the "STA"). Alternatively, the motion seeks a trial setting within the 58 days that the statute requires.

In response to the government's motion, the defendant offers no objection to the government's calculations of the time available under the STA to start his trial and does not provide alternative calculations. The defendant demands a "speedy trial," but then asks this Court to schedule trial in January, 2023. Absent a finding of excludable time, simple arithmetic places the defendant's proposed date well outside of the 58 days remaining for trial to begin.[1]

While objecting to exclusion of time under the STA, in its response the defense has asked

---

[1] For example, even if this Court needed another 30 days to rule on the government's motion, thereby generating excludable time under 18 U.S.C. § 3161(h)(1)(D), the defendant's trial would have to start in November to comply with the STA.

this Court to set deadlines for filing pretrial motions, hinting that any such motions will generate excludable time. The request to schedule motions, however, does not identify what if any motions the defense will file, let alone guarantee that such motions will require weeks or months for resolution. If defense counsel require time to identify and prepare pretrial motions, then the need for such preparation is a factor supporting a finding of excludable time, *see* 18 U.S.C. § 3161(h)(7)(B)(iv) (requiring a court to consider whether counsel would unreasonably be denied time necessary for effective preparation). Moreover, the defense cannot have it both ways by objecting to exclusion of time under the STA while seeking, and presumably needing, a January trial date that would otherwise conflict with the STA's requirements.

Furthermore, the defendant's response confirms that obtaining the services of the interpreters he needs for trial is difficult on short notice, but, illogically, objects to a finding of excludable time because the problem of short notice, according to the defense, will remain regardless of when trial is set. The solution to the difficulty of securing interpreters on short notice, however, is to schedule trial with sufficient notice so access to interpreters is not an issue. Accordingly, the need to set a trial schedule to secure American Sign Language interpreters supports a finding of excludable time.

This Court should also reject the defendant's characterization of this matter as a simple assault case involving five seconds of "pixelated Go-Pro video footage," ECF 61-1. The indictment in this case charges the defendant with participating in civil disorder, in violation of 18 U.S.C. § 231(a)(3), obstructing an official proceeding in violation of 18 U.S.C. § 1512(c)(2), entering or remaining in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A), disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. §§ 1752(a)(2)

and (b)(1)(A), and disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D), all in addition to the assault charged under 18 U.S.C. § 111(a)(1) and (b). The defendant has entered a plea of not guilty to all counts in the indictment, and his trial involves more than a single count of assault against a victim federal officer.

Evidence to support these charges, in addition to video from a Go-Pro, includes CCTV and other footage that, among other actions, shows the defendant spitting at officers, pushing against police lines, grabbing police riot shields, passing stolen riot shields to other rioters, and threatening police officers with an activated electric stun gun. Especially but not exclusively because the defendant has not admitted to his intent to assault, such intrinsic conduct is relevant to the disputed assault against the victim U.S. Capitol Police Officer referenced in Count Three of the superseding indictment. Open-source recordings, police body-worn camera footage, and recordings from the cellular phones of other rioters also document the defendant's conduct.[2] Any ruling from this Court concerning excludable time should rest on an accurate depiction of the charges and evidence in this case.

The United States maintains that exclusion of time under the STA is appropriate, for all of the reasons stated in its motion. Absent a finding from this Court that exclusion of time serves the interest of justice, the United States remains prepared to try this case within the 58 days that the statute provides.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

---

[2] The United States is providing these and other materials to this Court and defense counsel as ordered, *see* ECF 58:3.

By: *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov

*/s/ Barry K. Disney*
BARRY K. DISNEY
Trial Attorney - Detailee
Kansas Bar No. 13284
U.S. Attorney's Office for the District of Columbia
601 D. Street, N.W.
Washington, D.C. 20530
202-305-4367 (office)
202-924-4861 (cell)
Barry.Disney@usdoj.gov