UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00123-PLF |
| VITALI GOSSJANKOWSKI, : | |
| : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE TO THE MEMORANDUM AND ORDER DIRECTING THE GOVERNEMNT TO PROVIDE AUDIO, VIDEO, AND PHOTOGRAPHIC EVIDENCE SUPPORTING COUNT THREE OF THE INDICTMENT**

The United States of America respectfully responds as follows to the Memorandum and Order directing the government to provide "all audio, video, and photographic evidence that the government has to support Count Three of the indictment…" ECF 58.

Count Three of the indictment charges the defendant's assault with a dangerous weapon against United States Capitol Police Officer M.M. in violation of 18 U.S.C. § 111(a) & (b). Specifically, the indictment alleges the defendant used a deadly or dangerous weapon to "forcibly assault, resist, oppose, impede, intimidate, and interfere" with the officer while he was engaged in the performance of his duties. ECF 10. In order to convict the defendant of Count Three the government must prove that the defendant acted intentionally. See *United States v. Arrington*, 353 U.S. App. D.C. 388, 309 F.3d 40, 46 (2002); *1 Criminal Jury Instructions for DC Instruction 4.101 (2021) element 2* requiring that a defendant acted "voluntarily, on purpose, and not by mistake or accident." To establish that the defendant acted intentionally and not by mistake or accident the government will rely not only upon the events in the moments that Officer M.M. was assaulted but also the defendant's actions leading up to the assault.

The government intends to prove that the defendant first tried to gain access to the U.S. Capitol through a west Capitol door located on the lower west terrace. In his efforts to gain access, the defendant pushed himself through a crowd of other individuals towards a line of police officers where he wagged his finger at the police and spit at them. The defendant then came into possession of a stun gun and again pushed his way towards the front of the crowd and activated the stun gun multiple times while holding it high above his head in the direction of the police. Following his unsuccessful attempt to enter the U.S. Capitol the defendant retreated to the lower west terrace where the assault on Officer M.M. occurred. Put another way, the government intends to prove that the defendant's assault on Officer M.M. was not a mistake or accident because Gossjankowski engaged in similar animosity and conduct towards the police a short time before while at the west terrace door.

Accordingly, the "audio, video, and photographic evidence that the government has to support Count Three" is not limited to the precise moments of Gossjakowski's assault on Officer M.M. but also other evidence which shows the defendant's intent. This includes evidence from the west door of the Capitol as well as the interview of the defendant. Contemporaneously with this filing the government has provided to the court and defendant 33 exhibits setting forth the audio, video, and photographic evidence that the government intends to use to establish Count Three.[1] Included in the Exhibits are the following actions of the defendant:

Exhibit 1    Initial encounter between rioters and police officers at west door. Defendant appears at 1.13.

---

[1] The United States has made a good-faith effort to produce all of the evidence understood to be responsive to this Court's order. The order, numbering, and choice of exhibits identified in this response does not necessarily represent the order of proof or choice of exhibits for a trial in the above-captioned case, and the United States may or may not include trial exhibits not included in response to the order if additional exhibits are discovered or determined to be relevant.

Exhibit 4       Defendant spits at police officers at 2.33.

Exhibit 8       Defendant wags finger and spits at police at 2.00.

Exhibit 13      At 4:35 defendant begins passing shields taken from police officers to the crowd. He receives a stun gun (4.55), activates it (5.30) approaches police officers and spits at them (5.30), and engages in group shoving towards polices officers (23.00).

Exhibit 14      At .26 defendant is involved in a confrontation with a police officer and grabs the officer's shield.

Exhibit 18      At 4.20 defendant's conduct towards Officer M.M. is captured

Exhibit 19      Defendant's conduct towards Officer M.M. (enhanced with illustration).

Exhibit 20      Defendant's conduct towards Officer M.M. from another view.

Exhibit 25      Picture of stun gun with emoji from defendant's computer

Exhibit 32      Defendant discusses conduct towards officer at 33.00.

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              UNITED STATES ATTORNEY
                                              D.C. Bar Number 481052

By:     */s/ Barry K. Disney*
        BARRY K. DISNEY
        Trial Attorney - Detailee
        Kansas Bar No. 13284
        U.S. Attorney's Office for the District of Columbia
        601 D. Street, N.W.
        Washington, D.C. 20530
        202-305-4367 (office)
        202-924-4861 (cell)
        Barry.Disney@usdoj.gov

        *s/Karen Rochlin*
        Karen Rochlin
        Assistant United States Attorney Detailee
        DC Bar No. 394447
        99 N.E. 4th Street

Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov