UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-123 (PLF) |
| | ) | |
| VITALI GOSSJANKOWSKI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## MOTION TO SUPPRESS STATEMENTS

Pursuant to Federal Rule of Criminal Procedure 12(b)(3), Vitali GossJankowski, through counsel, respectfully moves this Court to suppress at trial any and all statements he made to law enforcement officers when he was interrogated on January 14, 2021, January 17, 2021, and January 18, 2021, because the statements were made involuntarily and obtained in violation of the Fifth Amendment of the U.S. Constitution and *Miranda v. Arizona*, 384 U.S. 436 (1966). An evidentiary hearing on this motion is requested.[1]

## STATEMENT OF RELEVANT FACTS

Mr. GossJankowski is charged in this case with six counts in relation to the events at the U.S. Capitol on January 6, 2021. He is profoundly Deaf. His first language was not English, but rather American Sign Language ("ASL").[2] Thus, he requires qualified certified legal ASL

---

[1] A hearing is currently scheduled on November 21, 2022, at 10:00 a.m., for the Court to hear oral argument on the pending motions. *See* Mem. Op. & Order (Aug. 15, 2022), ECF 63. Mr. GossJankowski respectfully requests that the Court also hear evidence on this motion at that hearing, or schedule a separate evidentiary hearing on this motion.

[2] ASL is a language that is distinct from English in both syntax and grammar. "ASL is not derived from English; ASL has its own syntax and grammar and utilizes signs made by hand motions, facial expressions, eye gazes, and body postures." *Pierce v. District of Columbia*, 128 F. Supp. 3d 250, 275 (D.D.C. 2015) (Brown Jackson, J.).

interpretation to communicate effectively with law enforcement officers. On January 14, 2021, Mr. Gossjankowski was interrogated by multiple members of the Metropolitan Police Department ("MPD") and Federal Bureau of Investigation ("FBI) in the absence of any sign language interpreter. SOF at 4–5, ECF 1-1. Communications were apparently not recorded. On January 17, 2021, he was again interrogated by multiple officers. At least five officers surrounded him in his home for questioning. Officers did not tell him he did not have to answer their questions or tell him that he could have a lawyer present for questioning. On January 18, 2021, Mr. Gossjankowski was formally arrested, handcuffed, and interrogated at the FBI before being brought to court for his initial appearance.

## ARGUMENT

I. **ALL STATEMENTS MADE BY MR. GOSSJANKOWSKI SHOULD BE SUPPRESSED BECAUSE THEY WERE INVOLUNTARY AND OBTAINED IN VIOLATION OF *MIRANDA*.**

   A. **The Court Must Suppress Mr. GossJankowski's Statements Unless The Government Demonstrates That They Were Voluntary.**

Before introducing any statements at trial, either in its evidence-in-chief or as impeachment or rebuttal evidence, the government must prove that the statements were voluntary. *See Lego v. Twomey*, 404 U.S. 477, 489 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." *Mincey v. Arizona*, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. *Fikes v. Alabama*, 352 U.S. 191 (1957); *see also Gallegos v. Colorado*, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it

2

inadmissible requires close scrutiny of the facts of each individual case); *Clewis v. Texas*, 386 U.S. 707 (1967).  Specifically, the Court must examine the efforts to overbear the defendant's free will in relation to his capacity to resist those efforts.  *Davis v. North Carolina*, 384 U.S. 737 (1966); *Culombe*, 367 U.S. at 607.  The Court must examine the defendant's "background, experience, and conduct," *North Carolina v. Butler*, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will, *Blackburn v. Alabama*, 361 U.S. 199, 208 (1980).

Here, the testimony and evidence presented at a hearing will show that the statements Mr. GossJankowski made during questioning by law enforcement were involuntary and, therefore, must be suppressed.

**B.     Mr. GossJankowski's Statements Were Obtained In Violation of *Miranda*.**

Even if the statements were made voluntarily, *Miranda* requires suppression of Mr. GossJankowski's statements during the government's case-in-chief because Mr. GossJankowski was not adequately apprised of his right against self-incrimination and his right to counsel prior to undergoing custodial interrogation. *See, e.g., Pennsylvania v. Muniz*, 496 U.S. 582, 589-90 (1990).  A person is in "custody" for purposes of *Miranda* when he "has been . . . deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *see also Orozco v. Texas*, 394 U.S. 324, 326–27 (holding that the defendant was in custody even though interrogated while on his own bed, in familiar surroundings). The primary question is whether a "reasonable person" in the suspect's "position" would have felt he was "at liberty to terminate the interrogation and leave[.]"  *Thompson v. Keohane*, 516 U.S. 99, 112 (1995) (emphasizing that the circumstances surrounding the interrogation must also be considered).  A formal arrest need not be made, so long as there was a restraint on freedom of movement to the

degree associated with a formal arrest. *See California v. Behler*, 463 U.S. 1121, 1125 (1983). The court must consider "how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

Based on the totality of the circumstances, including but not limited to the length of the interrogations, the times that they occurred, the number of law enforcement officers present, the news and media coverage, and the style of questioning, a reasonable person in Mr. GossJankowski's position would not have felt he was at liberty to simply excuse himself. Mr. GossJankowski was in custody at the time each interrogation took place. The government will be unable to demonstrate at a hearing that Mr. GossJankowski's statements were not made in response to custodial interrogation – *i.e.*, in response to words or actions that officers should have known would elicit an incriminating response.

Statements made in response to custodial interrogation may be used against a defendant only if the defendant has been given *Miranda* warnings and subsequently makes a knowing, voluntary, and intelligent waiver of his Fifth and Sixth Amendment rights. *Miranda*, 384 U.S. at 478. The government bears the burden of demonstrating that the *Miranda* warnings were given and that the defendant has made a knowing, voluntary, and intelligent waiver. *Id*. At a hearing, the government will be unable to demonstrate that Mr. GossJankowski was adequately apprised of his rights and that any waiver of his rights was knowing and voluntary.

The elements of a *Miranda* violation are present in this case, and any waiver of *Miranda*

rights was invalid. Mr. GossJankowski was interrogated on three dates by multiple police officers and was not free to leave. All statements he made were in response to questioning by the officers. When he made the statements, Mr. GossJankowski had not been properly advised of his *Miranda* rights nor had he made a knowing, voluntary, and intelligent waiver of those rights. A Miranda waiver is valid only if it was made with "a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Colorado v. Spring*, 479 U.S. 564, 573 (1987); *see also Berghuis v. Thompkins*, 560 U.S. 370 (2010) (government "must make the additional showing that the accused understood these rights").

Officers gave no warnings to Mr. GossJankowski on January 14 or January 17. Any warnings that officers later gave to Mr. GossJankowski on January 18 "could [not] function 'effectively' as *Miranda* requires" because of the circumstances and nature of the multiple interrogations conducted previously, on January 14 and 17. *Missouri v. Seibert*, 542 U.S. 600, 611–12 (2004); *see also id.* at 612 n.4 ("In a sequential confession case," the court should determine "whether in the circumstances the *Miranda* warnings given could reasonably be found effective. If yes, a court can take up the standard issues of voluntary waiver and voluntary statement; if no, the subsequent statement is inadmissible for want of adequate *Miranda* warnings, because the earlier and later statements are realistically seen as parts of a single, unwarned sequence of questioning.").

Therefore, all statements Mr. GossJankowski made to law enforcement officers in this case should be suppressed.

## CONCLUSION

For the foregoing reasons, and for any other reasons set forth at a hearing on this motion or in supplemental pleadings, and that this Court may deem just and proper, Mr. GossJankowski respectfully requests that the Court grant this motion and suppress the use of all statements made by Mr. GossJankowski to law enforcement agents in this case.

                                                         Respectfully submitted,

                                                         A.J. KRAMER
                                                         FEDERAL PUBLIC DEFENDER

                                                         _____/s/_____
                                                         Ubong Akpan
                                                         Celia Goetzl
                                                         Assistant Federal Public Defenders
                                                         625 Indiana Ave., N.W., Suite 550
                                                         Washington, D.C. 20004
                                                         (202) 208-7500