AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means ☒ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 21-SW-8
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, )
WASHINGTON, D.C. )
UNDER RULE 41 )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of ___Columbia___
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

**YOU ARE COMMANDED** to execute this warrant on or before ___February 1, 2021___ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___G. Michael Harvey, U.S. Magistrate Judge___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 01/18/2021                          [signature]         Digitally signed by G. Michael Harvey
                                                                               Date: 2021.01.18 10:36:23 -05'00'
                                                          *Judge's signature*

City and state:  Washington, D.C.                         G. Michael Harvey, U.S. Magistrate Judge
                                                          *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: 21-SW-8 | Date and time warrant executed: 18 Jan 21  1:30 pm | Copy of warrant and inventory left with: No one present |
| Inventory made in the presence of: No one present | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

See FD-597

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 18 JAN 21

_____
Executing officer's signature

Benjamin Bullington Special Agent
Printed name and title

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 176-WF-3366759

On (date) 18 JAN 2021

item(s) listed below were:
- [x] Received From
- [ ] Returned To
- [ ] Released To
- [ ] Seized

(Name) Li, BB

(Street Address) [redacted]

(City) Washington, D.C.

Description of Item(s):

1) Droid Phone
2) Blue Coat
3) Tablet in black case
4) Silver Apple laptop serial FVFZLQAQJ1WK
5) Silver Apple laptop serial C02C80V6LVDN
6) Black Lenovo laptop
7) One (1) pair of black Nike sunglasses
8) iPhone 11 Pro Max
9) Red iPhone XR

nothing follows

Received By: [signature]   Received From: _____
           (Signature)                    (Signature)

## ATTACHMENT A

*Property to be searched*

The property to be searched is ███████████████████████████, WASHINGTON, D.C. (the "PREMISES"), further described as a two-story red brick row house. The front door is white with a black metal storm door with the numerals ████ affixed to the white front door.




## **ATTACHMENT B**

*Property to be seized*

1. The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. § 1752(a)(1)-(2) and (b)(1)(A) (Knowingly Entering or Remaining in any Restricted Building or Grounds without Lawful Authority while Using or Carrying a Dangerous Weapon), 18 U.S.C. § 111 (Assaulting a Federal Agent), 18 U.S.C. § 231 (Civil Disorders), 18 U.S.C. § 371 (Conspiracy), 18 U.S.C. § 930 (Possession of Firearms and Dangerous Weapons in Federal Facilities), 18 U.S.C. § 1512 (Obstruction of Congress), and 40 U.S.C. § 5104(e)(2)(D) (Knowingly Engaging in Disorderly Conduct on Capitol Grounds), as described in the search warrant affidavit, including, but not limited to:

   a. Black in color handheld Taser and/or any evidence of possession of such a Taser;

   b. Any paperwork, memorabilia, artwork, or other items taken from the U.S. Capitol grounds on January 6, 2021;

   c. Clothing matching that worn during the offenses as depicted/described in the affidavit;

   d. Any records and information relating to a conspiracy to illegally enter and/or occupy the U.S. Capitol Building on or about January 6, 2021;

   e. Information that constitutes evidence concerning the breach and unlawful entry of the United States Capitol, and any conspiracy or plan to do so, on January 6, 2021;

   f. Information that constitutes evidence concerning the riot and/or civil disorder at the United States Capitol on January 6, 2021;

g. Information that constitutes evidence concerning the assaults of federal officers/agents (including MPD Officer Fanone) and efforts to impede such federal officers/agents in the performance of their duties at the United States Capitol on January 6, 2021;

h. Information that constitutes evidence concerning the obstruction of proceedings by and before the U.S. Congress at the United States Capitol on January 6, 2021;

i. Information that constitutes evidence concerning damage to property at the United States Capitol on January 6, 2021;

j. Information that constitutes evidence of any conspiracy, planning, or preparation to commit those offenses;

k. Information that constitutes evidence concerning efforts after the fact to conceal evidence of those offenses, or to flee prosecution for the same;

l. Records and information that constitute evidence of use, control, ownership, or occupancy of the PREMISES and things therein;

m. Records and information that constitute evidence of the state of mind of VITALI GOSSJANKOWSKI, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation;

n. Records and information that constitute evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with VITALI

GOSSJANKOWSKI about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts; and

o. Any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)". For such devices,

   i. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

   ii. evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   iii. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

   iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

   v. evidence of the times the Device(s) was used;

   vi. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

    vii.  documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

   viii.  records of or information about Internet Protocol addresses used by the Device(s);

    ix.  records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

During the execution of the search of the PREMISES described in Attachment A, law enforcement personnel are also specifically authorized to obtain from GOSSJANKOWSKI (but not any other individuals present at the PREMISES at the time of execution of the warrant) the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) requiring such biometric access subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person's physical biometric characteristics will unlock the Device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

    (a)    any of the Device(s) found at the PREMISES,

    (b)    where the Device(s) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or

instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant.

While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing

or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "digital devices" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.