UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VITALI GOSSJANKOWSKI,<br><br>Defendant. | Crim. No. 21-123 (PLF) |

**REPLY IN SUPPORT OF MOTION TO DISMISS RESTRICTED AREA CHARGES UNDER 18 U.S.C. § 1752(a) (COUNTS FOUR AND FIVE)**

Vitali GossJankowski, through undersigned counsel, hereby replies to the Government's Response to Defendant's Motion to Dismiss Counts Four and Five, ECF 77.

The government makes no allegation that the Capitol was "designate[d], post[ed], cordon[ed]-off, or otherwise restrict[ed]" on January 6, 2021 because of or in relation to the Vice President's presence there. The government fails to explain how restrictions imposed on entering the Capitol buildings or grounds that had nothing to do whatsoever with the Vice President's presence there can provide a basis for criminal prosecution and liability under a statute specifically defining "any restricted building or grounds" in relation to the "temporar[y] visit[]" of a specific person—here, the Vice President.

A visit is, by definition, temporary. The addition of the word "temporarily" to "visiting" must have some meaning. The government's interpretation affords it none, rendering either the word "temporarily" or the word "visiting," or both, superfluous

and effectively meaningless. By its plain text, § 1752 simply does not, nor was it intended to, criminalize a protest outside of the U.S. Capitol building simply because the Vice President was present in the building that day.

To the extent that the government now relies on "two other Secret Service protectees (members of the Vice President's immediate family)," ECF 77 at 7, the indictment does not charge that "members of the Vice President's immediate family" were "temporarily visiting" the Capitol or its grounds when Mr. GossJankowski is alleged to have violated § 1752. The government cannot amend the Grand Jury's indictment through a pleading. In addition, the government has failed to identify the family members, so it is unclear whether any such individuals were "temporarily visiting" within the meaning of the statute. And, in any event, the entire Capitol building and grounds were not "posted, cordoned off, or otherwise restricted" on January 6, 2021 because of any of the Vice President's unidentified family members. Therefore, the Vice President's unidentified family members are not a valid basis for the alleged violations of § 1752 here and the Court should reject the government's attempt to inject any such family member into this case on the eve of trial.

Lastly, the government fails to explain how the vague language "impede or disrupt the orderly conduct of Government business or official functions," which language appears twice in the statute, coupled with the language "within such proximity to any restricted building or grounds," provide any clear, constitutionally-sufficient notice or limit on when and where § 1752(a)(2) applies. Indeed, this case, as well as the diverse and factually-distinct January 6 cases where the government

has charged violations of § 1752(a)(2), exemplify the arbitrary enforcement that vagueness doctrine prohibits—it is entirely indecipherable which of the thousands of people "in such [undefined] proximity to" the Capitol grounds on January 6, 2021, may be charged with or held criminally liable for violating § 1752(a)(2).

## CONCLUSION

For the foregoing reasons, and for any other reasons set forth in additional pleadings or at a hearing on this motion, and that this Court may deem just and proper, the Court should dismiss Counts Four and Five of the operative indictment.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Ubong Akpan
Celia Goetzl
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500