UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-123-PLF |
| | : | |
| VITALI GOSSJANKOWSKI, | : | |
| | : | |
| Defendant. | : | |

**AMENDED AND CORRECTED JOINT STATUS REPORT**

On October 18, 2022 the Court ordered the parties to file a joint status report informing the Court of the status of the case and any identifying any issues that should be raised before the Court prior to October 26, 2022 (ECF 89). In compliance, the parties filed a joint status report (ECF 91). The parties now file an amended and corrected joint status report setting forth the following:

1. The case is set to commence to jury trial on January 4, 2023. Both parties are ready for trial on January 4, 2023.

2. The Government has provided a list of proposed stipulations to the defense, which the defense is in the process of reviewing.

3. According to the defense, "the government has not provided requested discovery in connection with the motion to suppress statements, including the text messages between law enforcement and Mr. GossJankowski referenced in the government's pleading, the video recordings of the certified deaf interpreter ("CDI") at the January 17th and January 18th interviews; and the full name and American Sign Language qualifications of the MPD DHHU officer who interviewed Mr. GossJankowski and identity of the individuals present at the January 14th interview."

1

4.  The government notes the defense discovery request and asserts that it has acted in good faith to be responsive to the same. Specifically, the government sets forth the following:

    a)  The phone containing the text messages between law enforcement and the defendant was downloaded and returned to the defendant in January, 2021, providing him with access to the text messages requested. The government has, however, requested that a copy of the text messages between the defendant and law enforcement be made for the defense which will be provided once the process of retrieving the messages from the downloaded data is complete.

    b)  On April 23, 2021, the United States provided the defense with a recording from a body-worn camera of the defendant's non-custodial interview from January 17, 2021.  The recording includes a view of the sign language interpretation of the interview.  The United States has obtained footage from an additional non-worn camera showing a different view of the sign language interpretation for the January 17 interview and is providing that recording to the defense.  On April 23 and 28, 2021, the United States provided the defense with recordings from different vantage points of the January 18, 2021 custodial interview of the defendant which covered different views of sign language interpretation.  On October 12, 2022, the United States provided a report to defense counsel that provided the full name of the MPD DHHU officer translating the defendant's January 14, 2021 statements to officers.  The full name of that officer was also included in material produced to the defense on April 28, 2021.  The same report produced on October 12, 2022 identifies

officers participating in the January 14, 2021 encounter with the defendant.  The United States has also disclosed that the MPD DHHU officer is a native-speaker of ASL which is the officer's first language.[1]

5.  To date, neither party has noticed any experts.  The government has indicated that it does not intend to call any experts, except in response to any defense expert.  In light of discovery issues noted above, the defense needs additional time to consult with possible expert witnesses.  The parties agree that disclosure of expert witnesses needs to occur before it is possible to file motions under *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993).  Accordingly, the parties request until November 16, 2022 to disclose any expert witnesses.

6.  The defense requests an immediate hearing and ruling on the pending Motion for Return of Property, filed at ECF No. 72-2, which is fully briefed and ripe for this Court's review.

---

[1] The United States has provided information about the MPD DHHU officer's fluency in ASL, but by doing so, does not concede that this information provides any basis to suppress the defendant's statements.

3

7. The defense has requested a hearing on the pending motions to suppress the statements and

physical evidence, filed at ECF Nos. 66 and 72-2, respectively.  Therefore, the defense requests

that the Court convert the November 21, 2022 motions hearing to an evidentiary hearing.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    _/s/ BARRY K. DISNEY_
Barry K. Disney
Trial Attorney, Capital Case Section
Detailee – Capitol Siege Division
Kansas Bar No. 13284
U.S. Department of Justice
1331 F. St. NW, Suite 6000
Washington, D.C. 20005
202-305-4367 (office)
202-924-4861 (cell)
Barry.Disney@usdoj.gov

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_/s/_____
Ubong E. Akpan
Celia Goetzl
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004
(202) 208-7500

4