UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-123-PLF |
| | : | |
| VITALI GOSSJANKOWSKI, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' SUPPLEMENT TO MOTION IN *LIMINE* TO PRECLUDE CERTAIN DEFENSE ARGUMENTS AT TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby supplements its Motion in *Limine* to Preclude Reliance on Public Authority Defense (ECF 85). For the reasons stated in the motion *in limine* the defendant should be precluded from advancing, in opening statement or through witness questioning, the claim that his actions were authorized by public authority or that he was entrapped and the additional grounds set forth below merit exclusion of defense witnesses who would otherwise be called in connection with such a claim.

### BACKGROUND

The Government incorporates the background set forth in its first Motion to Preclude Reliance on Public Authority Defense, ECF. 85, and in addition sets forth the following:

On October 13, 2022 the Government requested the defendant provide a written statement disclosing the name, address, and telephone number for each witness he intends to rely on to establish the public-authority defense. (ECF. 86). Gossjankowski has not provided the requested information.

### ARGUMENT

Following his notice of a public authority defense under Fed.R.Crim.P. 12.3 (ECF 81) and the government's response to that notice, (ECF 86), Gossjankowski was required to disclose the name, address, and telephone number of each witness he intends to rely upon for the public-authority defense within 14 days from the date of the Government's response. Fed. R. Crim. P. 12.3(a)(4)(B). Additionally, the defendant was made aware in the early stages of the litigation that the Government desired to know whether he intended to rely upon the defense. (See ECF 18-1 at 4; ECF 24 at 5; ECF 29-1 at 5; ECF 34-1 at 4). Despite this knowledge and the requirement to provide a timely response, Gossjankowski has failed to provide information on even a single witness.

Gossjankowski's refusal has prevented the Government from investigating his claim of reliance on a public authority. The jury trial is less than 60 days away and the Government should not be placed into a last-minute scramble to investigate his claim when he has blatantly ignored the required notice. *See United States v. Seeright*, 978 F.2d 842, 849 (4th Cir. 1992)("Rule 12.3 ensures that no party will be surprised at trial" and "merely requires compliance with simple disclosure rules to guarantee that all parties will receive a fair trial"). Fed. R. Crim. P. 12.3(c) provides this Court with authority to exclude the testimony of any undisclosed witness regarding the public-authority defense. Because the defendant has not complied with his notice requirement the Government requests that this Court preclude him from calling any witness to testify regarding the public-authority defense.[1]

---

[1] Rule 12.3(c) does not limit a defendant's right to testify; however, should GossJankowski elect to do so in this case, like any other witness his testimony is subject to the Rules of Evidence and other applicable limitations. A defendant has no right to present irrelevant or otherwise inadmissible evidence. *E.g.*, *Taylor v. Illinois*, 484 U.S. 400, 410 (1988); *United States v. Wilkins*, 538 F.Supp.3d 49, 64-65 (D.D.C. 2021)(the guarantee that a defendant may present evidence in his own defense extends only to relevant evidence); *United States v. Libby*, 475 F.Supp.2d 73, 91 (D.D.C. 2007)(rejecting defendant's argument that the Constitution entitled him to the unfettered right to present evidence the Court found irrelevant or otherwise inadmissible)

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court grant the government's motion and preclude the defendants from the public-authority defense at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Barry K. Disney
Barry K. Disney
KS Bar No. 13284
Assistant United States Attorney – Detailee
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Email:  Barry.Disney@usdoj.gov
Cell:  (202) 924-4861