**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-123-PLF** |
| | : | |
| **VITALI GOSSJANKOWSKI,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**TO CONTINUE TRIAL DATE AND DEADLINES**

Seeking to postpone his jury trial, Defendant Vitali Gossjankowksi asks this Court to continue the January 4, 2023 jury trial citing an unspecified need to "consult with experts" (ECF 91). Because the defendant has failed to provide a compelling reason to grant his motion, the Court should deny the same.

**BACKGROUND**

On January 17, 2021 a federal grand jury indicted the defendant for committing and attempting to commit an act to obstruct, impede and interfere with a law enforcement officer in violation of 18 U.S.C. § 231(a)(3); assaulting, resisting or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b); entering and remaining in any restricted building or grounds with a deadly and dangerous weapon in violation of 18 U.S.C § 1752(a) and (b)(1)(a); and for violent and disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2). ECF 10. On November 10, 2021, a superseding indictment charged the defendant with the same crimes as set forth in the Indictment but with surplus language removed from Counts Four and Five. ECF 41.

During a status conference held on July 21, 2022, this Court, among other matters, directed the parties to file a joint status report on August 3, 2022 to inform the Court if the case

would be resolved by a plea agreement or a trial, and of any proposed trial date. Unable to reach

an agreement on the wording of a joint status report, the United States filed its own report

requesting an April, 2023 trial date and the tolling of the Speedy Trial Act. ECF 55. The defense

then filed a status report stating that it deferred to the Court as to a trial date and objected to the

exclusion of time under the STA. ECF 56:2.

On August 4, 2022, the United States moved this Court to exclude time under the STA or

in the alternative to set the case for trial within the time the STA requires. ECF 57. In response,

on August 11, 2022, the defense objected to the exclusion of time under the STA and requested

that a January, 2023 trial date be scheduled, noting:

> "The main dispute in this simple assault case arises from the government's
> perception of approximately five seconds (or less) of pixelated Go-Pro video
> footage, which it significantly doctored and modified before showing to the grand
> jury. Mr. Gossjankowski is the sole defendant and all charges arose from events
> on one single day. This is not a multi-defendant conspiracy case taking place over
> a term of years."[1]

ECF 61.

On August 15, 2022, this Court denied the United States' motion to exclude time under

the STA, set the jury trial for January 4, 2023, and established deadlines for motion and

responses leading up to the jury trial. ECF 63.

On October 26, 2022, a joint status report was filed with the Court and both sides

represented to the Court, without qualification,  that they were ready to proceed to trial on

January 4, 2023. Although the defense noted that it needed additional time to consult with

possible expert witnesses it only requested until November 16, 2022 to disclose any expert

---

[1] Gossjankowski's identification of the assault as the "main dispute" in the case is in accord with
his counsel's representations made at the July 21, 2022 status conference that he accepts
responsibility for his conduct, would like to plead guilty, and would be willing to plead to Counts
One, Four, or Five of the operative indictment. ECF 56. (See also ECF 60).

witnesses. ECF 91. Accordingly, on October 26, 2022, this Court ordered the parties to disclose experts by November 16, 2022. ECF 95.

On November 16, 2022 the defendant filed a motion to continue the January 4, 2022 jury trial claiming counsel "recently learned" of "critical issues" that requires the consultation and retention of experts and requested that the January 4, 2023 trial date be continued as well as the November 16, 2023 deadline for expert witness disclosure.  The defendant, however, did not request a continuation of the evidentiary hearing set for December 14, 2022. ECF 97.

### LEGAL ANALYSIS AND ARGUMENT

Scheduling a jury trial is a burdensome task requiring the scheduling of witnesses, lawyers, and juror at the same place at the same time. As such, once a date has been set it should not be moved unless there is a compelling reason to support a continuance. See, e.g. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "A trial judge enjoys great discretion in ruling on a motion for a continuance," and such rulings are reviewed only to determine "whether the judge clearly abused his discretion." *United States v. Poston,* 284 U.S. App. D.C. 125, 902 F.2d 90, 96 (D.C. Cir. 1990).

Among the factors to be weighed by a court in considering a motion for a continuance are: the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; [and] whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature. *United*

*States v. Gantt*, 329 U.S. App. D.C. 287, 294, 140 F.3d 249, 256 (1998) (quoting

*United States v. Burton,* 189 U.S. App. D.C. 327, 584 F.2d 485, 490-91 (D.C. Cir. 1978)

(footnotes omitted).

The defendant's motion provides no details to allow this Court to determine that the

requested delay is for compelling reasons. The defendant has not identified the "issues" nor

explained how they are "critical." Further, the motion does not inform the Court on when the

issues were discovered. Ostensibly, since the defendant announced on October 26, 2022 he was

ready to proceed to trial, ECF 91, the defense learned of these "critical issues" after this

announcement, but the motion provides no insight on when this would have occurred. Lastly, the

defendant has offered no explanation on what has been done in an effort to consult with an

expert since learning of the "critical issue."[2]  In other words, what did the defendant do between

the date he learned of the critical information and the November 16, 2022 deadline? Without this

information this Court is without the ability to find the defendant's motion is supported by

compelling reasons.

Lastly, a continuance of the jury trial date until April, 2023 will greatly inconvenience the

current prosecution team. Counsel for the government have arranged their schedules to

accommodate the January, 2023 trial date requested by the defendant. Although counsel for the

United States was originally available for a jury trial in April of 2023, this is no longer the case

as one member of the prosecution team is now scheduled for a four-month trial commencing in

April of 2023.

**CONCLUSION**

---

[2] Despite the claim that there are critical issues that need to be explored, the defendant does not request a continuation of the December 16, 2022 evidentiary hearings on the suppression motions.

For these reasons, the United States' request that this Court deny the defendant's motion to continue the January 4, 2023 jury trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ Barry K. Disney
       Barry K. Disney
       KS Bar No. 13284
       Assistant United States Attorney – Detailee
       U.S. Attorney's Office for the District of Columbia
       601 D Street, N.W.
       Washington, D.C. 20530
       Email:  Barry.Disney@usdoj.gov
       Cell:  (202) 924-4861