UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| v.                             ) | No. 21-cr-123 (PLF) |
| ) | |
| VITALI GOSSJANKOWSKI,          ) | |
| ) | |
| Defendant                  ) | |
| _____) | |

### REPLY TO GOVERNMENT'S OPPOSITION TO
### MOTION TO CONTINUE TRIAL DATE AND DEADLINES

Vitali GossJankowski, through counsel, files this reply to the government's opposition (ECF 98) to his motion to continue trial (ECF 97) and respectfully requests that this Honorable Court grant his motion.

The defense has sought to move this case forward as expeditiously as possible, initially requesting a jury trial date earlier than the April 2023 date proposed by the government. The defense has not previously sought to continue trial. However, after the January 2023 trial date was set and after the last agreed-upon joint status report was filed on October 26 (ECF 91), the defense learned new information, including from records obtained this month, that necessitate consultation with experts who will likely be offered as defense witnesses at trial.[1] The defense seeks a continuance of less than two months to allow time for experts to perform necessary work and provide disclosures required by the Federal Rules of Evidence so that the government can respond and any contested legal issues can be resolved in advance of trial. The government has not identified any inconvenience or prejudice it would suffer were this Court to grant the request

---

[1] If the Court seeks more detailed information about the focus of the defense's investigation and the experts the defense is consulting, the defense is of course willing to provide that information to the Court *ex parte* in whatever format the Court prefers.

1

to set trial in February.

The government relies upon *United States v. Gantt*, 140 F.3d 249 (D.C. Cir. 1998), in which the court held that the district court did not abuse its discretion in denying a request for continuance of the trial date by new defense counsel. In *Gantt*, the defense attorney filed the motion to continue *three days* before the trial date, whereas here the defense has made the request *seven weeks* before trial. In addition, there, the Court learned that prior defense counsel had complete discovery, provided all the files and discovery to new counsel, and was prepared to go trial on the original trial date. *Gantt*, 140 F.3d at 256. Here, discovery is still outstanding,[2] dispositive motions are still pending, and the defense must investigate and consult with experts about newly-discovered information. The defense is requesting a continuance of less than two months in order to be prepared for trial and provide effective representation of Mr. GossJankowski.

Here, unlike in *Gantt*, the defense needs to consult with additional experts based on new information it learned after October 26th. Upon learning the new information, the defense determined that additional experts are needed to perform necessary analysis and began to contact possible experts. There is simply not sufficient time in advance of the current trial date to complete the consultation process, particularly given the upcoming holidays. The government has reported that it is waiting for the defense to notice experts in order to decide whether it will call experts for trial. To ensure there is enough time for expert disclosures and time to litigate any potential objections in advance of the current trial date, the defense is seeking to move the

---

[2] To date, the government has not disclosed the evidence from Mr. GossJankowski's electronic devices that it has retained, including his three laptop computers, despite its insistence that the devices contain evidence that it may use at trial. *See* Mot. to Suppress and Return Property at 3, ECF 72-2; Reply at 1, 6–7, ECF 90.

trial date.  Undoubtedly, an expert witness, if needed, is an essential part of a defense.  *See Williams v. Martin*, 618 F.2d 1021, 1025 (4th Cir. 1980) ("There can be no doubt that an effective defense sometimes requires the assistance of an expert witness. This observation needs little elaboration. .... Moreover, provision for experts reasonably necessary to assist indigents is now considered essential to the operation of a just judicial system."); *see also Paine v. Massie*, 339 F.3d 1194, 1201-02 (10th Cir. 2003) (remanding; defense counsel's failure to offer expert testimony on Battered Woman Syndrome to support self-defense claim could be found ineffective given the jury's likely misconceptions about battered woman syndrome); *Schell v. Witek*, 218 F.3d 1017, 1029-30 (9th Cir. 2000) (en banc) (failure to call expert fingerprint witness could be found to have prejudiced petitioner given significance of this issue to the case).

The factors set forth in *Gantt* favor granting the short continuance requested by the defense.  Importantly, the government has identified no prejudice it will suffer by proceeding with trial in February – only noting that one of its counsel is scheduled to be in trial two months later in April.  Prior to this request the defense has not sought to continue a previously-scheduled trial date.  In fact, the defense made every effort to resolve this case short of trial altogether and then sought a trial date on the Court's soonest availability, four months earlier than that proposed by the government.  The purpose of the pending request for a short continuance is by no means dilatory, purposeful, or contrived.  The defense does not seek to delay trial any longer than absolutely necessary.  The defense has been working diligently to prepare for trial and only makes this request in order to ensure that all viable defenses are adequately investigated and presented to the jury and that all evidentiary issues may be resolved in advance of trial so that trial can proceed efficiently.  Were the motion denied and trial to proceed in January, Mr. GossJankowski would be substantially prejudiced because the defense would be unable to

present testimony and evidence crucial to Mr. GossJankowski's defense.

Without receiving analysis from additional experts, the defense will fail to present information critical to Mr. GossJankowski's defense. As stated in its motion, the defense consents to exclusion of Speedy Trial Act time between the date of this motion and the newly-set trial date because the time is needed to adequately prepare for trial. The defense's request for a short continuance of the trial date is reasonable and necessary under the circumstances. The defense is available to participate in a status hearing or conference call at a time of the Court's choosing should the Court wish to discuss the motion further.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Ubong E. Akpan
Celia Goetzl
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500