```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
THE UNITED STATES OF AMERICA,
                                      Criminal Action No.
            Plaintiff,                1:21-cr-00123-PLF-1
                                      Thursday, April 29, 2021
vs.                                   12:06 p.m.

VITALI GOSSJANKOWSKI,

            Defendant.
- - - - - - - - - - - - - - - - x
_____
                  TRANSCRIPT OF STATUS CONFERENCE
          HELD BEFORE THE HONORABLE PAUL L. FRIEDMAN
                    UNITED STATES DISTRICT JUDGE
_____
APPEARANCES:


For the United States:      CARA ANNE GARDNER, ESQ.
                            DOJ-USAO
                            555 4th St NW
                            Washington, DC 20001
                            (202) 252-7009
                            cara.gardner@usdoj.gov


For the Defendant:          CELIA GOETZL, ESQ.
                            UBONG AKPAN, ESQ.
                            FEDERAL PUBLIC DEFENDER FOR D.C.
                            625 Indiana Avenue, NW
                            Suite 550
                            Washington, DC 20004
                            (202) 208-7500
                            celia_goetzl@fd.org


Court Reporter:             Lisa A. Moreira, RDR, CRR
                            Official Court Reporter
                            U.S. Courthouse, Room 6718
                            333 Constitution Avenue, NW
                            Washington, DC  20001
                            (202) 354-3187
```

```
 1                      P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  Okay.  This is Criminal
 3    Action 21-123, United States vs. Vitali Gossjankowski.  For
 4    the United States, I have Ms. Cara Gardner.  For the
 5    defendant, I have Ms. Ubong Akpan and Ms. Celia Goetzl.  Our
 6    ASL interpreter today is Mr. Jeremy Brunson, and our court
 7    reporter today is Ms. Lisa Moreira.  All parties are
 8    present.
 9              THE COURT:  Okay.  So where do we stand?
10              MS. GARDNER:  Your Honor, good afternoon; Cara
11    Gardner on behalf of the United States.
12              So I think, where my understanding of where we are
13    right now, is that we're asking for a 60-day continuance.
14    We are asking that the speedy trial clock be tolled in the
15    interests of justice, as I filed in the motion, and my
16    understanding is that the defense doesn't object to the 60-
17    day continuance and the tolling, but they do object to the
18    reason for the tolling.
19              THE COURT:  Is that why we're having this status
20    conference?
21              MS. GARDNER:  I believe there's some more things
22    that the defense would also like to talk about, including --
23    my understanding is the main issue is the return of the
24    defendant's computers.  The issue there is that -- so we
25    have some computers that the government has obtained
```

1    pursuant to a search warrant, and the defense wants at least
2    one of the computers.  I'm not sure -- they haven't
3    specified exactly which one that they want yet, but they
4    want one of those computers returned in order to make it
5    easier to communicate with their client.
6              The government does not oppose returning a
7    computer as long as we have a stipulation in place that
8    basically says if we were to use the evidence at trial
9    and the defense were to object to the authenticity in some
10   way of the evidence, that we -- basically waiving that we
11   don't -- that what we have is a true and authentic copy.
12   And the only way for us to be able to prove that it is a
13   true and authentic copy is if we have the original; so if we
14   returned the original, we wouldn't be able to prove that.
15             So for us to return the computer, we need that
16   stipulation, and the defense has objected to that
17   stipulation.
18             THE COURT:  Can't you just download everything
19   from the computer and then give them the computer back?
20             MS. GARDNER:  So we have downloaded everything
21   from the computer, and we're willing to return it, but the
22   problem is that if we use that evidence at trial and they
23   say, "Well, that's not actually an authentic copy of what
24   was on the computer," the only way that we can prove that it
25   actually is an authentic copy of what was on the computer is

1    if we have the original computer.  If we give away that
2    original computer, then you can't prove that.
3            So we're asking that they waive that objection,
4    and the defense has said that they're not willing to waive
5    that objection.
6            THE COURT:  Okay.
7            MS. GOETZL:  Your Honor, if I may?
8            THE COURT:  Ms. Goetzl.
9            MS. GOETZL:  The government seems to be -- and
10   this isn't aimed at this specific government prosecutor.
11   This is something that the U.S. Attorney's Office is
12   holistically attempting; to request a stipulation as to the
13   authenticity and admissibility of evidence from basically
14   data that is on electronic devices in return for the
15   electronic devices back.  The government appears to be
16   confused about its evidentiary burden at trial and how it
17   goes about admitting digital evidence at trial.
18           But in this case, Mr. Gossjankowski was given his
19   phone back because agents and the government acknowledged
20   that it is impossible for him to communicate without a
21   screen.  Right now it is virtually impossible for us to
22   communicate effectively with Mr. Gossjankowski.
23           THE COURT:  What are you objecting to?
24           MS. GOETZL:  In the stipulation?
25           THE COURT:  Yes.

1              MS. GOETZL:  The stipulation asks us to certify or
2     stipulate that the evidence that's been extracted from the
3     device -- so, in this case, the computer -- is an authentic,
4     true, accurate copy of what was extracted from the computer
5     and also extracted by reliable methods.
6              We have no idea what the extraction is, and we
7     have no idea what's on --
8              THE COURT:  Well, then they're going to have to
9     keep the computer, okay?  You can't have it both ways.  You
10    know, it's a piece of evidence.
11             Get another computer.  Do what you have to do.  If
12    you're not going to stipulate and make their job harder,
13    then you're out of luck.
14             MS. GOETZL:  Your Honor, respectfully --
15             THE COURT:  File a motion.  I mean, I'm not --
16             MS. GOETZL:  I will.
17             THE COURT:  You know, if you are throwing up all
18    these roadblocks so that you can preserve these objections,
19    then you don't get the computer back.  Get another computer.
20             MS. GOETZL:  Your Honor, we're not saying that the
21    evidence is inaccurate.  We're just saying we can't
22    stipulate to something we haven't seen.
23             THE COURT:  Well, then go watch them download it.
24    You be a witness.  Then stipulate.
25             MS. GOETZL:  They will -- respectfully, they don't

```
 1    need -- all they need --
 2              THE COURT:  Well, you file a motion, Ms. Goetzl.
 3              MS. GOETZL:  Will do.
 4              THE COURT:  You file a motion.  I'm not going to
 5    force anybody to stipulate to anything.  They've got the
 6    burden of proof.  You figure out what you're going to do
 7    here.
 8              And I have to say I'm frustrated with both
 9    lawyers.  At the 11th hour you move to continue.  At the
10    12th hour you come back and say no, forget it, we don't want
11    to continue.  And, you know, you all have filed a motion to
12    continue at least 24 hours beforehand.
13              And as for the government, I don't need an eight-
14    page motion to continue.  I need a one-page motion to
15    continue.  And I will never sign the proposed order that you
16    submitted.  I haven't in other cases; I won't in this case.
17    So give me a one-page motion to continue -- tell your office
18    that's all I want -- and a one-page standard order, interest
19    of justice.  Don't give me subsections for the foregoing
20    reasons.  I'll decide the reasons.
21              And, you know, I was very frustrated with both of
22    you last night.  It's not the way you practice law.
23              If you want a continuance, decide 24 hours in
24    advance.  And I don't need, at 7:00 at night, to read an
25    eight-page motion to ask for a continuance, which was
```

```
 1    apparently unobjected to until it was.
 2              MS. GOETZL:  Your Honor, I apologize on behalf of
 3    the defense.  I did not read the motion -- the proposed
 4    motion carefully enough and did not realize -- I thought it
 5    was a motion to toll speedy trial.  I did not realize that
 6    it had a request to continue the status hearing in it.
 7              THE COURT:  Well, that's what the title of it was.
 8              MS. GOETZL:  I see that now, and I apologize for
 9    the oversight.
10              This case -- the defense believes that it's very
11    important to hold status hearings, because of the
12    communication difficulties that we're having right now with
13    our client, to keep him apprised of the status of the case
14    with a certified legal interpreter present.
15              THE COURT:  I understand. It's not like you to
16    not read things closely, Ms. Goetzl.
17              And my wrath is not addressed to
18    Mr. Gossjankowski.  It's only addressed to the lawyers.
19              So I think where we are is if you can't work
20    something out, Ms. Goetzl will file an appropriate motion so
21    that I understand her legal position as to why stipulation
22    doesn't work in this case.
23              If you can work something out, I urge you to do so
24    because Mr. Gossjankowski is not the ordinary defendant.
25    He's got issues that make the availability of his computer
```

```
 1    much more important to him than to most of us.
 2                So I don't know the answer, whether there's
 3    some area of agreement that you can reach.  And if not, if
 4    Ms. Goetzl will file a motion, and Ms. Gardner will respond
 5    promptly, I'll resolve it promptly.
 6                So that having been said, do you -- Ms. Goetzl,
 7    are you in agreement with 60 days, or do you think that a
 8    status conference sooner would help move things along and
 9    help your ability to communicate with your client?
10                MS. GOETZL:  I think that 60 days is probably fine
11    because the government did provide us finally with some
12    discovery yesterday and has indicated that it is going to
13    make efforts to provide us with discovery, which we had not
14    received until yesterday.  However, 45 may be better to
15    resolve the property issue.
16                THE COURT:  Okay.  Well, let me suggest some
17    possible dates when I'm available, and then we can be
18    somewhere between 45 and 60.
19                I'm available 9th, 10th, 11th of June, and then I
20    may not be available again until the week of the 28th.  Or
21    the morning of the 14th; 9th, 10th, 11th or 14th.
22                MS. GOETZL:  Your Honor, we would request that
23    week in June, if the government is available.
24                THE COURT:  Okay.
25                MS. GARDNER:  Those dates work fine for the
```

1    government.
2              THE COURT:  Okay.  Thursday, can we do it at noon
3    or after?  June the 10th.
4              MS. GARDNER:  That's fine for the government.
5              THE COURT:  What time is good for everybody?
6              MS. GOETZL:  Noon is fine for the defense as well.
7              THE COURT:  Okay.
8              MS. GARDNER:  I'd ask for afternoon, if that's
9    possible.  I have another meeting that's exactly at noon.
10             THE COURT:  Is 2:00 all right, or do you want it
11   later?
12             MS. GARDNER:  That's a great time.  2:00 p.m. is
13   great.  Thank you.
14             THE COURT:  Okay.  2:00 on June the 10th.
15             As to speedy trial, I take it you're willing to
16   waive speedy trial but for different reasons, Ms. Goetzl.
17             MS. GOETZL:  That's correct, Your Honor.  We have
18   discussed, as best we can, with Mr. Gossjankowski his rights
19   under the Speedy Trial Act, and we agree that time is
20   excludable to allow us to review discovery and prepare a
21   defense in this case.  We had not received any meaningful
22   discovery until yesterday, so now that we have discovery, we
23   have no opposition to a continuance.
24             THE COURT:  Does the government have a problem
25   with my -- after I talk with Mr. Gossjankowski -- tolling

1    the running of the Speedy Trial Act in the interests of
2    justice on the basis that time is needed to review discovery
3    and prepare a defense?
4            MS. GARDNER:  No objection, Your Honor.  Thank
5    you.
6            THE COURT:  Okay.  Now, let me ask
7    Mr. Gossjankowski through the interpreter.
8            Mr. Gossjankowski, do you understand that you have
9    a right to a speedy trial?
10           THE DEFENDANT:  Yes, I understand that.
11           THE COURT:  And, Mr. Gossjankowski, are you
12   willing to give up that right to a speedy trial between now
13   and June the 10th so that your lawyers can review with you
14   the material -- the discovery that they're getting from the
15   government and talk about strategy for preparing a defense?
16           THE DEFENDANT:  I'm guessing that's fine.
17           THE COURT:  Okay.  Thank you.
18           I find it's in the interests of justice to toll
19   the running of the Speedy Trial Act between now and June the
20   10th so that discovery can be reviewed and the defense can
21   be prepared.
22           Let me also ask Ms. Gardner -- and I don't know
23   whether Mr. Gossjankowski would at any point be interested
24   in considering a plea, but I've understood from other
25   hearings that plea offers have begun in misdemeanor cases

1    but not in felony cases, and what's your prognosis in terms
2    of when you and your office is going to be thinking about
3    that?
4            MS. GARDNER:  So that's correct, Your Honor, and I
5    wish I had a clear answer.  The only information that I've
6    been given is I don't currently have authority to offer a
7    felony plea offer, and I haven't been told when.
8            I do know that there are discussions higher up the
9    chain, and I wish that I had a clear date, but I'm sorry, I
10   do not.
11           THE COURT:  Okay.  I mean, I understand that the
12   government is trying to be fair and treat similar cases
13   similarly and all of that, and that that takes some
14   coordination and thinking and planning.  And, again, I don't
15   know whether Mr. Gossjankowski would be interested in a
16   plea.
17           And the good news is that he's not locked up; he's
18   out on bond.  And so it's less urgent then with some of the
19   other defendants.
20           So I don't -- is Mr. Sidbury or anybody from
21   pretrial on this call?  I gather that --
22           THE COURTROOM DEPUTY:  No, Judge, they're not on
23   the call.
24           THE COURT:  Okay.  I gather there were some
25   problems early on in complying with conditions, but over the

1    last few weeks Mr. Gossjankowski has been checking in with
2    pretrial.  So I'll just remind him to comply, follow all the
3    conditions, and then everything should be fine.
4             And if you've got any questions or problems or
5    concerns, just be in touch with your lawyers, and they will
6    give you the best advice.  Okay?
7             THE DEFENDANT:  Okay.
8             THE COURT:  Great.
9             Anything else anybody wants to raise?
10            MS. GARDNER:  Nothing from the government, Your
11   Honor.  Thank you.
12            MS. GOETZL:  The defense would just ask, in terms
13   of the motions that the government has just filed, for the
14   protective order and the motion filed today under 6(e), for
15   two weeks to respond to those motions.
16            THE COURT:  Just a second.  What are the two
17   motions?  I've seen one.  I don't know that I've seen two.
18   There are two pending motions --
19            MS. GOETZL:  There are --
20            THE COURT:  There are two pending motions?
21            MS. GOETZL:  There are -- there is a pending
22   motion for protective order, and there is a pending motion,
23   which I was unable to open before the hearing, but it
24   relates to the grand jury motion to -- a grand jury motion
25   of some sort.  We would just ask for two weeks to respond so

1    that we can evaluate those.
2             THE COURT:  Well, I don't have a problem with
3    giving you the time, but let me ask this question:  I was
4    under the impression that the U.S. Attorney's Office and the
5    Federal Public Defender had finally, after much negotiation,
6    reached an agreement on protective orders.  Is there a
7    problem?
8             MS. GOETZL:  Your Honor, yes, I was involved
9    in that negotiation.  This case poses some challenges
10   because of the difficulties in reviewing discovery and
11   screen-sharing with Mr. Gossjankowski.  It also raises
12   some questions of what evidence exactly is relevant to
13   Mr. Gossjankowski that would be deemed sensitive or highly
14   sensitive under the protective order in this case.
15            He was never in the Capitol building.  He was
16   outside the whole time.  So it's just -- we need to evaluate
17   exactly what evidence would be falling under the protective
18   order for him specifically, and we ask for two weeks to take
19   that on seeing we just received discovery.
20            THE COURT:  Fine with me.  Anything you want to
21   say about that, Ms. Gardner?
22            MS. GARDNER:  Nope.  I don't have anything to say
23   about that.  I'm fine with litigating it.
24            THE COURT:  Okay.  And if she opposes, you'll have
25   time to reply.  Of course, I mean, the concern -- the

1    problem, I guess, is that it may wind up delaying some
2    discovery, but you have to do what is best in your client's
3    interest.
4             All righty.  Anything else?
5             MS. GOETZL:  Not on behalf of the defense, Your
6    Honor.  Thank you.
7             THE COURT:  Okay.
8             THE COURTROOM DEPUTY:  So you're granting the two
9    weeks for defense counsel to respond to those motions?  Are
10   you going to set any dates?
11            THE COURT:  Let's do that.
12            THE COURTROOM DEPUTY:  Okay.
13            THE COURT:  Today is the 29th of April.  Two weeks
14   would be the 13th.  So how about the 14th to respond to the
15   two pending motions?
16            And government, do you want a week to reply, or
17   more than a week?
18            MS. GARDNER:  I'd ask for two weeks.
19            THE COURT:  All right.
20            MS. GARDNER:  If I can get it sooner, I will, but
21   just in the event that I need two weeks.
22            THE COURT:  All right. Up to April 14th for
23   Ms. Goetzl and up until April 28th for Ms. Gardner, and if
24   either of them can move it along faster than the other one,
25   it will move it along faster, too.

1          Okay.  Anything else?

2          Okay.  Thank you.  See you in June.

3          MS. GARDNER:  Thank you, Your Honor.

4          MS. GOETZL:  Thank you.

5          THE COURT:  Take care.

6          (Whereupon the hearing was

7           concluded at 12:25 p.m.)

8

9          **<u>CERTIFICATE OF OFFICIAL COURT REPORTER</u>**

10

11          I, LISA A. MOREIRA, RDR, CRR, do hereby

12   certify that the above and foregoing constitutes a true and

13   accurate transcript of my stenographic notes and is a full,

14   true and complete transcript of the proceedings to the best

15   of my ability.

16     **NOTE:**  This hearing was held during the COVID-19

17   pandemic stay-at-home restrictions and is subject to the

18   technological limitations of court reporting remotely.

19          Dated this 6th day of January, 2023.

20

21

22                              <u>/s/Lisa A. Moreira, RDR, CRR</u>
                                Official Court Reporter
                                United States Courthouse
23                              Room 6718
                                333 Constitution Avenue, NW
24                              Washington, DC 20001

25