UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-123-PLF |
| | : | |
| VITALI GOSSJANKOWSKI, | : | |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT**

Pursuant to the Court's order at the January 17, 2023 hearing, the parties hereby submit this joint status report regarding jury selection. The parties have met and conferred regarding a proposal for the voir dire process.

The defense proposes that the Court provide a written questionnaire to jurors using the procedures employed by Judge Chutkan in *United States v. Alford*, 21-cr-263 TSC. In that case, the parties provided proposed questions to the Court and the Court prepared a questionnaire that was provided to jurors on the first day of jury selection. The parties were given the opportunity to review the questionnaire responses before individual voir dire commenced on the next day. The defense contends that this approach is necessary for the reasons identified in its change of venue motion, among them that most D.C. residents were directly impacted by the events of January 6 and many are likely predisposed to convict (as demonstrated by the government's approximately 20-0 record in January 6 jury trials). A more fulsome voir dire process is therefore necessary to assure that a fair and impartial jury can be selected in this case. Having consulted with counsel for Mr. Alford, the defense understands that the questionnaire responses permitted counsel to make

more informed inquiries during voir dire, resulted in several cause strikes, and yielded information important to exercising peremptory strikes. The parties can submit proposed questions for such a questionnaire earlier than the existing February 17, 2023 deadline for proposed voir dire questions if necessary. In addition, the defense believes that given the nature of this case, Mr. GossJankowski's connection to Gallaudet University, and the likelihood that trial will last as much as two weeks, an additional 20 people should be added to the standard venire.

The government's position is that the use of a written questionnaire is unnecessary. The government is unaware of any circumstance that sets this case apart from other January 6 cases that have gone to jury trial or of any pretrial publicity that has focused exclusively and repeatedly on this defendant. As set forth in the response to the motion for change of venue, other January 6 cases have been able to select a jury without undue expenditure of time or effort. ECF 75 at 25. Further, the defendant's proposal requires a two-day jury selection process with the first day only being used to answer a questionnaire. Such a process places an undue hardship on potential jurors. Lastly, the defendant has not identified any area that is so sensitive that it could not simply be asked in open court. Inquiry into the juror's attitudes towards the events of January 6, how they were impacted, or if they know the defendant are not the type of questions that will elicit answers of a sensitive nature and are no different than voir dire questions asked any other routine jury trial. A written questionnaire is unnecessary.

      Respectfully submitted,

      MATTHEW M. GRS
      UNITED STATES ATTORNEY
      D.C. Bar No. 481052

By:    */s/ BARRY K. DISNEY*
      Barry K. Disney

2

Trial Attorney, Capital Case Section
Detailee – Capitol Siege Division
Kansas Bar No. 13284
U.S. Department of Justice
1331 F. St. NW, Suite 6000
Washington, D.C. 20005
202-305-4367 (office)
202-924-4861 (cell)
Barry.Disney@usdoj.gov


A. J. KRAMER
FEDERAL PUBLIC DEFENDER

   /s/
Ubong E. Akpan
Celia Goetzl
Edward Smock
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004
(202) 208-7500