UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-123 (PLF) |
| | ) | |
| VITALI GOSSJANKOWSKI, | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

### OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO LIMIT CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES AND CROSS-MOTION IN LIMINE TO PRECLUDE DISCUSSION OF THE VICE PRESIDENT'S "FAMILY"

Mr. Vitali GossJankowski, through counsel, hereby opposes the Government's Motion in Limine to Limit Cross-Examination of Secret Service Agency Witnesses ("Gov't MIL"), ECF 92, and moves in limine to preclude the government from discussing and presenting evidence or argument about the Vice President's "family" at trial.

### BACKGROUND

The government seeks to preclude Mr. GossJankowski from cross-examining Secret Service witnesses about:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; [and]

2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

Gov't MIL at 2.

In its motion, the government states that it "may call a witness from the Secret Service to testify that, at the time of the Capitol breach, Secret Service agents were on duty to protect Vice President Michael Pence and his two immediate family members, all of whom were present at

1

the Capitol," referring repeatedly the Vice President's "family." *Id*. at 2, 4 n.1.

## ARGUMENT

I.   **The Court Should Deny the Government's Pretrial Motion and Not Restrict Mr. GossJankowski's Confrontation Rights at Trial.**

As a threshold matter, Mr. GossJankowski does not intend to question Secret Service witnesses about "general protocols about relocation" or general "protective details." Gov't MIL at 4. Defense counsel intends to ask case-specific questions. Thus, defense counsel might, for example, seek to question about where former Vice President Pence was (or was not) relative to Mr. GossJankowski at specific times on January 6. Such evidence is relevant to elements of Counts Four and Five (§ 1752 restricted area charges).

In addition, Mr. GossJankowski maintains that there must be some nexus between the area that is "posted, cordoned off, or otherwise restricted" and the Vice President. The "number or type of assigned agents" to Vice President Pence on January 6, 2021, is directly relevant to the parameters of what part(s) of the Capitol grounds were "posted, cordoned off, or otherwise restricted" in connection with the Vice President. Mr. GossJankowski never entered the Capitol building. Therefore, the government must prove that the West Terrace on the outside of the Capitol building was "restricted" within the meaning of the statute.

Also, to the extent that it seeks to preclude any information about any details of the location of former Vice President Pence, its request should be denied as it was previously denied by the court in *United States v. Griffin*, 21-cr-92 (TNM), ECF No. 92. In *Griffin*, the government sought a similar exclusion and the court ruled that the defense was permitted to probe the USSS witness as to the location of Mike Pence and that any security related concern by the government did not override the defendant's sixth amendment rights. *Id.* (citing *United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness is to the

2

government's case, the more important the defendant's right….to cross-examine the witness)). *See also U.S. v. Thomas Webster*, 21-cr-208 (APM), ECF No. 75 (allowing defense to cross-examine USSS about location of former Vice President at the times relevant to the defendant's charges). As the court in *Griffin* explained, this information is directly relevant to whether or not the defendant was entering or remaining in a restricted area where the Vice President was temporarily visiting. An attempt to preclude cross-examination on that point would violate Mr. GossJankowski's Sixth Amendment right to confront the witnesses against him.

Mr. GossJankowski should not be foreclosed from cross-examining any Secret Service witnesses about information that has become public knowledge in the wake of January 6. For example, it has been widely reported that, after his evacuation from the Senate Chamber, Vice President Pence was first moved to his office and then into a parking garage/bunker underneath the Capitol grounds. Photos of these moments have been published by the media and the National Archives was ordered to turn the photographs over to the House select committee investigating January 6. Given that this information is readily available to the public, the government cannot realistically argue that cross-examination into these areas would raise any security concerns.

No *in camera* proceeding or pretrial evidentiary ruling are necessary or warranted. The government will have ample opportunity at trial to object to irrelevant questions or otherwise impermissible witness responses.

If the government wants to object to cross examination questions asked of a government official, it can and should do so at trial in open court, and the Court can rule on the objection at that time.

II.   **The Court Should Preclude the Government from Presenting Evidence and Argument About the Former Vice President's "Family."**

As explained in the Reply in Support of Motion to Dismiss Restricted Area Charges Under 18 U.S.C. § 1752(a) (Counts Four and Five), ECF 80 at 2, the indictment in this case does not charge anything about the Vice President's "family":

> To the extent that the government now relies on "two other Secret Service protectees (members of the Vice President's immediate family)," ECF 77 at 7, the indictment does not charge that "members of the Vice President's immediate family" were "temporarily visiting" the Capitol or its grounds when Mr. GossJankowski is alleged to have violated § 1752. The government cannot amend the Grand Jury's indictment through a pleading. In addition, the government has failed to identify the family members, so it is unclear whether any such individuals were "temporarily visiting" within the meaning of the statute. And, in any event, the entire Capitol building and grounds were not "posted, cordoned off, or otherwise restricted" on January 6, 2021 because of any of the Vice President's unidentified family members. Therefore, the Vice President's unidentified family members are not a valid basis for the alleged violations of § 1752 here and the Court should reject the government's attempt to inject any such family member into this case on the eve of trial.

In denying Mr. GossJankowski's motion to dismiss, the Court did not address this issue. *See* Op. & Order at 5–12, ECF 103.

The Secret Service's duty to protect the former Vice President's family is therefore wholly irrelevant to this case and any evidence on this topic should be excluded under Federal Rule of Evidence 402 ("Irrelevant evidence is not admissible."). Moreover, the issue of whether the Vice President—who is the sole Secret Service protectee identified in the operative indictment, ECF 41—was "temporarily visiting" the U.S. Capitol is a factual issue for the jury to decide. Injecting unidentified family members, with respect to whom the government has provided zero discovery, will mislead the jury and confuse the issues. It would encourage the jury to convict without a unanimous jury finding of proof beyond a reasonable doubt that former Vice President Pence was "temporarily visiting" the U.S. Capitol. Thus, the Court should

4

exclude any evidence on this topic under Federal Rule of Evidence 403.

## CONCLUSION

For the foregoing reasons, and for any other reasons set forth at a hearing on this motion or in supplemental pleadings, and that this Court may deem just and proper, the Court should deny the government's motion and preclude the government from presenting any evidence and argument at trial about the former Vice President's family members.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Ubong Akpan
Celia Goetzl
Edward Smock
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

5