UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-123 (PLF) |
| | : | |
| **VITALI GOSSJANKOWSKI,** | : | |
| | : | |
| Defendant. | : | |

**REPLY IN SUPPORT OF UNITED STATES' MOTION IN LIMINE
REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Reply in Support of its Motion *in Limine* Regarding Cross-Examination of United States Secret Service Witnesses (ECF No. 92).

In its motion *in limine*, the government sought to limit the defendant's cross-examination of Secret Service witnesses at trial with respect to two well-defined areas:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur;

2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

ECF No. 92 at 2.

As to these two areas—the sole areas of inquiry identified in the government's motion—the defendant offers no substantive response. Indeed, the defendant affirmatively disclaims any intent to inquire about "'general protocols about relocation'" (which comprise the first area of inquiry identified above and in the government's motion) or "general 'protective details'" (which comprise the second area of inquiry identified above and in the government's motion). ECF No.

118 at 2. Because the defendant has failed to mount any substantive opposition on the two areas of inquiry actually identified in the government's motion, the Court should grant the motion.

The defendant instead devotes much of his response (ECF No. 118 at 2-3) to discussing a hypothetical limitation on cross-examination that the government did *not* request: a supposed limitation on inquiring about the location within the Capitol or its grounds where the Vice President was taken during the riot on January 6, 2021. As the defendant observes (ECF No. 118 at 2-3), that location has already been disclosed in the trial of another January 6 rioter. *See United States v. Cuoy Griffin*, ECF No. 105 at 222-223, No. 21-cr-00092-TNM (D.D.C.). For that reason, the government has not sought—and does not seek—to preclude the defendant from eliciting the same information at trial in this case. The defendant's discussion of that issue is, therefore, beside the point.

Having detoured into areas outside the scope of government's motion *in limine*, the defendant detours from his detour to announce that he "maintains that there must be some nexus between the area that is 'posted, cordoned off, or otherwise restricted' and the Vice President." ECF No. 117 at 2. In addition to being irrelevant to the government's narrow motion (for the reasons noted above), the defendant's assertion fails on the merits. The statutory definition of "restricted building or grounds" in 18 U.S.C. § 1752 requires proof of two—and only two— elements: (1) that the trespass area was "posted, cordoned off, or otherwise restricted"; and (2) that "the President or other person protected by the Secret Service [was] or [would] be temporarily visiting" the building or grounds that included the restricted area. For purposes of the "restricted buildings or grounds" element, therefore, the plain terms of Section 1752 do not require that the restricted area be cordoned off, set off with barriers, or demarcated in any particular way. Much less does Section 1752 require that the area be manned by Secret Service agents or the protectee's

detail.  It is enough that the area be restricted in *some* fashion.  It follows that, while the presence of signs, cordons, barriers, police officers, or Secret Service agents can—and does—prove that the area surrounding the Capitol was indeed restricted, the *absence* of any particular means of demarcation or of any Secret Service agents in any particular location at any particular time does not tend to disprove the same element.  Nothing about the number or type of agents assigned to Vice President Pence on January 6, 2021—not even the complete absence of Secret Service agents on the West Terrace—could logically help the defendant's apparent claim that the West Terrace was not within "restricted area."  Inquiry into those irrelevant issues should therefore be prohibited, especially considering the high likelihood that it could confuse the jury.  *See* Fed. R. Evid. 403.

Finally, the defendant purports to "cross-mo[ve]" to preclude evidence and argument about the former Vice President's "family," asserting that "the indictment in this case does not charge anything about the Vice President's 'family.'"  ECF No. 118 at 4-5.  The defendant's claim is procedurally flawed and substantively meritless.  Start with procedure.  If the defendant wished to preclude evidence regarding the Vice-President's family, he should have filed a motion *in limine* within the time prescribed by the Court—*i.e.*, by January 18, 2023.  *See* ECF No. 104 ("On or before January 18, 2023, the parties shall file any additional motions in limine and Daubert motions.").  The defendant failed to do so.  The defendant cannot now circumvent the time limitations ordered by this Court by repackaging his belated motion *in limine* as a "cross-motion."

More fundamentally, the defendant's claim lacks merit.  Assume, *arguendo*, that the government could not, under variance principles, base its case *exclusively* on the presence of the Vice-President's family within the restricted area.  Even then, evidence that the Vice-President's family was within the Capitol grounds on January 6 would still be relevant: especially in combination with evidence that the Vice-President and his family arrived and left in the same

motorcade, evidence of the Vice-President's family's presence would strongly support the inference that the Vice-President was also present within the restricted area. For that reason as well, the defendant's claim should be rejected.

Dated February 8, 2023.                Respectfully submitted,

                                       MATTHEW M. GRAVES
                                       United States Attorney
                                       D.C. Bar No. 481052

                            By:        */s/ Francesco Valentini*
                                       FRANCESCO VALENTINI
                                       D.C. Bar No. 986769
                                       BARRY KENT DISNEY
                                       KS Bar No. 13284
                                       Trial Attorneys
                                       United States Department of Justice, Criminal Division
                                       Detailed to the D.C. United States Attorney's Office
                                       601 D Street NW
                                       Washington, D.C. 20530
                                       (202) 598-2337
                                       francesco.valentini@usdoj.gov

                                       ADAM M. DREHER
                                       Assistant United States Attorney
                                       MI Bar No. P79246
                                       601 D. St. NW
                                       Washington, D.C.  20530
                                       (202) 547-1706
                                       adam.dreher@usdoj.gov