UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-123 (PLF) |
| | : | |
| VITALI GOSSJANKOWSKI, | : | |
| | : | |
| Defendant. | : | |

**REPLY IN SUPPORT OF UNITED STATES' MOTION *IN LIMINE*
REGARDING USCP CAMERA MAP AND SPECIFIC LOCATIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Reply in Support of its Motion *in Limine* Regarding Evidence About the Specific Locations of U.S. Capitol Police Surveillance Cameras (ECF No. 93).

In its motion *in limine*, the government sought to preclude the defendant from (i) offering into evidence maps produced in discovery which display the locations of the surveillance cameras operated by the USCP within the Capitol grounds and building; and (ii) eliciting testimony regarding the exact position of such cameras. In response, the defendant represents that he "has no intention of presenting the camera map at trial or questioning witnesses about the exact location of the surveillance cameras." ECF No. 118 at 1. For that reason alone, the Court should grant the government's motion.

None of the defendant's passing attempts to resist that result has merit. Having disclaimed any intention to introduce or elicit the evidence at issue, the defendant nonetheless asserts, without explanation, that he cannot "foreclose the possibility" that the evidence "will become relevant on cross-examination." ECF No. 118 at 1. But the defendant cannot defeat the government's and USCP's legitimate security concerns by ipse dixit. If the defendant had any colorable basis to

believe that the evidence might become important to his case, he should have articulated that basis in his opposition to the government's motion. He has failed to do so. The proper course, therefore, is to grant the government's motion, subject, as always, to reconsideration in the unlikely event that the government's presentation at trial opens the door to the precluded evidence.

The defendant's remaining assertions are also meritless, both procedurally and substantively. The defendant purports to "object[] to the government's presentation of … CCTV footage" that does not depict him as "irrelevant to this case" and unduly prejudicial.[1] But a response to an opponent's motion *in limine* is not an appropriate vehicle to raise a party's own evidentiary objections. To the extent the defendant's objection adds anything to the arguments the defendant has raised elsewhere (*see* ECF No. 107 at 5-6), this Court should therefore not consider it.

More fundamentally, the defendant's claim fails on the merits. The grand jury has charged the defendant with, among other offenses, civil disorder, in violation of 18 U.S.C. § 231(a)(3). To obtain a conviction under Section 231(a)(3), the government must prove, *inter alia*, that the January 6 attack on the Capitol constituted a "civil disorder"—*i.e.*, a "public disturbance involving acts of violence by assemblages of three or more persons, which cause[d] an immediate danger of or results in damage or injury to the property or person of any other individual," 18 U.S.C. § 232(1). Section 231(a)(3) therefore plainly requires proof of the actions of third parties—a

---

[1] The defendant asserts that he "appears on footage from only one single CCTV camera." ECF No. 118 at 1. In fact, he appears in footage from two USCP cameras, as the defendant presumably knows from the video clips provided in case-specific discovery. Furthermore, defense counsel has had access to the near totality of USCP surveillance footage, which the government has made available in global discovery.

showing to which the USCP surveillance footage is critical.[2]  The actions of the defendants' fellow rioters on January 6 are, therefore, not merely relevant, but *central* to the government's case.  Other judges have overruled similar objections in other January 6 cases.  *See*, *e.g.,* Trial Tr. 7, *United States v. Vargas-Santos*, No. 1:21-cr-47 (RDM) (D.D.C. Dec. 7, 2022) (Moss, J.) (explaining that a compilation video of USCP footage was admissible, even in portions that did not depict the defendant, because "placing [the defendant's] actions in the context of everything else that was going on that day, and everything else that the Capitol Police were dealing with that day to try and maintain control of the Capitol" was "not only relevant, but a significant aspect of the Government's case.").[3]  This Court should reach the same conclusion in this case.  *See also* ECF No. 115 at 3-6 (providing additional reasons).

Finally, the defendant asserts that he should be permitted to "question witnesses about the *lack* of video footage of him in certain areas."  ECF No. 118 at 1 (emphasis added).  But the government's motion *in limine* does not seek to preclude such testimony.  It merely asks the Court to preclude the defendant from introducing into evidence the camera maps and eliciting testimony about the cameras' specific locations.  The Court can therefore decide the government's motion *in limine* without considering the extraneous issue raised by the defendant.  If the Court considers the issue, however, it should reject the defendant's position.  The purported absence of surveillance cameras at any given location does not make any of the facts relevant to the trial—*i.e.*, whether the defendant engaged in the charged conduct with the requisite mens rea—any more or less

---

[2]  The same is true of at least two other offenses charged in the indictment—18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D)—both of which require proof of disorderly and disruptive conduct.

[3]  Because the transcript from *Vargas-Santos* is currently restricted on Pacer, the government is providing it to the Court and defense counsel by email.

probable.  Nor is the purported absence of surveillance cameras at some locations otherwise of consequence in the determining the action.  The defendant's line of inquiry therefore fails the Federal Rules of Evidence's basic relevance test.  *See* Fed. R. Evid. 401.  And any asserted probative value would be substantially outweighed by the danger of confusing the issues and the jury.  *See* Fed. R. Evid. 403.  If the defendant attempts to pursue this line of inquiry at trial, the Court should preclude it.

Dated February 8, 2023.                     Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

By:  */s/ Francesco Valentini*
      FRANCESCO VALENTINI
      D.C. Bar No. 986769
      BARRY KENT DISNEY
      KS Bar No. 13284
      Trial Attorneys
      United States Department of Justice, Criminal Division
      Detailed to the D.C. United States Attorney's Office
      601 D Street NW
      Washington, D.C. 20530
      (202) 598-2337
      francesco.valentini@usdoj.gov

      ADAM M. DREHER
      Assistant United States Attorney
      MI Bar No. P79246
      601 D. St. NW
      Washington, D.C.  20530
      (202) 547-1706
      adam.dreher@usdoj.gov