UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-123 (PLF) |
| | ) | |
| VITALI GOSSJANKOWSKI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**REPLY IN SUPPORT OF MOTIONS *IN LIMINE*
TO PRECLUDE CERTAIN EVIDENCE AT TRIAL**

Vitali GossJankowski, through counsel, hereby replies to the government's response, ("Gov't Opp'n"), ECF No. 115, to his motion *in limine* ("Def. MIL"), ECF No. 107, to preclude certain evidence at trial. For the reasons below, the government's arguments are unavailing and the Court should grant Mr. GossJankowski's motions.

**ARGUMENT**

**I.  Video Audio Is Not Relevant and Highly Prejudicial.**

The government notes that "it appears GossJankowski, to a degree, had" the ability "to perceive sound or volume," and argues that audio evidence is relevant to "elements the government must prove objectively—i.e., not as perceived by the defendant," such as "proof that a 'civil disorder' occurred" and "proof that the official proceeding was, in fact, obstructed." ECF No. 115 at 10–11. According to the government, "what other rioters said, screamed, and chanted" is relevant to those "objective" elements. *Id*. at 11.

First, the existence of a general level of sound is not relevant, and Mr. GossJankowski would stipulate that a general level of loud sound existed. There is no dispute that Mr. GossJankowski could not understand anything that was being said or yelled around him. The

1

government's claim that what was "said, screamed, and chanted" is necessary to prove that a civil disorder occurred and a proceeding was obstructed is incorrect. Proof of a "civil disorder" requires proof of actual physical conduct causing danger of or resulting in actual injury to property or persons. *United States v. Williams*, No. 21-cr-618 (ABJ), Final Jury Instructions at 26, ECF No. 122. What people said or yelled cannot prove physical conduct. Obstruction does not require proof that an official proceeding was obstructed. Rather, it requires proof that *the defendant* attempted to or did obstruct or impede an official proceeding, that *the defendant intended* to obstruct or impede the official proceeding, that *the defendant acted* knowingly, and that *the defendant acted* corruptly. *Id*. at 28. As it is undisputed that Mr. GossJankowski could not understand what was being said and screamed around him, that evidence is in no way relevant to the obstruction charge. Instead, audio evidence presents incendiary remarks that Mr. GossJankowski never perceived that will confuse jurors as to the key issues at trial and prejudice them against him.

**II.     The Government's Video Exhibits of Other Rioters—Including its 22-Minute Video Montage—Are Irrelevant and Highly Prejudicial.**

The government proffers vague and conclusory assertions that video exhibits of other rioters—that do not show Mr. GossJankowski at all—"are relevant and not unduly prejudicial" with a limiting instruction. ECF No. 115 at 6.

While the defense agrees that Mr. GossJankowski's "knowledge of the collective riot bears on his mens rea for each of the charged offenses," *id*. at 3, the government does not explain how videos of "other rioters throughout the Capitol building and grounds," *id*. at 5, are probative of Mr. GossJankowski's knowledge. They are not. While the "mob's collective action" may be relevant, it is only relevant to the extent that Mr. GossJankowski observed it or was aware of it. Therefore, the relevance of videos of other rioters is entirely contingent upon the government's

first showing that Mr. GossJankowski was aware of those particular actions of the other rioters.

The government will not be able to show at trial that Mr. GossJankowski knew in even the most general sense what individuals in locations other than the Upper West Terrace were doing. Without that knowledge, there is no nexus to the allegations and thus the evidence is irrelevant and must be excluded. Fed. R. Evid. 401. Even if there were some probative value to what others were doing—and there is none—the evidence is so untethered from Mr. GossJankowski's alleged conduct that it invites confusion, a high risk of misleading the jury about the issues before them, and undue prejudice by mere association to Mr. GossJankowski. Fed. R. Evid. 403.

The government's suggestion that a limiting instruction will cure any prejudice is meritless. Without the necessary nexus to Mr. GossJankowski, it is impossible to conceive of a limiting instruction—other than instructing the jury to disregard all video evidence that has nothing to do with Mr. GossJankowski—that will properly focus the jury's consideration and prevent untoward prejudice. The Court should therefore bar any video evidence showing other individuals at "all locations of the Capitol building and grounds" unless and until the government can first demonstrate that Mr. GossJankowski's knew contemporaneously of the events and conduct depicted and thereby demonstrate a nexus to Mr. GossJankowski.

"Evidence of actions of other rioters at all locations of the Capitol building and grounds" is not relevant to prove a civil disorder was occurring or that it interfered with a federally protected function. ECF No. 115 at 5. Rather, the government must show Mr. GossJankowski was aware of the civil disorder. Videos of random parts of the Capitol building and grounds and random individuals that Mr. GossJankowski did not know about or personally observe do not contain relevant evidence.

3

As discussed above, the government does not have to prove an official proceeding was actually obstructed.  With respect to the charge of aiding and abetting the § 1512 offense, the only conduct of other rioters that is relevant is solely that of which Mr. GossJankowski was aware.

Lastly, the government fails to explain how the specific exhibits challenged are relevant.  Specifically, the government does not explain why or how Exhibit 1 is relevant to proving civil disorder or obstruction starting at minute marker 1:30 (Def. MIL at 4); why or how Exhibit 6 is relevant to proving civil disorder or obstruction after minute 2 (Def. MIL at 4); or why or how Exhibit 15 is relevant to proving civil disorder or obstruction after minute 3 (Def. MIL at 5).  With respect to Exhibits 1 and 15 (Def. MIL at 4–5), the government does not proffer any relevance for the subtitles, live comments, and tweets.  ECF No. 115 at 11–12.  And there are none.  None of the subtitles, live comments, or tweets are relevant to Mr. GossJankowski and could be easily redacted so as not to prejudice and confuse the jury.

Similarly, the government does not address with any particularity its 22-minute video montage.  Mr. GossJankowski appears in this video for only 15 seconds (from minute marker 18:00 to 18:15).  The government does not explain why any other part(s) of this video are relevant or what, specifically, they are relevant to.  The only purpose of this montage video is to impermissibly inflame the passions of the jury and provide a skewed perspective of Mr. GossJankowski's actual alleged conduct.  Admission of such evidence would allow the jury to superimpose the conduct of others—of which Mr. GossJankowski was unware—on him.  This montage video is a compilation of the most inflammatory recordings of the entire day and should be excluded.

4

### III.     Exhibits 18 and 19 Are Inaccurate, Altered, And Inadmissible.

The Federal Rules of Evidence provide that duplicates are admissible "unless … the circumstances make it unfair to admit the duplicate.'" Fed. R. Evid. 1003.  A duplicate is "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." Fed. R. Evid. 1001(e).  The government recognizes that Exhibit 18 is a copy of a video recorded in 360 degree view "that is *not* a 360 [degree] view." ECF No. 115 at 13 (emphasis in original).  As a result, it is distorted.  It is not the original, nor is it an accurate reproduction of the original.

With respect to Exhibit 19, the government erroneously conflates two issues – enlargements and alterations.  In Exhibit 19, the government has not merely enlarged or enhanced original video footage – the government has substantially *altered* it.  Exhibit 19 is not an accurate reproduction of the original because it contains, *inter alia*, added marking red circles that are not in the original.  *See Fed. Trade Comm'n v. Williams, Scott & Assocs. LLC*, No. 1:14-CV-1599-HLM, 2015 WL 12856779, at *2 (N.D. Ga. Nov. 4, 2015), *aff'd*, 679 F. App'x 836 (11th Cir. 2017) ("The Court agrees with the FTC that this exhibit is inadmissible because it is a partial copy, not a duplicate original, and the pages are out of order" and was thus inadmissible.).  Contrary to the government's assertion, Exhibit 19 is not simply a clip from Exhibit 18 but is an alteration of Exhibit 18.  This alteration was done by law enforcement in anticipation of litigation.  *See United States v. Ramos*, No. 2:05 CR 20084, 2007 WL 9662735, at *2 (W.D. La. Dec. 28, 2007) (granting government's motion *in limine* where records were not business records and were prepared in anticipation of litigation).  The government has provided no information or explanation of the modifications, or the methods or processes used, nor has it noticed any video expert who might be qualified to explain the modifications to this Court pretrial or to a jury at

trial.  Therefore, the video cannot be authenticated and is not admissible.  *Snyder v. Tiller*, 2010 WL 3522580, at *7 (N.D. Ind. Aug. 30, 2010).

The government's reliance on *United States v. Beeler*, 62 F. Supp. 2d 136 (D. Me. 1999), is misplaced.  In that case, background noise was eliminated.  Here, simply put there is no subtraction but additional elements, namely the markings and duplications.  The video exhibit here differs from a significant way from what was discussed in *Beeler* and, there, the evidence was not admitted until after the court heard testimony about the video from a "visual enhancement expert" at a pretrial evidentiary hearing.  *Id*. at 149.  "Of crucial importance in the present case is the fact that 'tampering' ha[s] unquestionably occurred:" the government used an unidentified, unnoticed expert to alter the original "to produce something more likely to persuade the jury of [Mr. GossJankowski]'s guilt."  *Bryant v. State*, 810 So. 2d 532, 538 (Fla. 2002).  *See also Payne v. Myers*, 2016 WL 3884169, at *6 (N.D. Ok. Jan. 21, 2016) (barring, as overly prejudicial and confusing under Rule 403, the plaintiff "from playing short, repetitive clips of the precise moment of contact between Officer Myer's foot and Payne's face").  The Court should bar the government from introducing this exhibit at trial.

## CONCLUSION

For the foregoing reasons, and for any other reasons set forth at a hearing on this motion or in supplemental pleadings, and that this Court may deem just and proper, the Court should grant Mr. GossJankowski's motions *in limine*.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Ubong E. Akpan
Celia Goetzl
Edward Smock
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500