UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 21-cr-123 (PLF) |
| | ) | |
| **VITALI GOSSJANKOWSKI,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## REPLY IN SUPPORT OF CROSS-MOTION *IN LIMINE* TO PRECLUDE DISCUSSION OF THE VICE PRESIDENT'S "FAMILY"

Mr. Vitali GossJankowski, through counsel, hereby replies to the government's response (ECF 121) to his Cross-Motion *in Limine* to Preclude Discussion of the Vice President's "Family" (ECF 117).

First, the government argues that Mr. GossJankowski's motion is time-barred by the motions deadline and accuses the defense of attempting to "circumvent the time limitations ordered by this Court by repackaging his belated motion" as a cross-motion. ECF 121 at 3. Mr. GossJankowski had good cause for not filing his motion at the initial deadline: prior to that deadline, he had no reason to anticipate that the government would be trying to constructively amend the indictment at trial by injecting former Vice President Pence's unidentified "family members" into its case-in-chief. The government already filed a superseding indictment in this case and amended the Secret Service protectee identification. *Compare* Indictment, ECF 10, *with* Superseding Indictment, ECF 41. It did not identify any "family members" as the basis for Count Four or Five. The government has provided no discovery on this issue. And, the defense has already objected to the government's reliance on any such "family members." *See* Def.'s Reply in Support of Motion to Dismiss, ECF 80 at 2 ("To the extent that the government now

1

relies on 'two other Secret Service protectees (members of the Vice President's immediate family),' ECF 77 at 7, the indictment does not charge that 'members of the Vice President's immediate family' were 'temporarily visiting' the Capitol or its grounds when Mr. GossJankowski is alleged to have violated § 1752."). Accordingly, this Court should reject the government's procedural argument.

Second, the government argues that it may base its case in part "on the presence of the Vice-President's family within the restricted area" to "support the inference that the Vice-President was also present within the restricted area." ECF 121 at 3–4. This reasoning is nonsensical and convoluted because under the statute a Secret Service protectee's presence *defines* the restricted area. Evidence of family members would be relevant *solely* to show that these unidentified individuals, rather than or in addition to the former Vice President, *defined* the restricted area. The government elected *not* to charge that in the indictment and *not* to provide any discovery on that issue. The government has had *years* to amend its indictment and to provide discovery on the issue. It has not done so. The Court should not allow the government to nevertheless shoehorn this irrelevant, prejudicial evidence into trial to confuse and mislead the jury on the key issue—for two felony counts charged—of whether the Capitol was "restricted" within the meaning of the statute.

## CONCLUSION

For the foregoing reasons, and for any other reasons set forth at a hearing on this motion or in supplemental pleadings, and that this Court may deem just and proper, the Court should preclude the government from presenting any evidence and argument at trial about the former Vice President's family members.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Ubong Akpan
Celia Goetzl
Edward Smock
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500