UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-123 (PLF) |
| VITALI GOSSJANKOWSKI | |

## PROPOSED JURY INSTRUCTIONS

The parties submit the attached Proposed Jury Instructions, using brackets to indicate options for the Court.  All instructions are from Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release) (the "Redbook"), unless otherwise noted.  The parties respectfully request leave of Court to submit supplemental proposed jury instructions as may be necessary to conform to the evidence introduced at trial.

FOR THE GOVERNMENT:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

/s/ Francesco Valentini
FRANCESCO VALENTINI
D.C. Bar No. 986769
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Detailed to the D.C. U.S. Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 598-2337
francesco.valentini@usdoj.gov

KAREN E. ROCHLIN
DC Bar No. 394447
Assistant United States Attorney
Detailed to the D.C. U.S. Attorney's Office
9 Northeast 4th Street
Miami, Florida 33132

FOR THE DEFENDANT:

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
Ubong E. Akpan
Celia Goetzl
Edward Smock
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

(305) 961-9234
karen.rochlin@usdoj.gov

ADAM M. DREHER
Assistant United States Attorney
MI Bar No. P79246
601 D Street NW
Washington, D.C. 20530
(202) 252-1702
adam.dreher@usa.usdoj.gov

## TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS ................................................................................ 1

1. 102 Preliminary Instruction Before Trial ............................................................. 1

INSTRUCTION DURING TRIAL [IF/WHEN APPLICABLE] ................................... 12

1.204 Witness's and/or Defendant's Use of Interpreter –  Before Witness or Defendant Testifies ................................................................................................................ 12

FINAL JURY INSTRUCTIONS ................................................................................. 15

2.100 Furnishing the Jury with a Copy of the Instructions ................................... 15

2.101 Function of the Court .................................................................................... 16

2.102 Function of the Jury ...................................................................................... 17

2.103 Jury's Recollection Controls ......................................................................... 18

2.104 Evidence in the Case—Judicial Notice & Stipulations ................................ 19

2.105 Statements of Counsel .................................................................................. 20

2.106 Criminal Indictment Not Evidence .............................................................. 21

2.107 Burden of Proof—Presumption of Innocence .............................................. 22

2.108 Reasonable Doubt .......................................................................................... 23

2.109 Direct and Circumstantial Evidence ............................................................ 24

2.110 Nature of Charges Not to Be Considered .................................................... 25

2.111 Number of Witnesses ..................................................................................... 26

2.112 Inadmissible and Stricken Evidence ........................................................... 27

2.200 Credibility of Witnesses .......................................................................... 28

2.207 Police Officer's Testimony ....................................................................... 30

2.208 Right of Defendant Not to Testify [IF APPLICABLE] ........................... 31

2.209 Defendant as Witness [IF APPLICABLE] ............................................... 33

2.310 Transcripts of Recordings [IF APPLICABLE] ........................................ 35

3.101 Proof of State of Mind [with dual-purpose intent instruction appended] .............. 36

2.402 Multiple Counts—One Defendant ............................................................ 38

2.405 Unanimity ................................................................................................ 39

Count One Obstructing Officers During a Civil Disorder (Violation of 18 U.S.C. § 231(a)(3)) ................................................................................................ 40

Count Two Obstruction of an Official Proceeding and Aiding and Abetting (Violation of 18 U.S.C. § 1512(c)(2)) ................................................................... 46

Count Three Assaulting, Resisting, or Impeding Certain Officers  Using a Deadly or Dangerous Weapon (Violation of 18 U.S.C. § 111(a)(1), (b)) .......................... 53

Count Four Entering and Remaining in a Restricted Building or Grounds  with a Deadly or Dangerous Weapon (Violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A)) ....... 59

Count Five Disorderly Conduct in a Restricted Building or Grounds  with a Deadly or Dangerous Weapon (Violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A)) ...................... 63

Count Six Disorderly Conduct in a Capitol Building or Grounds (Violation of 40 U.S.C. § 5104(e)(2)(D)) ................................................................................ 66

2.407 Verdict Form Explanation ........................................................................ 70

2.500 Redacted Exhibits .................................................................................... 71

2.501 Exhibits During Deliberations .................................................................. 72

2.502 Selection of Foreperson ............................................................................ 73

2.505 Possible Punishment Not Relevant ........................................................... 74

2.508 Cautionary Instruction on Publicity, Communication, and Research ................... 75

2.509 Communication Between Court and Jury During Jury's Deliberations.................. 76

2.510 Attitude and Conduct of Jurors in Deliberations..................................................... 77

2.511 Excusing Alternate Jurors........................................................................................ 78


Verdict Form................................................................................End of Document

## PRELIMINARY INSTRUCTIONS

### 1.102
### Preliminary Instruction Before Trial

**Introduction**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Notetaking[1]**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

---

[1] Redbook 1.105

**Proposed Jury Instructions—Page 1**

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**Identity of Alternates[2]**

You have probably noticed that there are [sixteen (16)] of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Defendant's and Certain  Witnesses' Use Of Interpreter**

The defendant will use the services of American Sign Language interpreters in this trial.  Certain witnesses may also use the services of American Sign Language interpreters in this trial.

---

[2] Redbook 1.107

**Proposed Jury Instructions—Page 2**

The interpreters are provided by the court and are a neutral participants in this trial. You should not be biased for or against anyone who uses the interpreters. Do not permit the fact that the defendant or certain witnesses are using the services of interpreters to influence you in any way.[3]

**Standard Preliminary Instructions[4]**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned a criminal Indictment.

The defendant in this case, Vitali GossJankowski, is charged in an Indictment with six crimes relating to his conduct in and near the United States Capitol Building on January 6, 2021. Count One charges the defendant with Interfering with Law Enforcement Officers During a Civil Disorder. Count Two charges the defendant with Obstructing an Official Proceeding. Count Three charges the defendant with Forcibly Assaulting an Officer of the United States with a **Deadly or** Dangerous Weapon. Count Four charges the defendant with Unlawfully and Knowingly Entering and Remaining in a Restricted Building or Grounds **with a Deadly or Dangerous Weapon**. Count Five charges the defendant with Disorderly and Disruptive Conduct in a Restricted Building or Grounds **with a Deadly or Dangerous Weapon**. Count Six charges the defendant with Disorderly Conduct in a Capitol Building or Grounds. The defendant has pleaded not guilty to all charges.

---

[3] Redbook 1.110.

[4] Defense edits and requests are in red throughout this document.

You should understand clearly that the Indictment that I just summarized is not evidence. A criminal indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the Indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. The defendant has been charged with six counts relating to his alleged conduct on January 6, 2021. For each offense, the government must prove beyond a reasonable doubt each of the elements of that offense. These elements will be explained to you at the end of the trial.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorney Adam Dreher and Trial Attorney Francesco Valentini who represent the United States of America. When I mention the defendant or the defense, I am referring either to the defendant Mr. Vitali GossJankowski or his attorneys, Assistant Federal Public Defenders Celia Goetzl, Ubong Akpan, and Ned Smock.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, the defense will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and the defense may have brief re-direct examination. When the defense is finished, the

**Proposed Jury Instructions—Page 5**

government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during

your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

**Proposed Jury Instructions—Page 7**

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with

the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury

service. You must not disclose your thoughts about your jury service or ask for advice on

how to decide any case.

You must decide the facts based on the evidence presented in court and according

to the legal principles about which I will instruct you. You are not permitted, during the

course of the trial, to conduct any independent investigation or research about the case.

That means, for example, you cannot use the Internet to do research about the facts or the

law or the people involved in the case. Research includes something even as simple or

seemingly harmless as using the Internet to look up a legal term or view a satellite photo

of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation.

All parties have a right to have the case decided only on evidence and legal rules that they

know about and that they have a chance to respond to. Relying on information you get

outside this courtroom is unfair because the parties would not have a chance to refute,

correct, or explain it. Unfortunately, information that we get over the Internet or from other

sources may be incomplete or misleading or just plain wrong. It is up to you to decide

whether to credit any evidence presented in court and only the evidence presented in court

may be considered. If evidence or legal information has not been presented in court, you

cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may

result in different jurors basing their decisions on different information. Each juror must

make his or her decision based on the same evidence and under the same rules.

**Proposed Jury Instructions—Page 10**

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

*See* Redbook 1.102.

**INSTRUCTION DURING TRIAL [IF/WHEN APPLICABLE]**

**1.204**
**Witness's and/or Defendant's Use of Interpreter –**
**Before Witness or Defendant Testifies**

I have appointed qualified interpreters to assist [name of witness] [Vitali GossJankowski] during his testimony.  The interpreters will interpret only what is said and will not add, omit, or summarize anything.  The interpreters in this case are [name of interpreter].  The oath will now be administered to the interpreters.

*Oath of Interpreter*

Do you swear or affirm to accurately interpret from English to American Sign Language and from American Sign Language to English to the best of your ability?

*Non-English Testimony*

You are about to hear testimony from [name of witness] [Vitali GossJankowski] who will be testifying in American Sign Language through official court interpreters. Although some of you may know American Sign Language, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation of his/her testimony.

If, however, during the testimony you have a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand.  You should not ask your question or make any comments about the interpretation in the presence of other jurors, or otherwise share your question or concern

with any of them.  I will take steps to see if your questions can be answered and any discrepancy resolved.  If, however, after such efforts a discrepancy remains, you must rely only upon the official English interpretation as provided by the court interpreters and not your own interpretation.

You should also understand that witnesses may nod their heads during interpretation, and that this does not necessarily indicate agreement or an affirmative answer.  It may merely indicate that the witnesses are following the translation.

American Sign Language uses body language and certain facial expressions to convey information in ways that might be misunderstood by those who do not sign or understand this language.  They are integral parts of communicating in American Sign Language, similar to the way that vocal tones and inflections give meaning to spoken words.  You should be cautious about assuming a particular meaning from observing body language or facial expressions.

You should not consider the mere fact that [name of witness] [Vitali GossJankowski] has been provided interpreters in evaluating his/her credibility.  You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken in English.

The fact that the court has provided interpreters to [name of witness] [Vitali GossJankowski] does not mean that the court has made a ruling on the extent of his/her

ability to speak or understand the English language. Use of an interpreter should not be

considered evidence in this case.[5]

---

[5] Redbook 1.204.

# FINAL JURY INSTRUCTIONS

## 2.100
## Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**2.101**
**Function of the Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

## 2.102
## Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**2.103**
**Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**2.104**
**Evidence in the Case—Judicial Notice & Stipulations**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may regard that fact as proven evidence.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**2.105**
**Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**2.106**
**Criminal Indictment Not Evidence**

A criminal indictment is merely the formal way of accusing a person of a crime.
You must not consider the Indictment as evidence of any kind—you may not consider it as
any evidence of Vitali GossJankowski's guilt or draw any inference of guilt from it.

**2.107**
**Burden of Proof—Presumption of Innocence**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Vitali GossJankowski to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Vitali GossJankowski is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, ~~it is your duty to~~ **you must** find Vitali GossJankowski not guilty of that offense.[6]

---

[6] The defense requests a previous version of the Redbook, substituting the words "you must" for "it is your duty to" in the last sentence. The instruction was changed in April 2008, apparently simply to make the language parallel – "duty to find her guilty" and "duty to find her not guilty." However, the responsibilities are not parallel. It is not merely a duty, but an absolute requirement to find Mr. GossJankowski not guilty if the government fails to meet its burden – the jury must find him not guilty. *See United States v. Pierre*, 974 F.2d 1355 (D.C. Cir. 1992) (approving of instruction providing that it was jury's duty to convict if proof beyond a reasonable doubt and must find not guilty if no proof beyond a reasonable doubt).

**2.108**
**Reasonable Doubt**

The government has the burden of proving Vitali GossJankowski guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**2.109**
**Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**2.110**
**Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**2.111**
**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

Defense Objection

Defense objects to this instruction because it makes it seem like a defendant is expected to call witnesses and may confuse the jury regarding the burden of proof. It is not enough to state that the defendant has "no obligation" to produce evidence or testimony; rather, *the burden* is on the government to do so.

**2.112**
**Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**2.200**
**Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

**Proposed Jury Instructions—Page 28**

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**2.207**
**Police Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

Defense Objection

The defense proposes the following instruction:

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

*See* Third Circuit Model Criminal Jury Instruction 4.18, Credibility of Witnesses – Law Enforcement Officer (Feb 2021).

**2.208**
**Right of Defendant Not to Testify [IF APPLICABLE]**

Every defendant in a criminal case has an absolute right not to testify. Vitali GossJankowski has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

<u>Defense Objection</u>

The defense requests the following revisions to the above instruction [if applicable]:

Every defendant in a criminal case has an absolute right not to testify. Mr. GossJankowski, with the advice of his counsel, has chosen to exercise his right to remain silent. You must not hold this decision against him. There are many reasons entirely consistent with innocence for which a person may decide not to testify. It would be improper for you to speculate as to the reason or reasons for his and his counsels' decision and I, therefore, instruct you not to do so. You may not even discuss this matter during your deliberations. Most importantly, you must not draw any inference of guilt from their decisions not to have Mr. GossJankowski testify and not to call witnesses, because he is presumed innocent and remains innocent unless and until the government

proves guilt beyond a reasonable doubt. You must not assume the defendant is guilty

because he chose not to testify.[7]

---

[7] Rather than the limited Redbook instruction, Mr. GossJankowski requests this modified version. The April 2008 revision to the Redbook, while not intending to change the contents of the instruction, modified the language of the instruction to simplify it. However, the modification eliminated critical language that specifically instructed the jury not to consider Mr. GossJankowski's failure to testify ("I, therefore, instruct you not to do so"), and added language that instructs the jury that it must not "assume" guilt based on his failure to testify – leaving open the improper suggestion that some inference may be drawn from his failure to testify. Mr. GossJankowski's proposed instruction is an accurate statement of the law. The Supreme Court has found that the failure to give similar language constituted reversible error. *Bruno v. United States*, 308 U.S. 287, 292 (1939) (requested instruction: "The failure of any defendant to take the witness stand and testify in his own behalf, does not create any presumption against him; the jury is charged that it must not permit that fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner.") (emphasis added); *see also Carter v. Kentucky*, 450 U.S. 288, 294 (1984) (reversible error not to give requested instruction: "The [defendant] is not compelled to testify and the fact that he does not cannot be used as an inference of guilt and should not prejudice him in any way.").

**Proposed Jury Instructions—Page 32**

**2.209**

**Defendant as Witness [IF APPLICABLE]**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

Defense Objection

The defense proposes the following instruction [if applicable]:

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Mr. GossJankowski testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

*See* Third Circuit Model Criminal Jury Instruction 4.28, Defendant's Testimony (Feb 2021).

**2.215**
**Expert Testimony**

Defense requests the following instruction from Matthew Bender, Modern Federal Jury Instructions—Criminal, § 4.08 (2018), Opinion Evidence (Expert Witnesses):

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules. In this case, you heard testimony from [defense experts]. Because of her knowledge, skill, experience, training, or education in the field of [subjects], [defense experts] was permitted to offer opinions in that field and the reasons for those opinions.

The opinions [defense experts] stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.

You may disregard the opinions entirely if you decide that the witness's opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

**2.310**
**Transcripts of Recordings [IF APPLICABLE]**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the recordings to clarify portions of the recordings which are difficult to hear and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

*See* Redbook 2.310.

**3.101**
**Proof of State of Mind[8]**
**[with dual-purpose intent instruction appended]**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate his or her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

While a defendant must act with the intent as I describe below for each charged crime, this need not be the defendant's sole purpose. A defendant's unlawful intent is not negated by the simultaneous presence of another purpose for the defendant's conduct.

<span style="color:red">Defense Objection</span>

---

[8] Redbook 3.101 (first two paragraphs); *United States v. Erik Herrera*, 21-cr-619-BAH, ECF No. 65 (D.D.C. Aug. 18, 2022) (third paragraph regarding dual-purpose intent).  *United States v. Brown*, 934 F.3d 1278, 1307 (11th Cir. 2019); 2 James Fitzjames Stephen, *A history of the Criminal Law of England* 121 (1883) ("[A] man's motives for any given act … are always mixed."); *United States v. Woodward*, 149 F.3d 46, 70 (1st Cir. 1998); *United States v. Bryant*, 655 F.3d 232, 245-46 (3d Cir. 2011) (upholding similar jury instruction); *United States v. Coyne*, 4 F.3d 100, 113 (2nd Cir. 1993).

The defense objects to inclusion of the language, "[y]ou may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or intentionally did not do."  The defense also objects to the last paragraph (the dual-purpose intent instruction).

**2.402**
**Multiple Counts—One Defendant**

Each count of the Indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the Indictment should not influence your verdict with respect to any other count of the Indictment.

**2.405**
**Unanimity**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

**Count One**
**Obstructing Officers During a Civil Disorder**
**(Violation of 18 U.S.C. § 231(a)(3))**

Count One of the Indictment charges the defendant with committing **or attempting to commit** an act to obstruct, impede, or interfere with **a** law enforcement officer~~s~~ lawfully carrying out ~~their~~ **his or her** official duties incident to a civil disorder, which is a violation of federal law. ~~Count One also charges the defendant with *attempting* to commit this offense. I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense.~~

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:     that the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with ~~one or more~~ **a** law enforcement officer~~s~~.

*Second*:   that at the time of the defendant's actual or attempted act, the law enforcement officer ~~or officers were~~ **was** engaged in the lawful performance of ~~their~~ **his** official duties incident to and during a civil disorder.

*Third*:     that the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Proposed Jury Instructions—Page 40**

<u>Defense Objection:</u>

The defense objects to the failure to name a specific law enforcement officer.

The defense objects to the recitation of the third element.  The statute requires that the *defendant's* act or attempted act obstruct, delay, or adversely affect commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.  Under a plain reading of the statutory text, the phrase following the word "which" modifies "any act."  Therefore, the defense requests the following instruction:

*Third*: that the defendant's act or attempt to commit an act in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

**Definitions**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.[9]

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to

---

[9] *See United States v. Thomas Webster,* No. 21-cr-208-APM; *United States v. Douglas Jensen*, No. 21-cr-6-TJK; Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[10]

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[11]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[12]

The term "department" includes executive departments.[13] The Department of Homeland Security, which includes the United States Secret Service, is an executive department.[14]

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.[15]

---

[10] 18 U.S.C. § 232(1); *see also Webster*; *see also Jensen*.

[11] *United States v. Guy Reffitt*, Case No. 21-cr-32-DLF; *see also Webster*; *see also Jensen*; modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021).

[12] 18 U.S.C. § 232(3).

[13] 18 U.S.C. § 6.

[14] 5 U.S.C. § 101.

[15] 18 U.S.C. § 6.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.[16]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

Defense Objections:

1.      The term "civil disorder" is defined in the statute:

The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual. 18 U.S.C. § 232(1).

2.      The term "commerce" is defined in the statute:

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia. 18 U.S.C. § 232(2).

3.      The defense objects to the definition of "department" and the instruction about Homeland Security and the Secret Service.  What constitutes a department and whether the Secret Service constitutes a department are issues of fact for the jury to decide.

---

[16] 18 U.S.C. § 232(7).

**Proposed Jury Instructions—Page 43**

4.      The defense objects to the definition of "agency."   What constitutes an agency is an issue of fact for the jury to decide.

5.      The defense objects to the last paragraph.  It impermissibly resolves a factual issue that the jury must decide.

6.      Section 231(a)(3) provides two separate bases for criminal liability: (1) conduct that in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce; or (2) conduct that obstructs, delays, or adversely affects the performance of any federally protected function.  The defense requests a unanimity instruction as to the third element as follows:

As I just explained, the third element requires the government to prove that the defendant's act or attempted act in any way obstructs, delays, or adversely affects commerce or the movement of any article in commerce, or in any way obstructs, delays or adversely affects the conduct or performance of any federally protected function. The government is not required to prove that the defendant's act or attempted act had both of these effects, but you must each find that it has proved at least one effect beyond a reasonable doubt.

If you find the defendant not guilty of this offense, you will go on to Count Two on the verdict form. If the government has established all three elements beyond a reasonable doubt and you find the defendant guilty of this offense, you will be asked to indicate on the verdict form:

1) whether the jury unanimously agrees that the government has shown that the defendant's act or attempted act obstructed, delayed, or adversely affected commerce; and

2) whether the jury unanimously agrees that the government has shown that the defendant's act or attempted act obstructed, delayed or adversely affected the conduct of a federally protected function.

*See United States v. Williams*, 12-cr-618 (ABJ), Final Jury Instructions, ECF 122 at 27.

**Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal crime even ~~though~~ **if** the defendant did not actually complete the crime of obstructing officers during a civil disorder.

In order to find a defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

*First*:        that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

*Second*:        that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

**Proposed Jury Instructions—Page 45**

With respect to the substantial step element, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruct officers during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.[17]

**Count Two**
**Obstruction of an Official Proceeding and Aiding and Abetting**
**(Violation of 18 U.S.C. § 1512(c)(2))[18]**

Count Two of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law. Count Two also charges the defendant with *attempting* to obstruct or impede an official proceeding and *aiding and abetting others* to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

---

[17] Seventh Circuit Pattern Criminal Jury Instructions; Third Circuit Pattern Jury Instructions 7.01.
[18] Modeled on final jury instructions in *United States v. Reffitt*, No. 21-cr-32 (DLF), ECF No. 119 (D.D.C. Mar. 7, 2022); *United States v. Robertson*, No. 21-cr-34 (CRC), ECF No. 86 (D.D.C. Apr. 8, 2022); *United States v. Thompson*, No. 21-cr-161 (RBW), ECF No. 83 (Apr. 14, 2022); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM), ECF No. 84 (May 27, 2022); *United States v. Williams*, No. 21-cr-377 (BAH), ECF No. 112 (D.D.C. June 30, 2022); *United States v. Bledsoe*, No. 21-cr-204 (BAH), ECF No. 215 (July 21, 2022).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:      that the defendant attempted to or did obstruct or impede an official proceeding.

*Second*:      that the defendant ~~acted with the intent~~ **intended** to obstruct or impede the official proceeding.

*Third*:      that the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

*Fourth*:      that the defendant acted corruptly.

**Definition**

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Two, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

The term "knowingly" has the same meaning that I gave you previously.

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

Defense Objections

1.      Defense objects to "As used in Count Three, the term "official proceeding" means Congress's Joint Session to certify the Electoral college vote." The defense does not agree with this statement, and it is for the jury to determine.

2.      The defense objects to the definition of "corruptly." The definition should be as follows:

To act "corruptly," the defendant must have used an unlawful means or acted with an unlawful purpose and must have had an intent to obstruct[19] and to obtain an unlawful benefit for himself or an associate.[20]

3.      The defense objects to the elements of the offense and submits that the following is an element that must be proven:

To have obstructed, influenced or impeded an official proceeding, you must find that the defendant took some action with respect to a document, record, or other object.[21]

4.      The defense objects to the following language as there is no authority for this and it is an unnecessary instruction:

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or

---

[19] *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF 119 at 25); *see also United States v. Montgomery*, 578 F. Supp. 3d 54, 83 (D.D.C. 2021) ("The predominant view among the courts of appeals is that the 'corruptly' standard  requires at least an 'improper purpose' and an 'intent to obstruct.').

[20] *See Montgomery*, 578 F. Supp. 3d at 75 n.5 (D.D.C. 2021); *see also United States v. Pasha*, 797 F.3d 1122, 1132 (D.C. Cir. 2015) (adopting unlawful-advantage definition); *Reeves*, 752 F.2d at 999; *Marinello v. United States*, 138 S. Ct. 1101, 1114 (2018) (Thomas, J., dissenting) ("'[C]orruptly' requires proof that the defendant not only knew he was obtaining an 'unlawful benefit' but that his 'objective' or 'purpose' was to obtain that unlawful benefit.") (citing 21 AM. JUR. 2D, Criminal Law § 114 (2016)) (emphasis added); BLACK'S LAW DICTIONARY 414 (rev. 4th ed. 1951) ("Corruptly" "generally imports a wrongful design to acquire some pecuniary or other advantage")

[21] *See United States v. Miller*, 1:21-cr-119 (CJN) (ECF 72 at p 28); *United States v. Fischer*, 1:21-cr-234 (CJN) (ECF 64 at 7-8).

impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

**Attempt**

In Count Two, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

*First*:        that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

*Second*:    that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

**Aiding and Abetting**

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count Two.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

*First*:        that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

*Second*:      that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

*Third*:       that the defendant ~~performed an act or acts~~ **acted** in furtherance of the offense.

*Fourth*:      that the defendant knowingly ~~performed that act or acts~~ **acted** for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

*Fifth*:       that the defendant ~~did that act or acts with the intent~~ **intended** that others commit the offense of obstruction of an official proceeding.


Defense Request

The defense requests the following additional instructions:

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by Mr. GossJankowski at the place and time the crime is committed is not by itself sufficient to establish his guilt.

Evidence that Mr. GossJankowski merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense(s) is not enough for you to find Mr. GossJankowski guilty as an aider and abetter. If the evidence shows that Mr. GossJankowski knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Mr. GossJankowski's intent and purpose to aid, assist, solicit, facilitate, or encourage with the offense, you may not find Mr. GossJankowski guilty of the

**Proposed Jury Instructions—Page 51**

offense(s) as an aider and abettor. The government must prove beyond a reasonable doubt that Mr. GossJankowski in some way participated in the offense committed by (name of alleged principal) as something Mr. GossJankowski wished to bring about and to make succeed.

To show that Mr. GossJankowski performed an act(s) in furtherance of the offense(s) charged, to satisfy the third requirement, the government needs to show some affirmative participation by Mr. GossJankowski which at least encouraged (name of alleged principal) to commit the offense.  That is, you must find that Mr. GossJankowski's act(s) did, in some way, aid, assist, facilitate, or encourage (name of alleged principal) to commit the offense(s).  Mr. GossJankowski's act(s) need not further aid, assist, facilitate, or encourage, every part or phase of the offense(s) charged; it is enough if Mr. GossJankowski's act(s) further aid, assist, facilitate, or encourage only one (or some) part(s) or phase(s) (elements) of the offense(s).  Also, Mr. GossJankowski's acts need not themselves be against the law.

*See* Redbook 3.200; Third Circuit Model Criminal Jury Instruction, 7.02 Accomplice Liability (Feb 2021); *See also* Aiding and Abetting, 18 U.S.C. § 2(a).

**Count Three**
**Assaulting, Resisting, or Impeding Certain Officers**
**Using a Deadly or Dangerous Weapon**
**(Violation of 18 U.S.C. § 111(a)(1), (b))**

Count Three of the Indictment charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States, **specifically, M.M.,** who was engaged in the performance of his official duties, which is a violation of federal law. This count additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon, ~~and~~ made physical contact with **M.M.** ~~the person,~~ and acted with the intent to commit another felony.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the **lesser** offense of **forcibly** assaulting, resisting, opposing, impeding, intimidating, or interfering with any officer of the United States who is engaged in the performance of their official duties, ~~and~~ while making physical contact with the victim or acting with the intent to commit another felony. After I give you the elements of these crimes, I will tell you in what order you should consider them.

**Elements of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon (Greater Offense)**

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while using a deadly or dangerous weapon, you must find the following elements beyond a reasonable doubt:

*First*:      that the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police.

**Proposed Jury Instructions—Page 53**

*Second*:          that the defendant did such acts forcibly.

*Third*:          that the defendant did such acts voluntarily and intentionally.

*Fourth*:          that the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer of the United States who was then engaged in the performance of his official duties.

*Fifth*:          that, in doing such acts, the defendant used a deadly or dangerous weapon.[22]

### Elements of Assaulting, Resisting, or Impeding Certain Officers, While Making Physical Contact with the Victim or Acting With the Intent to Commit Another Felony (Lesser Offense)

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while making physical contact with the victim or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

*First*:          that the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police.

*Second*:          that the defendant did such acts forcibly.

---

[22] To prove an offense under Section 111(b), the government does not need to further prove the elements of Section 111(a)'s enhanced penalty provision—"physical contact" or "intent to commit another felony." *See United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021) ("[A] defendant violates § 111(b) by causing bodily injury to a federal officer while committing one or more of the following acts: assault, resist, oppose, impede, intimidate, and interfere."); *United States v. Siler*, 734 F.3d 1290, 1297 (11th Cir. 2013) ("[P]hysical contact is not required as a predicate act or element of § 111(b) so long as acts encompassed in the first separate crime were committed and in doing so the defendant used a deadly or dangerous weapon or inflicted bodily injury.").

*Third*:        that the defendant did such acts voluntarily and intentionally.

*Fourth*:       that the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer of the United States who was then engaged in the performance of his official duties.

*Fifth:*        that the defendant made physical contact with the officer of the United States who was then engaged in the performance of his or her official duties, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One, which is described above.

**Order of considering the charges**

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while using a deadly or dangerous weapon. If you find the defendant guilty, do not go on to the other charge. If you find the defendant not guilty, go on to consider assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while making physical contact with the person or acting with the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.

<span style="color:red">Defense Objections</span>

<span style="color:red">1.      Defense objects to the elements as recited by the government and requests the following elements and instructions:</span>

**Proposed Jury Instructions—Page 55**

First:          that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with M.M.;

Second:         that the defendant acted voluntarily and intentionally;

Third:          that M.M. was an officer or employee of the United States or of any agency in any branch of the United States Government;

Fourth:         that M.M. was engaged in or on account of the performance of official duties when the defendant acted;

Fifth:          that, in acting, the defendant intentionally used a stun gun;

Sixth:          that the stun gun was capable of causing serious bodily injury or death to M.M.;

Seventh:        that the defendant used the stun gun in a manner capable of causing serious bodily injury or death to M.M. [23]

All of the acts—assault, resist, oppose, impede, intimidate and interfere with—are modified by the word "forcibly."  Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that he acted forcibly.  *See United States v. Arrington*, 309 F.3d 40, 44-47 & n. 13 (D.C. Cir. 2002).

If, after careful consideration of all of the evidence, you have a reasonable doubt as to the fifth, sixth, or seventh elements, then you must find the defendant not guilty of this

---

[23] The defense proposal for the sixth and seventh elements is consistent with the definition agreed-to by the government and used in *United States v. McCaughey*, No. 21-cr-40 (TNM), ECF 457, but includes the elements of the offense as contemplated by the D.C. Circuit in *Arrington,* 309 F.3d at 45 (approving element that "the object must be capable of causing serious bodily injury or death to another person and the defendant must use it in that manner.").  In *McCaughey*, No. 21-cr-40 (TNM), the government and the defense agreed to the definition of "deadly and dangerous weapon" used in *United States v. Thomas Webster*, No. 21-cr-208 (APM).  That definition was:  "An object is a deadly or dangerous weapon if it is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. In determining whether the object is a deadly or dangerous weapon, you may consider both the physical capabilities of the object used and the manner in which the object is used."

offense. As you will see on the verdict form, you may then consider whether the defendant is guilty of a lesser included offense of assault with acts involving physical contact with M.M. or assault with the intent to commit the offense charged in Count One.

To find the defendant guilty of a lesser included offense of assault with acts involving physical contact with M.M. or assault with the intent to commit the offense charged in Count One, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:   that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with M.M.;

Second:   that the defendant acted voluntarily and intentionally;

Third:   that M.M. was an officer or employee of the United States or of any agency in any branch of the United States Government;

Fourth:   that M.M. was engaged in or on account of the performance of official duties when the defendant acted;

Fifth:   that defendant's forcible conduct resulted in actual physical contact with M.M., or the defendant's forcible conduct was done with the intent to commit the offense charged in Count One.

Again, all of the acts—assault, resist, oppose, impede, intimidate and interfere with—are modified by the word "forcibly." Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that he acted forcibly. *See United States v. Arrington*, 309 F.3d 40, 44-47 & n. 13 (D.C. Cir. 2002).

As I just explained, the fifth element requires the government to prove that the defendant's forcible conduct resulted in actual physical contact with M.M. or was done with the intent to commit the offense charged in Count One. The government is not

required to prove both, but you must each find that it has proved at least one beyond a reasonable doubt.  If you find that the government has established all five elements beyond a reasonable doubt and you find the defendant guilty of this offense, you will be asked to indicate on the verdict form:

1) whether the jury unanimously agrees that the government has shown beyond a reasonable doubt that the defendant's forcible conduct resulted in actual physical contact with M.M.; and 2) whether the jury unanimously agrees that the government has shown beyond a reasonable doubt that the defendant's forcible conduct was done with the intent to commit the offense charged in Count One.

2.      Section 111(a)(1) is an 8-year felony with two separate bases for liability: 1) if the acts involve physical contact with the victim; or 2) the intent to commit another felony.  It is the defense position that the jurors must be unanimous as to the basis for liability and they should be instructed as such.  *See United States v. Kimes*, 246 F.3d 800, 810 (6th Cir. 2001) (defendant charged with violating § 111 is entitled to a specific unanimity instruction if the defendant's alleged conduct constituted "two separate and distinct offenses").

**Count Four**
**Entering and Remaining in a Restricted Building or Grounds**
**with a Deadly or Dangerous Weapon**
**(Violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A))**

Count Four of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:        that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*:        that the defendant did so knowingly.

*Third*:        that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[24]

---

[24] 18 U.S.C. § 1752(c)(1).

**Proposed Jury Instructions—Page 59**

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.[25]

The term "knowingly" has the same meaning that I gave you previously.

The term "dangerous or deadly weapon" means any object that can be used to inflict severe bodily harm or injury. The object need not actually be capable of inflicting harm or injury. Rather, an object is a deadly or dangerous weapon if it, or the manner in which it is used, would cause fear in the average person.

<u>Defense Objections</u>

1.      The definition of "restricted building or grounds" should be ". . . where a person protected by the Secret Service is temporarily visiting or will be temporarily visiting." *See United States v. Williams*, 21-cr-618, Final Jury Instructions, ECF 122 at 37, 39.

2.      Defense objects to the inclusion of "the immediate family of the Vice President" as the superseding indictment does not include that language.

3.      Defense objects to the government's definition of "Deadly or Dangerous Weapon" which is entirely inconsistent with both binding precedent and with the definition the government has adopted in at least one recent January 6 case in this courthouse. *See United States v. McCaughey*, No 21-cr-40 (TNM), ECF 457.  The

---

[25] 18 U.S.C. §§ 1752(c)(2), 3056.

**Proposed Jury Instructions—Page 60**

government cites no precedent in support of its definition and the defense is aware of none.

      3.    Defense objects to the elements and requests the following instructions:

| | |
|---|---|
| First: | that the defendant knowingly entered or remained in a restricted building or grounds; |
| Second: | that at the time the defendant entered or remained, the building or grounds were posted, cordoned off, or otherwise clearly restricted; |
| Third: | that the defendant knew he was without lawful authority to enter or remain in the restricted building or grounds; and |
| Fourth: | that the defendant, during and in relation to the first, second, and third elements, used or carried a deadly or dangerous weapon. |

The term "restricted building or grounds" means any posted, cordoned off, or otherwise clearly restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting or will be temporarily visiting.

To find the fourth element, that is, that the defendant used or carried a deadly or dangerous weapon, you must find beyond a reasonable doubt that the object was capable of causing serious bodily injury or death to another person and that the defendant carried or used the object with the intent to use it in a manner capable of causing serious bodily

injury or death to another person.  The defendant need not have actually used the object in that manner.[26]

---

[26] *United States v. Robertson*, 2022 WL 2438546, *6 (D.C. Jul. 5 2022) (Cooper, J.) (court instructed jury that the term "deadly or dangerous weapon" meant weapon had to be "capable of causing serious bodily injury or death to another person and the defendant intends that it be used . . . in that manner;" and that "in order for you to find that the [weapon] is a deadly or dangerous weapon, you must find that (1) it is capable of causing serious bodily injury, and (2) the defendant carried it with the intent to use it in a manner capable of causing serious injury. The defendant need not have actually used the stick in that manner.")

**Count Five**
**Disorderly Conduct in a Restricted Building or Grounds**
**with a Deadly or Dangerous Weapon**
**(Violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A))**

Count Five of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:    that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*:    that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*:    that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

*Four*:    that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

**Definitions**

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.  "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "knowingly," "restricted building or grounds," and "dangerous or deadly weapon" have the same meaning that I gave you previously.

Defense Objections:

1.    Defense objects to the elements and requests the following instructions:

First:        that the defendant knowingly engaged in disorderly or disruptive conduct;

Second:     that, at the time of the defendant's conduct, the defendant knew he was in, or in proximity to, a restricted building or grounds;

Third:       that, at the time of the defendant's conduct, the building or grounds were posted, cordoned off, or otherwise clearly restricted;

Fourth:      that the defendant acted with the intent to impede or disrupt the orderly conduct of Government business or official functions;

Fifth:        that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions; and

Sixth:       that the defendant, during and in relation to the disorderly or disruptive conduct, used or carried a deadly or dangerous weapon.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise clearly restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting or will be temporarily visiting.

To find the sixth element, that is, that the defendant used or carried a deadly or dangerous weapon, you must find beyond a reasonable doubt that the object was capable of causing serious bodily injury or death to another person and that the defendant carried or used the object in a manner capable of causing serious bodily injury or death to another person.

**Proposed Jury Instructions—Page 64**

2.      Defense objects to the definition of "disorderly conduct."  Specifically, the language "or interferes with another person by jostling against or unnecessarily crowing that person."  The defense requests the following definitions for disorderly conduct and disruptive conduct, both found in Black's Law Dictionary (8th ed.):

"Disorderly conduct" is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is disorderly conduct in the context of a governmental proceeding.

Alternatively, the defense requests the definitions given in *United States v. Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF 122 at 38:

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person. It may include loud, threatening, or abusive language, disruptive conduct, or acting in a manner as to cause another individual to be in reasonable fear that some harm to their person or property is likely. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety. "Disruptive conduct" is a disturbance that interrupts the normal business or orderly conduct of an event, public activity, or gathering.

## Count Six
## Disorderly Conduct in a Capitol Building or Grounds
## (Violation of 40 U.S.C. § 5104(e)(2)(D))

Count Six of the Indictment charges the defendant with disorderly conduct in a Capitol Building or Grounds, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:        that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Building or Grounds.

*Second*:        that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

*Third*:        that the defendant acted willfully and knowingly.

### Definitions

The term "United States Capitol Buildings or Grounds" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. and its grounds, which includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.[27]

---

[27] 40 U.S.C. § 5102(a).

I instruct you that, for the purpose of Count Six, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020."

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Five defining "disorderly conduct" and "disruptive conduct."

The term "knowingly" has the same meaning that I gave you previously.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

Defense Objections

1.      Defense objects to the definition of "disorderly conduct."  Specifically, the language "or interferes with another person by jostling against or unnecessarily crowing that person."  The defense requests the following definitions for disorderly conduct and disruptive conduct, both found in Black's Law Dictionary (8th ed.):

"Disorderly conduct" is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is disorderly conduct in the context of a governmental proceeding.

Alternatively, the defense requests the definitions given in *United States v. Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF 122 at 38:

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person. It may include loud, threatening, or abusive language, disruptive conduct, or acting in a manner as to cause another individual to be in reasonable fear that some harm to their person or property is likely. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety. "Disruptive conduct" is a disturbance that interrupts the normal business or orderly conduct of an event, public activity, or gathering.

2.       Defense objects to the instruction that "for the purpose of Count Six, 'the orderly conduct of a session of Congress or either House or Congress' includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020." There is no authority for this instruction and this is a factual issue for the jury to determine.

## Mere Presence Instruction

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes with which he is charged.  Mr. GossJankowski must be a participant and not merely a knowing spectator.  Mr. GossJankowski's presence may be considered by the jury along with other evidence in the case.

*See* S3 Modern Federal Jury Instructions-Criminal 5.12

**2.407**
**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**2.500**
**Redacted Exhibits**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

## 2.501
## Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

You will also be provided with a laptop to view the recordings which I have admitted into evidence.  You should not use the laptop for any other purpose.

**2.502**
**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**2.505**
**Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**2.508**

**Cautionary Instruction on Publicity, Communication, and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**2.509**

**Communication Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## 2.510
## Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**2.511**
**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected four seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you four leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**9.100**
**Defendant's Theory of the Case**


(to be provided after all evidence has been presented)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                    No. 1:21-cr-123 (PLF)

VITALI GOSSJANKOWSKI

## GOVERNMENT'S PROPOSED VERDICT FORM

We, the members of the jury, find defendant **Vitali GossJankowski**:

**Count 1:**     **Obstructing Officers During a Civil Disorder**

_____                              _____
Guilty                                         Not Guilty

**Count 2:**     **Obstructing an Official Proceeding**

_____                              _____
Guilty                                         Not Guilty

**Count 3:**     **Assaulting, Resisting, or Impeding an Officer of the United States Using a Dangerous Weapon**

_____                              _____
Guilty                                         Not Guilty

If you have marked Guilty as to Count 3 above, proceed to Count 4. If not, you must consider the following offense:

**Assaulting, Resisting, or Impeding an Officer of the United States, While Making Physical Contact with the Victim or Acting with the Intent to Commit Another Felony**

_____                              _____
Guilty                                         Not Guilty

**Count 4:**     **Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**

_____                          _____
Guilty                                                   Not Guilty


**Count 5:**     **Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**

_____                          _____
Guilty                                                   Not Guilty


**Count 6:**     **Disorderly Conduct in a Capitol Building or Grounds**

_____                          _____
Guilty                                                   Not Guilty


Signed this ___ day of_____, 2022.


_____
Presiding Juror

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cr-123 (PLF)** |
| | ) | |
| **VITALI GOSSJANKOWSKI,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENDANT'S PROPOSED VERDICT FORM

### Count One

I.   How do you find Defendant Vitali GossJankowski on the charge of civil disorder in Count One in the Indictment?

_____ Not Guilty        _____ Guilty

**If you find the defendant Not Guilty as to Count One, go on to Count Two.**

**If you find the defendant Guilty as to Count One, you must respond to the following:**

Does the jury unanimously agree that the government has shown beyond a reasonable doubt that the defendant's conduct obstructed, delayed, or adversely affected commerce?

_____ No        _____ Yes

Does the jury unanimously agree that the government has shown beyond a reasonable doubt that the defendant's conduct obstructed, delayed, or adversely affected the conduct of a federally protected function?

_____ No        _____ Yes

**Verdict of the Jury—Page 1**

**Count Two**

II.     How do you find Defendant Vitali GossJankowski on the charge of obstruction of an official proceeding or aiding and abetting the obstruction of an official proceeding in Count Two of the Indictment?

_____ Not Guilty          _____ Guilty


**Count Three**

III.    How do you find Defendant Vitali GossJankowski on the charge of assaulting, resisting, or impeding M.M. using a deadly or dangerous weapon in Count Three of the Indictment?

_____ Not Guilty          _____ Guilty

    **If you find the defendant Not Guilty as to Count Three, you must respond to the following:**

    How do you find Defendant Vitali GossJankowski on the lesser-included offense of assaulting, resisting, or impeding M.M. resulting in actual physical contact with M.M. or with the intent to commit Count [specify felony]?

_____ Not Guilty          _____ Guilty

    **If you find the defendant Guilty of the lesser-included offense of assaulting, resisting, or impeding M.M. resulting in actual physical contact with M.M. or with the intent to commit Count One, you must respond to the following:**

    Does the jury unanimously agree that the government has shown beyond a reasonable doubt that the defendant's forcible conduct resulted in actual contact with M.M.?

_____ No          _____ Yes

    Does the jury unanimously agree that the government has shown beyond a reasonable doubt that the defendant's forcible conduct was done with the intent to commit Count One?

_____ No          _____ Yes

**Count Four**

IV.    How do you find Defendant Vitali GossJankowski on the charge of entering and
remaining in a restricted building or grounds with a deadly or dangerous weapon in
Count Four of the Indictment?

_____ Not Guilty          _____ Guilty


**Count Five**

V.    How do you find Defendant Vitali GossJankowski on the charge of disorderly and
disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon
in Count Five of the Indictment?

_____ Not Guilty          _____ Guilty


**Count Six**

VI.    How do you find Defendant Vitali GossJankowski on the charge of disorderly conduct in
a capitol building in Count Six of the Indictment?

_____ Not Guilty          _____ Guilty


Signed this _____ day of _____, 2023.


_____
Foreperson


**Verdict of the Jury—Page 3**