UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-123 (PLF) |
| VITALI GOSSJANKOWSKI | |

**JOINT PROPOSED *VOIR DIRE* QUESTIONS**

Pursuant to the Court's November 22, 2022, Order, the parties submit these proposed *voir dire* questions. Where the parties disagree about a particular *voir dire* question, the disagreement is noted after the disputed question. The defense edits and requests are in red.

**Proposed *Voir Dire* Questions**

Knowledge of Case, Attorneys, Jurors, Court Staff, and Potential Witnesses

1. Do you live outside of the District of Columbia?

2. Do you live or work at or near the U.S. Capitol Building?

Defense requests the following additional question and edit:

Do you live or work at or near the U.S. Capitol Building or grounds?

Have you ever attended a protest, rally or demonstration?

3. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

Defense requests the following additional question

Were you, your family, or a close friend affected by the January 6 events at the Capitol, and the responses to it?

Joint Proposed *Voir Dire* Questions—Page 1

4. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021? If yes, approximately how many times have you seen videos, in whole or in part, and from what source (e.g. website, news channel, or social media platforms)?

Defense requests the following additional questions:

a. Have you or a close friend or family member ever worked on Capitol Hill?

b. What, if anything, do you know about the January 6th events at the Capitol?

c. Did you watch live news coverage of the events at the U.S. Capitol on January 6, 2021?

d. Do you have strong feelings—either positive or negative—about the individuals who gathered at the U.S. Capitol on January 6, 2021, in support of then-President Trump, that would prevent you from being a fair and impartial juror in a case involving one such individual?

e. Do you have any impressions or feelings, positive or negative, about how the Department of Justice has been handling the cases arising from the January 6 events that would make it hard for you to be an impartial juror?

f. Do you have any impressions or feelings, positive or negative, toward lawyers defending the people charged with crimes arising from the January 6 events at the Capitol that would make it hard for you to be an impartial juror?

g. Do you follow anyone on any social media platform who regularly reports or comments on the events of January 6, 2021?

h. Have you or a close friend or family member been employed or had any association or connection with the House Select Committee to Investigate the January 6, 2021 events at the U.S. Capitol?

    i. Did you attend, view, or listen to any portion of any Congressional hearing related to the events that occurred at the U.S. Capitol on January 6, 2021?

    j. Are you or a close friend or family member currently employed by or affiliated with the media?

    k. Have you ever been on the Capitol grounds or inside the Capitol building?

    l. Did you have any concern for the safety of yourself, a close friend, or family member on January 6, 2021?

    m. Do you believe that you and/or the residents of Washington, D.C. were personally victims of the events which transpired at the U.S. Capitol on January 6, 2021?

    n. From what you have heard or read, do you think people who were arrested for involvement in the events on January 6, 2021 at the U.S. Capitol are likely guilty of the charges brought against them?

    o. Do you think that merely because someone (besides law enforcement) was present at the Capitol on January 6, 2021, that they are guilty of criminal conduct?

    p. Would your opinion concerning former President Donald Trump or his supporters make it difficult for you to serve as a fair and impartial juror in this case?

    q. Do you have strong feelings about persons who do not accept the results of the 2020 Presidential Election?

    r. Do you think that your political views, or those of your spouse or partner, will affect your service as a juror in this case?

5. Do you know, or are you acquainted with, the defendant in this case, Vitali GossJankowski?

**Joint Proposed *Voir Dire* Questions—Page 3**

6. Have you seen or heard anything in the news or elsewhere about Vitali GossJankowski?

7. Have you ever watched video of this defendant's actions on January 6, 2021, on the news or on the Internet? If yes, approximately how many times have you seen videos of the defendant, in whole or in part, on TV or on the internet?

8. Have you seen or heard anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

9. Do you have such strong personal feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021 that you would be unable to follow my instructions on the law and be a fair and impartial juror in this case?

10. Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election that would impact your ability to be fair and impartial in this case?

11. The defendant, Vitali GossJankowski, is deaf. During trial, he will use the services of an American Sign Language interpreter. Is there anything about the defendant's condition or his use of an interpreter that would prevent you from being able to follow my instructions on the law and being a fair and impartial juror in this case?[1]

12. The government is represented in this case by Assistant United States Attorneys Karen Rochlin and Adam Dreher and Trial Attorney Francesco Valentini, with assistance from paralegal Noah Weko. (Please have them stand and introduce themselves.) Do you know Mr. Dreher, Ms. Rochlin, Mr. Valentini, or Mr. Weko?

<span style="color:red">Defense Requests the following additional question:</span>

---

[1] <span style="color:red">The defense requests and proposes additional questions for Deaf and Hearing Disabilities, which are listed below.</span>

<span style="color:red">The government has also been represented in this case by the following Assistant United States Attorneys -- Barry Disney, Cara Gardner, Kondi Klienman, Tara Ravindra, Jacqueline Schesnol, Michael Romano, and Kaitlin Valliancourt.  Do you know Mr. Disney, Ms. Gardner, Mr. Klienman, Ms. Ravindra, Ms. Schesnol, Mr. Romano, and Ms. Valliancourt?</span>

13. Do you know or are you acquainted with Mathew M. Graves, the United States Attorney for the District of Columbia?

14. Vitali GossJankowski is represented in this case by Assistant Federal Public Defenders Ubong Akpan, Celia Goetzl, and Edward Smock.  (Please have them stand and introduce themselves.)  Do you know Ms. Akpan, Ms. Goetzl, or Mr. Smock?

15. (Introduce courtroom personnel.)  Do you know or are you acquainted with any of these individuals?

16. Are you related to, or acquainted with, any one of the following witnesses which the government may call?  (Please have government read list of witnesses.)

17. Are you related to, or acquainted with, any one of the following witnesses which the defendant may call?  (Please have defense read list of witnesses.)

18. There are many people on this jury panel.  Do you recognize another member of the panel as being a relative, close friend, or associate?

19. I will instruct the jury at the end of the trial that the testimony of a police officer should be treated the same as testimony from any other witness and that the jury should give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer.  Do you have such strong feelings or opinions about police, either positive or negative, that would make it difficult for you to follow this instruction?

Defense Objection:

The question "Do you have such strong feelings or opinions about police, either positive or negative, that would make it difficult for you to follow this instruction?" does not elicit whether a juror would have any bias for or against police officer witness. Instead, the focus of the question is on whether the juror would follow the instruction regardless of his or her bias. Instead, the defense proposes the following questions:

a. There will be testimony from law enforcement personnel in this case. Would the fact that a witness is a police officer or law enforcement agent have any effect at all on whether or not you believe that person's testimony? In other words, would the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe his or her testimony?

b. Do you have negative impressions of law enforcement, such as Metropolitan Police Department or the U.S. Capitol Police, that would make it difficult for you to be an impartial juror in a case involving testimony from those officers?

Presumption of Innocence and Instructions of the Court

20. The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant. While it is a strict and heavy burden, it is not an impossible burden. The government, for example, is not required to prove guilt beyond all doubt. Would you hold the government to a higher burden than beyond a reasonable doubt?

Defense Objection:

The defense disagrees with the minimization of the highest burden of proof in the land. If the Court reads this question, it will signal to the jury that the Court does not agree with the fact that this is the highest burden and that the Court sides with the government.

The defense proposes the following:

The government has the burden of proving Mr. GossJankowski guilty beyond a reasonable doubt, and he is presumed innocent unless and until the government meets that burden. This burden of proof never shifts to Mr. GossJankowski. Would you have any difficulty or hesitation with applying this burden of proof?

Defense requests the following additional questions in this section:

a. There has been an indictment in this case. An indictment is not evidence of a crime. It merely begins a case and is a formal way of presenting the charges. The indictment here informs Mr. GossJankowski, the Court, and the members of the jury of the charge against him. Would the fact that an indictment charged Mr. GossJankowski with a crime lead you to believe that he is guilty or make it difficult for you to apply the presumption of innocence?

b. Because Mr. GossJankowski is presumed innocent, he does not need to testify or offer any evidence. Would you view his decision not to put on a defense as evidence of his guilt?

c. Do you think that the criminal justice system makes it too difficult to prosecute people?

d. Do you currently have an opinion regarding Mr. GossJankowski's guilt or innocence in this case?

21.     All defendants have constitutional right not to testify, and if Vitali GossJankowski decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

<span style="color:red">Defense Objection:</span>

<span style="color:red">This question "Would you have any difficulty following that instruction?" does not elicit whether a juror would have any bias against an individual who does not testify. Instead, the focus of the question is on whether the juror would follow the instruction regardless of his or her bias. Instead, the defense proposes the following question:</span>

<span style="color:red">All defendants have constitutional right not to testify, and if Vitali GossJankowski decides not to testify, I will instruct you that you cannot hold his silence against him in any way. If Mr. GossJankowski does not testify, would you view that as evidence that he is guilty?</span>

22.     Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules. Will you have any difficulty following my legal instructions, whatever they may be?

23.     If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, blogging, Tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

**The next four questions relate to you, members of your immediate family, and close personal friends.**

24. Does anyone in this group (that is, you, members of your immediate family, or close personal friends) work for, or have previously worked for, any law enforcement agency? This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement agencies like the FBI, the Secret Service, the Department of Homeland Security, and the U.S. Capitol Police. It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

<span style="color:red">Defense Request the following:</span>

<span style="color:red">The defense request that the following agencies be included in the definition of law enforcement agency – "U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known as the ATF; the Internal Revenue Service; and the CIA."</span>

25. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever worked in any other part of the criminal justice system? This includes criminal defense, a Public Defender's office, a probation office, or a correctional facility?

26. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever attended law school, worked as a lawyer, worked in a law office, or performed legal investigative work?

27. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been arrested for, charged with, or convicted of a crime, other than traffic violations? If so, did you feel that you or the person involved were treated fairly? Why or why not?

28. Have you, any member of your family or close friend had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

29. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been the victim of or witness to a crime?

30. Have you served on a jury before? If so, was it a civil or criminal case? Did the jury reach a verdict? Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

<span style="color:red">Defense Request:</span>

<span style="color:red">The defense requests these questions in the alternative:</span>

<span style="color:red">a. Have you ever served on a Grand Jury?</span>

<span style="color:red">b. Have you ever served on a trial jury, either in a civil or a criminal case?</span>

<span style="color:red">c. Have you or a close friend or family member previously been called for jury service for a trial related to the events of January 6, 2021?</span>

<span style="color:red">d. Have you had any unpleasant experiences with the police or a prosecutor or other law enforcement, whether here in D.C. or elsewhere? Or any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere?</span>

31. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment. The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any. Would you have difficulty or would you be

**Joint Proposed *Voir Dire* Questions—Page 10**

uncomfortable serving as a juror knowing that you will not have any say in any sentence that I may impose?

    32.    (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing.)  Would any of you be uncomfortable serving as a juror with these safety protocols in place?

    33.    Do you have any vision, language or hearing problems, or health or medical problems that would interfere with your ability to listen carefully and pay attention to the testimony in this case?

    34.    Do you have any difficulty speaking, reading, writing or understanding the English language?

    35.    Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case?

> <u>Defense request:</u>
>
> Do you have any moral, social, political, philosophical, spiritual, religious, or any other creed or belief that would make it hard for you to sit as a juror in this case?

    36.    We expect the presentation of evidence in this case to conclude by the end of next week.  After the close of evidence, the jury will deliberate until it reaches a decision, which may extend into the following week.  Would serving as a juror in this case be an extreme hardship to you?  And by this this, I mean extreme.  Serving on a jury is often inconvenient.  What I am asking is whether serving on this jury would be very difficult to you.

37. My final question is a catchall question. Are there any other reasons that I have not asked about, that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

<u>Defense Request regarding Deafness and Hearing Disabilities</u>

The defense requests that some or all of these questions be asked in the section covering witnesses after question 18 above.

1. Mr. GossJankowski is Deaf and must rely on interpreters to understand what is going on in this trial. He may have two interpreters: one interpreter is an American Sign Language, or "ASL," interpreter. The ASL interpreter can hear and is an English speaker. The other interpreter is Deaf, and called a Certified Deaf Interpreter. A Certified Deaf Interpreter, called a "CDI" for short, is an interpreter who has extraordinary visual-gestural communication skills and abilities by virtue of native Deafness and specialized training. The CDI bridges the cultural and linguistic gap between the ASL interpreter and a Deaf person with limited formalized language or education. The use of the CDI and ASL interpreters occur as a sort of relay where the ASL interpreter listens to the court proceedings and signs to the CDI using American Sign Language. The CDI then relays the message to Mr. GossJankowski using a complex mix of pantomime, gestures, and sign. Both interpreters are equal members of the interpreting team. Mr. GossJankowski will also have an interpreter sitting at his table. This interpreter will interpret communications between Mr. GossJankowski and his lawyers during the trial. Will the use of interpreters in the courtroom make it hard for you to be fair or impartial in this case?

2. Are you Deaf or hard of hearing?

3. Do you have any family member, close friend, or co-worker who is Deaf or has a hearing loss that significantly limits that person's ability to hear?

4. Have you ever had a conversation with a person who is Deaf and uses sign language as a primary or only language?

5. Do you know or have you ever communicated with a Deaf or hard of hearing person who you believe was able to read lips?

6. Some people believe that all Deaf people can read lips. Do you agree with this statement?

7. Do you understand or have the ability to communicate in American Sign Language or any of the hundreds of sign languages that exist in the world?

8. Do you have any family members, close friends, or co-workers who can understand or communicate in American Sign Language or any other sign language?

9. Have you or any family members or close friends had an unpleasant or negative encounter with a person who was Deaf or hard of hearing?

10. Do you have a strong opinion, positive or negative, about Deaf people?

11. Do you or any family members or close friends have a disability?

12. Have you or any family members or close friends ever worked at or attended Gallaudet University?

13. Have you or any family members or close friends ever participated in a program at Gallaudet University?

**Joint Proposed *Voir Dire* Questions—Page 13**

| FOR THE GOVERNMENT: | FOR THE DEFENDANT: |
|---|---|
| MATTHEW M. GRAVES<br>UNITED STATES ATTORNEY<br>D.C. Bar No. 481052 | A.J. KRAMER<br>FEDERAL PUBLIC DEFENDER |
| */s/ Francesco Valentini*<br>FRANCESCO VALENTINI<br>D.C. Bar No. 986769<br>Trial Attorney<br>U.S. Dept. of Justice, Criminal Division<br>Detailed to the D.C. U.S. Attorney's Office<br>601 D Street NW<br>Washington, D.C. 20530<br>(202) 598-2337<br>francesco.valentini@usdoj.gov | _____/s/_____<br>UBONG E. AKPAN<br>Assistant Federal Public Defender<br>625 Indiana Ave., N.W., Suite 550<br>Washington, D.C.  20004<br>(202) 208-7500 |
| */s/ Karen E. Rochlin*<br>KAREN E. ROCHLIN<br>DC Bar No. 394447<br>Assistant United States Attorney<br>Detailed to the D.C. U.S. Attorney's Office<br>9 Northeast 4th Street<br>Miami, Florida 33132<br>(305) 961-9234<br>karen.rochlin@usdoj.gov | _____/s/_____<br>CELIA GOETZL<br>Assistant Federal Public Defender<br>625 Indiana Ave., N.W., Suite 550<br>Washington, D.C.  20004<br>(202) 208-7500 |
| */s/ Adam M. Dreher*<br>ADAM M. DREHER<br>Assistant United States Attorney<br>MI Bar No. P79246<br>601 D Street NW<br>Washington, D.C. 20530<br>(202) 252-1702<br>adam.dreher@usa.usdoj.gov | _____/s/_____<br>EDWARD SMOCK<br>Assistant Federal Public Defender<br>625 Indiana Ave., N.W., Suite 550<br>Washington, D.C.  20004<br>(202) 208-7500 |