UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-123 (PLF) |
| VITALI GOSSJANKOWSKI | |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS
AND/OR SPECIAL VERDICT FORM AS TO COUNT ONE**

Vitali GossJankowski respectfully moves for a bill of particulars as to the identity of the law enforcement officer who was "obstruct[ed], impede[d], and interfere[d]" with "in the lawful performance of his/her official duties," as alleged in Count 1.  *See* Second Superseding Indictment, ECF No. 127 (Feb. 1, 2023).  As written, Count 1 does not allege with sufficient particularity the identity of the law enforcement officer, which Mr. GossJankowski requires in order to understand the charges against him and to prepare a defense.  At a minimum, Mr. GossJankowski requests a special verdict form identifying which particular law enforcement officer was obstructed, impeded, or interfered with.

A court may "direct the government to file a bill of particulars" under Federal Rule of Criminal Procedure Rule 7(f).  A bill of particulars helps to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  *United States v. Butler,* 822 F.2d 1191, 1193 (D.C. Cir. 1987); *see also United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (describing bill of particulars as ensuring that charges "are stated with sufficient particularity" to fulfill these purposes).  A request for a bill of particulars "properly includes clarification of the indictment."  *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999).

1

Count 1 states in relevant part that Mr. GossJankowski "committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, lawfully engaged in the lawful performance of his/her official duties[.]" ECF No. 127 at 1-2. The lack of precision as to the officer's identity is in marked contrast to the precision that appears in Count 3. There, it is alleged that Mr. GossJankowski did "forcibly assault, resist, impede, intimidate, and interfere with" a law enforcement officer, "that is, M.M., an officer from the United States Capitol Police Department." *Id.* at 2.

The omission in Count 1 is also in contrast to other indictments alleging § 231(a)(3) violations filed in this district. For example:

> **COUNT ONE**
>
> On or about January 6, 2021, within the District of Columbia, **BRUNO JOSEPH CUA**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, Officer G.L., an officer from the United States Capitol Police Department, lawfully engaged in the lawful performance of his/her official duties, incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.
>
> **(Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

*United States v. Cua*, Case No. 21-cr-107 (RDM), Second Superseding Indictment, ECF No. 90 (Nov. 1, 2021). And also:

## COUNT TWO

On or about January 6, 2021, within the District of Columbia, **THOMAS WEBSTER**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, Officer N.R., an officer from the Metropolitan Police Department, lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

*United States v. Webster*, Case No. 21-cr-208 (APM), Second Superseding Indictment, ECF No. 76 (Apr. 13, 2022). These indictments include the initials of the officer and the branch of the police department to which they belong, and they are not alone in their specificity. *See also United States v. Fairlamb*, Case No. 21-cr-120 (RCL), Superseding Indictment, ECF No. 23 (Apr. 7, 2021) (Count 1: "a law enforcement officer, that is, Officer Z.B., an officer with the Metropolitan Police Department"); *United States v. Blair*, Case No. 21-cr-186 (CRC), First Superseding Indictment, ECF No. 27 (Nov. 10, 2021) (Count 2: "a law enforcement officer, that is, Officer K.P., an officer with the Metropolitan Police Department").[1]

Yet Count 1 conspicuously lacks any indication of the identity of the law enforcement officer that Mr. GossJankowski is alleged to have obstructed, impeded, or interfered with. While

---

[1] There are also those that do not identify a specific officer but at least identify the police department to which the officer belonged. *See, e.g., United States v. Foy*, Case No. 21-cr-108 (TSC), ECF No. 55 (Nov. 10, 2021) (Count 1: "a law enforcement officer, that is, an officer from the United States Capitol/Metropolitan Police Department"); *United States v. Bilyard*, Case No. 22-cr-34 (RBW), ECF No. 20 (Jan. 26, 2022) (Count 1: "a law enforcement officer, that is, an officer with the Metropolitan Police Department"); *United States v. Caldwell*, Case No. 21-cr-181 (CKK), ECF No. 41 (Nov. 1, 2021) (same).

a bill of particulars is not required if the requested information is "available in some other form," *Butler*, 822 F.2d at 1193, here it is not: as the parties exchanged proposed jury instructions it became clear that the government was taking the position that it need not identify the law enforcement officer who was allegedly obstructed, impeded, and interfered with. At the February 23, 2023 hearing, during which counsel inquired as to whether the officer alleged in Count 1 is the same officer alleged in Count 3, the government was no more specific than to state that the alleged offense in Count 1 was against several officers.

  A bill of particulars is particularly important because of the risk of variance between the information presented to the grand jury that found enough evidence to indict on Count 1 and whatever proof the government might produce at trial.  As a general rule, an indictment must include a specific statement of the "essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  A variance occurs when "the form of proof at trial [] differs materially from the facts alleged in the indictment[.]"  *United States v. Simmons*, 431 F. Supp. 2d 38, 60 (D.D.C. 2006), *aff'd sub nom. United States v. McGill,* 815 F.3d 846 (D.C. Cir. 2016).  The grand jury here, for instance, may have concluded there was sufficient information to indict as to interference with Officer X.X. but not Officer Y.Y., after which the government submits as proof at trial the interference with Officer Y.Y.  Such a variance would "affect [Mr. GossJankowski's] substantial rights" because it would "impede[] [his] ability to mount a defense, leave[] him vulnerable to double jeopardy [and] represent[] an unfair surprise."  *Id.* (citing Fed. R. Crim. P. 52(a)).  Mr. GossJankowski simply would not be "on notice as to the identity of the alleged victim" and the record would not "contain[] sufficient detail to protect [him] against a second prosecution for the same offense."  *Id.* at 61.

4

Should a bill of particulars not be ordered, this Court should, at the very least, require a special verdict form that identifies which law enforcement officer the jury finds was obstructed, impeded and interfered with. Such a safeguard would be required because of "'a genuine risk'" that "'a conviction may occur as the result of different jurors concluding that the defendant committed different acts.'" *United States v. Beatty*, 979 F.2d 248 (D.C. Cir. 1992) (quoting *United States v. Duncan*, 850 F.2d 1104, 1114 (6th Cir. 1988)).

For all of the above reasons, Mr. GossJankowski respectfully requests a bill of particulars and/or a special verdict form as to Count 1 of the Second Superseding Indictment.

    Respectfully submitted,

    A. J. KRAMER
    FEDERAL PUBLIC DEFENDER

    _____/S/_____
    NED SMOCK
    CELIA GOETZL
    Assistant Federal Public Defenders
    625 Indiana Avenue, N.W.
    Suite 550
    Washington, D.C. 20004
    (202) 208-7500