UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

No. 1:21-cr-123 (PLF)

VITALI GOSSJANKOWSKI

## DEFENDANT'S PROPOSED *VOIR DIRE* QUESTIONS

Pursuant to the Court's request at the February 23, 2023 hearing, and the Court's

February 24, 2023 Order, the defense submits these proposed *voir dire* questions.

1. Do you live outside of the District of Columbia?

2. Do you live or work at or near the U.S. Capitol Building?

3. Have you or a close friend or family member ever worked on Capitol Hill?

4. Were you, your family, or a close friend affected by the January 6 events at the U.S. Capitol, and any response to it?

5. Do you believe that you and/or the residents of Washington, D.C. were personally victims of the events that transpired at the U.S. Capitol on January 6, 2021?

6. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021? *[Proposed Individual Follow-Up]* If yes, approximately how many times have you seen videos, in whole or in part, and from what source (e.g. website, news channel, or social media platforms)?

7. Do you have strong feelings—either positive or negative—about the individuals who gathered at the U.S. Capitol on January 6, 2021, in support of then-President Trump, that would make it hard for you to be a fair and impartial juror in a case involving one such individual?

8. Do you have any impressions or feelings, positive or negative, about how the Department of Justice has been handling the cases arising from the January 6 events that would make it hard for you to be a fair and impartial juror?

9. Do you have any impressions or feelings, positive or negative, toward lawyers defending the people charged with crimes arising from the January 6 events at the Capitol that would make it hard for you to be a fair and impartial juror?

10. Do you follow any social media platform or television channel that regularly reports or comments on the events of January 6, 2021?

11.  Did you attend, view, or listen to any portion of any Congressional hearings related to the events that occurred at the U.S. Capitol on January 6, 2021?

12. From what you have heard or read, do you think people who were arrested for involvement in the events on January 6, 2021 at the U.S. Capitol are likely guilty of the charges brought against them?

13. Would your opinion concerning former President Donald Trump or his supporters make it difficult for you to serve as a fair and impartial juror in this case?

14. Do you think that your political views, or those of your spouse or partner, will affect your service as a juror in this case?

15. Have you ever attended a protest, rally or demonstration?

16. Do you know, or are you acquainted with, the defendant in this case, Vitali GossJankowski?

17. Have you seen or heard anything in the news or elsewhere about Vitali GossJankowski?

18. During this trial you will hear that the government alleges that Mr. GossJankowski used a stun gun to assault a Capitol Police Officer.  Mr. GossJankowski denies both that he assaulted the officer and that the device he possessed was a stun gun and he is presumed innocent unless and until the government proves otherwise.  Nevertheless, does learning about this allegation give you any hesitation about your ability to be a fair and impartial juror in this case?

19. Have you or a close friend or family member had any experience with a stun gun, taser, or other conducted electrical weapon?

20. Mr. GossJankowski is Deaf and must rely on interpreters to understand what is going on in this trial.  During trial, he will use the services of American Sign Language interpreters. Mr. GossJankowski will also have an interpreter sitting at his table.  This interpreter will interpret communications between Mr. GossJankowski and his lawyers during the trial.  Is there anything about the defendant's condition or his use of an interpreter that would prevent you from being able to follow my instructions on the law and being a fair and impartial juror in this case?

21. Are you Deaf or hard of hearing?

22. Do you have any family member, close friend, or co-worker who is Deaf or has a hearing loss that significantly limits that person's ability to hear?

23. Do you understand or have the ability to communicate in American Sign Language or any of the sign languages that exist in the world?

24. Have you or any family member or close friend had an unpleasant or negative encounter with a person who was Deaf or hard of hearing?

25. Do you have a strong opinion, positive or negative, about Deaf people?

26. Have you or any family member or close friend ever worked at or attended Gallaudet University?

27. The government is represented in this case by Assistant United States Attorneys Karen Rochlin and Adam Dreher and Trial Attorney Francesco Valentini, with assistance from paralegal Noah Weko.  (Please have them stand and introduce themselves.)  Do you know Mr. Dreher, Ms. Rochlin, Mr. Valentini, or Mr. Weko?

28. The government has also been represented in this case by the following Assistant United States Attorneys -- Barry Disney, Cara Gardner, Kondi Klienman, Tara Ravindra, Jacqueline Schesnol, Michael Romano, and Kaitlin Valliancourt.  Do you know Mr. Disney, Ms. Gardner, Mr. Klienman, Ms. Ravindra, Ms. Schesnol, Mr. Romano, and Ms. Valliancourt?

29. Do you know or are you acquainted with Mathew M. Graves, the United States Attorney for the District of Columbia?

30. Vitali GossJankowski is represented in this case by Assistant Federal Public Defenders Celia Goetzl and Ned Smock with assistance from paralegal Adam Moran.  (Please have them stand and introduce themselves.)  Do you know Ms. Goetzl, Mr. Smock, or Mr. Moran?

31. (Introduce courtroom personnel.)  Do you know or are you acquainted with any of these individuals?

32. Are you related to, or acquainted with, any one of the following witnesses which the government may call?  (Please have government read list of witnesses.)

33. Are you related to, or acquainted with, any one of the following witnesses which the defendant may call?  (Please have defense read list of witnesses.)

34. There are many people on this jury panel.  Do you recognize another member of the panel as being a relative, close friend, or associate?

35. There will be testimony from law enforcement personnel in this case.  Would the fact that a witness is a police officer or law enforcement agent have any effect at all on whether or not you believe that person's testimony?  In other words, would the fact that a witness is a

police officer or law enforcement agent make you either more or less likely to believe his or her testimony?

36. The government has the burden of proving Mr. GossJankowski guilty beyond a reasonable doubt, and he is presumed innocent unless and until the government meets that burden. This burden of proof never shifts to Mr. GossJankowski. Would you have any difficulty or hesitation with applying this burden of proof?

37. There has been an indictment in this case.  An indictment is not evidence of a crime.  It merely begins a case and is a formal way of presenting the charges.  The indictment here informs Mr. GossJankowski, the Court, and the members of the jury of the charge against him.  Would the fact that an indictment charged Mr. GossJankowski with a crime lead you to believe that he is guilty or make it difficult for you to apply the presumption of innocence?

38. Because Mr. GossJankowski is presumed innocent and the government has the burden of proving guilt beyond a reasonable doubt, Mr. GossJankowski does not need to offer any evidence at trial. Would you view his decision not to offer any evidence as evidence of his guilt?

39. All defendants have constitutional right not to testify, and if Vitali GossJankowski decides not to testify, I will instruct you that you cannot hold his silence against him in any way. If Mr. GossJankowski does not testify, would you view that as evidence that he is guilty?

40. Do you currently have an opinion regarding Mr. GossJankowski's guilt or innocence in this case?

41. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules.  Will you have any difficulty following my legal instructions, whatever they may be?

42. If you are selected as a juror in this case, I will instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources.  That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case.  You will also be forbidden from Googling this case, blogging, Tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet.  Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

43. Do you or any immediate family member or close friend work for, or have previously worked for, any law enforcement agency?  This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement agencies like the FBI, the Secret Service, the Bureau of Alcohol Tobacco and Firearms, the CIA, the

Department of Homeland Security, and the U.S. Capitol Police.  It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

44. Have you or any immediate family member or close friend ever worked in any other part of the criminal justice system?  This includes criminal defense, a Public Defender's office, a probation office, or a correctional facility?

45. Have you or any immediate family member or close friend ever attended law school, worked as a lawyer, worked in a law office, or performed legal investigative work?

46. Have you or any immediate family member or close friend ever been arrested for, charged with, or convicted of a crime, other than traffic violations? If so, did you feel that you or the person involved were treated fairly?  Why or why not?

47. Have you or any family member or close friend had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

48. Have you or any family member or close friend had any unpleasant experiences with a defense attorney or defense investigator that would cause you to disfavor the defense in this case?

49. Have you or any family member or close friend ever been the victim of or witness to a crime?

50. Have you served on a jury before?  *[Proposed Individual Follow-Up]* (i) If so, was it a civil or criminal case?; (ii) Did the jury reach a verdict?; (iii) Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

51. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment.  The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any.  Would you have difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any sentence that I may impose?

52. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing.) Would any of you be uncomfortable serving as a juror with these safety protocols in place?

53. Do you have any vision, language or hearing problems, or health or medical problems that would interfere with your ability to listen carefully and pay attention to the testimony in this case?

54. Do you have any difficulty speaking, reading, writing or understanding the English language?

55. Do you have any moral, social, political, philosophical, spiritual, religious, or any other creed or belief that would make it hard for you to sit as a juror in this case?

56. We expect the presentation of evidence in this case to conclude by the end of next week. After the close of evidence, the jury will deliberate until it reaches a decision, which may extend into the following week. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

57. My final question is a catchall question. Are there any other reasons that I have not asked about, that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

Respectfully submitted,

A.  J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
NED SMOCK
CELIA GOETZL
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004