UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-123 (PLF) |
| | ) | |
| VITALI GOSSJANKOWSKI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**RESPONSE TO COURT ORDER**

The Court ordered the parties to file memoranda listing and discussing any relevant cases that address (1) the meaning of "deadly or dangerous weapon" in 18 U.S.C. §§ 111 and 1752; and (2) the meaning of "uses" in 18 U.S.C. § 111. The Court further ordered the parties to "address Judge Moss's opinion in *United States v. Cua*, Crim. No. 21-0107, 2023 WL 2162719 (D.D.C. Feb. 22, 2023), and its impact on Count Three," alleging a violation of § 111(a)(1) and (b). Order (Feb. 24, 2023), ECF 134. Mr. Vitali GossJankowski, through counsel, hereby responds to the Court's Order.

**I.      The Meaning of "Deadly or Dangerous Weapon" in 18 U.S.C. §§ 111 and 1752.**

The meaning of "deadly or dangerous weapon" in § 111 is set forth in *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002). A "deadly or dangerous weapon" means an object that is "capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner." *Id*. (emphasis in original). *See also United States v. McCaughey*, No. 21-cr-40 (TNM), Parties' Joint Deadly and Dangerous Weapon Instruction, ECF 457 ("An object is a deadly or dangerous weapon if it is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. In determining whether the object is a deadly or dangerous weapon you may consider both physical capabilities of the object used and

1

the manner in which the object is used.") (quoting jury instruction given in *United States v. Webster*, No. 21-cr-208 (APM)); *United States v. Robertson*, No. 21-cr-34 (CRC), 2022 WL 2438546, at *6-7 (D.D.C. July 5, 2022).

There is no textual or practical reason to treat the deadly weapon requirement in § 1752(b)(1)(A) different than in § 111(b).  Section 1752 prohibits "carrying" in addition to "use" of a "deadly or dangerous weapon."  For the purposes of "carrying," the court in *Robertson* instructed the jury that the object must be "capable of causing serious bodily injury" and carried "with the intent to use it in a manner capable of causing serious injury." 2022 WL 2438546, at *6.  *See also United States v. Patrick McCaughey*, No. 21-cr-40 (TNM), ECF No. 475-1 (D.D.C. Sept. 2, 2022) (same); *United States v. Webster*, No. 21-cr-208 (APM), ECF No. 101 (same).

**II.     The Meaning of "Uses" in Section 111.**

As the Supreme Court has repeatedly stated, "'use' requires active employment." *See, e.g.*, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (quoting *Bailey v. United States*, 516 U.S. 137, 145 (1995)).  Mere possession is insufficient. *See Bailey*, 516 U.S. at 506.  Thus, § 111(b)'s requirement that the person must "*use* a deadly or dangerous weapon" requires that the person *actively employ* the weapon.

Moreover, the Supreme Court has stated the word "use" "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal*, 543 U.S. at 9.  With respect to § 111(b) in particular, the D.C. Circuit has said that "[t]o convict a defendant of [this] offense, the jury must find . . . that he forcibly assaulted . . . a federal officer, that he did so *intentionally*, that he used a dangerous weapon . . . and that he used the weapon *intentionally*." *Arrington*, 309 F.3d at 46 (emphasis added).  In other words, the word "use" grafts onto the statute a *mens rea* requirement wherein the person must not only *intentionally* assault the officer

2

but also *intentionally* use the object as a weapon—recklessness is insufficient.  *See id.*

### III.    *Cua* and Its Impact on Count Three.

Judge Moss's *Cua* decision largely supports Mr. GossJankowski.  There, Judge Moss determined that "the penalties clause [in 18 U.S.C. § 111(a)] creates three categories of violations: (1) acts in violation of the statute that 'constitute only simple assault' (the 'simple-assault provision'); (2) acts in violation of the statute the 'involve physical contact with the victim of that assault' (the 'physical-contact provision'); and (3) acts in violation of the statute that 'involve . . . the intent to commit another felony' (the 'other-felony provision')."  2023 WL 2162719, at *5.  Reviewing the plain language of § 111(a), Judge Moss held that categories (1) and (2) require a showing of an assault, whereas category (3) does not, encompassing the other acts listed therein, *i.e.,* "forcibly [] resists, opposes, impedes, intimidates, or interferes with."  *Id.* at *5-*6.

Judge Moss was persuaded in this view about § 111(a), in part, by looking to § 111(b)'s use of the phrase "any acts described in subsection (a)."  *Id.* at *6.  Although § 111(b) was not at issue in the case, Judge Moss opined that "[b]y using the phrase 'any acts,' Congress accordingly made clear that the listed verbs are disjunctive and that the commission of any of those acts is sufficient; although most forcible acts involving the use of a deadly or dangerous weapon or the infliction of bodily injury will constitute an assault, *the statute does not require an assault to violate § 111(b).*"  *Id.* at *6 (emphasis added).  To Judge Moss, "the statute first asks whether the defendant committed one of the listed acts and then defines the appropriate penalty based on the nature and gravity of *that act,* which may—but need not—involve an assault."  *Id.* (emphasis in original).

Mr. GossJankowski finds no error with Judge Moss's holding as to § 111(a)—that is, the

statute does not require an assault under each provision—or his understanding that "*that act*" referred to in § 111(a) is the same act in § 111(b). *See Chua*, 2023 WL 2162719, at *5. In this case, the government is charging Mr. GossJankowski in Count 3 as follows:

> **COUNT THREE**
>
> On or about January 6, 2021, within the District of Columbia, VITALI GOSSJANKOWSKI, using a deadly or dangerous weapon, that is, a stun gun, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), that is, M.M., an officer from the United States Capitol Police Department, while such officer or employee was engaged in or on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

Applying Judge Moss's opinion would mean that the § 111(b) charge in Count 3 can only survive if the government can prove Mr. GossJankowski (1) used a stun gun "where the assault involve[d] physical contact with" M.M. and/or (2) used a stun gun to "assault, resist, oppose, impede, intimidate, or interfere" with M.M. with "the intent to commit another felony." Only then would "*that act*" referred to in § 111(a) be the same as act in § 111(b).

While Judge Moss opined that "the statute does not require an assault to violate § 111(b)," Mr. GossJankowski respectfully submits that statement is incorrect. For starters, that part of Judge Moss's opinion amounts to mere dicta because the case only involved a § 111(a) violation, with no allegations the individual violated § 111(b). More fundamentally, Judge Moss overlooked the D.C. Circuit's interpretation of the required elements under § 111(b).

In order to be found guilty of § 111(b), the person must (1) use a deadly or dangerous weapon *or* inflict bodily injury; (2) in the commission of the acts described in § 111(a). *See Arrington*, 309 F.3d at 44 & n.7; *see also* § 111(b). When "an object [] is not inherently deadly .

4

. . the object must be capable of causing serious bodily injury or death to the person *and* the defendant must *use* it in that manner." *Arrington*, 309 F.3d. at 44. Given the state of the law relating to § 111(b)—which Judge Moss did not need to address because it was not before the Court—there is no realistic possibility that someone could commit a § 111(b) offense without simultaneously committing an assault. If they "inflicted bodily injury," they necessarily assaulted the person. If they "used a deadly weapon," they necessarily assaulted the person. *Cf. United States v. Redrick*, 841 F.3d 478, 484 (D.C. Cir. 2016) ("Certainly the additional element of "use" of a dangerous or deadly weapon supplies at a minimum a 'threat' of physical force against the person of another."). And if they used an object in a manner that is capable of causing serious bodily injury or death, they necessarily assaulted the person. Given that § 111(b) necessarily requires an assault, and "*that act*" referred to in § 111(a) must be the same as § 111(b), logically the predicate § 111(a) offense in this case must involve a forcible assault.

                Respectfully submitted,

                A.J. KRAMER
                FEDERAL PUBLIC DEFENDER

                _____/s/_____
                Celia Goetzl
                Edward Smock
                Assistant Federal Public Defenders
                625 Indiana Ave., N.W., Suite 550
                Washington, D.C.  20004
                (202) 208-7500