UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-123 (PLF) |
| VITALI GOSSJANKOWSKI | |

**UNITED STATES' PROPOSED *VOIR DIRE* QUESTIONS**

Pursuant to the Court's February 24, 2023, Order, the government submits these proposed *voir dire* questions.

**Proposed *Voir Dire* Questions**

1. Do you live outside of the District of Columbia?

2. Do you live or work at or near the U.S. Capitol Building?

3. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

4. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021? If you answered yes to this question, please answer the following questions:

    a. Approximately how many times have you seen videos, in whole or in part?

    b. What was the source of those videos (e.g., website, news channel, or social media platforms)?

5. Do you have such strong feelings, either positive or negative, about the individuals who participated in the events of January 6, 2021, at the U.S. Capitol that would make it difficult for you to be a fair and impartial juror in a case involving one such individual?

6. Do you follow any social media platform that regularly reports or comments on the events of January 6, 2021?

7. Do you know, or are you acquainted with, the defendant in this case, Vitali GossJankowski?

8. Have you seen or heard anything in the news or elsewhere about Vitali GossJankowski?

9. Have you ever watched any videos depicting this defendant's actions on January 6, 2021, on the news or on the Internet? If you answered yes to this question, please answer the following questions:

    a. Approximately how many times have you seen videos, in whole or in part, of this defendant's actions on January 6, 2021?

    b. What was the source of those videos (e.g., website, news channel, or social media platforms)?

10. Have you seen or heard anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

11. Do you have such strong personal feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021 that you would be unable to follow my instructions on the law and be a fair and impartial juror in this case?

12. Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election that would impact your ability to be fair and impartial in this case?

13. The defendant, Vitali GossJankowski, is deaf. During trial, he will use the services of American Sign Language interpreters. Is there anything about the defendant's condition or his use of interpreters that would prevent you from being able to follow my instructions on the law and being a fair and impartial juror in this case?

14. Are you deaf or hard of hearing?

15. Do you have any immediate family members or close personal friends who are deaf or hard of hearing?

16. Do you understand or have the ability to communicate in American Sign Language or any other sign language?

17. Have you or any family members or close friends ever worked at, attended, or participated in a program at Gallaudet University?

18. The government is represented in this case by Assistant United States Attorneys Karen Rochlin and Adam Dreher and Trial Attorney Francesco Valentini, with assistance from paralegal Noah Weko. (Please have them stand and introduce themselves.) Do you know Mr. Dreher, Ms. Rochlin, Mr. Valentini, or Mr. Weko?

19. Vitali GossJankowski is represented in this case by Assistant Federal Public Defenders Ubong Akpan, Celia Goetzl, and Edward Smock. (Please have them stand and introduce themselves.) Do you know Ms. Akpan, Ms. Goetzl, or Mr. Smock?

20. (Introduce courtroom personnel.) Do you know or are you acquainted with any of these individuals?

21. Are you related to, or acquainted with, any one of the following witnesses which the government may call? (Please have government read list of witnesses.)

22. Are you related to, or acquainted with, any one of the following witnesses which the defendant may call? (Please have defense read list of witnesses.)

23. There are many people on this jury panel. Do you recognize another member of the panel as being a relative, close friend, or associate?

24. I will instruct the jury at the end of the trial that the testimony of a police officer should be treated the same as testimony from any other witness and that the jury should not

give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer. Do you have such strong feelings or opinions about police, either positive or negative, that would make it difficult for you to follow this instruction?

25. The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant. While it is a strict and heavy burden, it is not an impossible burden. The government, for example, is not required to prove guilt beyond all doubt. Would you hold the government to a higher burden than beyond a reasonable doubt?

26. All defendants have the constitutional right not to testify, and if Vitali GossJankowski decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

27. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules. Will you have any difficulty following my legal instructions, whatever they may be?

28. If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, or blogging, Tweeting, reading, or posting comments about this case on social

media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

**The next four questions relate to you, members of your immediate family, and close personal friends.**

29. Does anyone in this group (that is, you, members of your immediate family, or close personal friends) work for, or have previously worked for, any law enforcement agency? This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement agencies like the FBI, the Secret Service, the Department of Homeland Security, and the U.S. Capitol Police. It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

30. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever worked in any other part of the criminal justice system? This includes criminal defense, a Public Defender's office, a probation office, or a correctional facility?

31. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever attended law school, worked as a lawyer, worked in a law office, or performed legal investigative work?

32. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been arrested for, charged with, or convicted of a crime, other than traffic violations? If you answered yes to this question, please answer the following questions:

    a. Did you feel that you or the person involved were treated fairly?
    b. Briefly explain why or why not.

33. Have you, any member of your family or close friend had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

34. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been the victim of or witness to a crime?

35. Have you served on a jury before? If so, was it a civil or criminal case? Did the jury reach a verdict? Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

36. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment. The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any. Would you have difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any sentence that I may impose?

37. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing.) Would any of you be uncomfortable serving as a juror with these safety protocols in place?

38. Do you have any vision, language or hearing problems, or health or medical problems that would interfere with your ability to listen carefully and pay attention to the testimony in this case?

39. Do you have any difficulty speaking, reading, writing or understanding the English language?

40. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case?

41. We expect the presentation of evidence in this case to conclude by the end of next week. After the close of evidence, the jury will deliberate until it reaches a decision, which may extend into the following week. Would serving as a juror in this case be an extreme hardship to you? And by this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

42. My final question is a catchall question. Are there any other reasons that I have not asked about, that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

February 24, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Francesco Valentini*
　　　　　　　　　　　　　　　　　FRANCESCO VALENTINI
　　　　　　　　　　　　　　　　　D.C. Bar No. 986769
　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　U.S. Dept. of Justice, Criminal Division
　　　　　　　　　　　　　　　　　Detailed to the D.C. U.S. Attorney's Office
　　　　　　　　　　　　　　　　　601 D Street NW
　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　(202) 598-2337
　　　　　　　　　　　　　　　　　francesco.valentini@usdoj.gov

　　　　　　　　　　　　　　　　　*/s/ Karen E. Rochlin*
　　　　　　　　　　　　　　　　　KAREN E. ROCHLIN
　　　　　　　　　　　　　　　　　DC Bar No. 394447
　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　Detailed to the D.C. U.S. Attorney's Office
　　　　　　　　　　　　　　　　　9 Northeast 4th Street
　　　　　　　　　　　　　　　　　Miami, Florida 33132
　　　　　　　　　　　　　　　　　(305) 961-9234
　　　　　　　　　　　　　　　　　karen.rochlin@usdoj.gov

                         */s/ Adam M. Dreher*
                         ADAM M. DREHER
                         Assistant United States Attorney
                         MI Bar No. P79246
                         601 D Street NW
                         Washington, D.C. 20530
                         (202) 252-1702
                         adam.dreher@usa.usdoj.gov