UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 21-cr-123 (PLF) |
| ) | |
| VITALI GOSSJANKOWSKI, ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT'S OBJECTIONS TO GOVERNMENT EXHIBITS**

Mr. Vitali GossJankowski, through counsel, hereby objects to the Government's Exhibit List (February 26, 2023), ECF 145, as discussed below. Mr. GossJankowski's main concern, as set forth in his previously-filed motion *in limine* (ECF 107) and herein, is the use of extended inflammatory, highly prejudicial video footage that does not depict Mr. GossJankowski or areas of the U.S. Capitol grounds where he was present. To the extent that the government views this as evidence necessary to establish that a civil disorder occurred, the defense has offered and is prepared to stipulate to that fact.[1]

**Exhibits 100A, 141C, 143.3A ("Trial Graphics Versions" of Videos)**

The defense objects to the government's videos that have been altered and modified before trial—particularly alterations changing parts of the video to be played in slow motion as opposed to real time. These videos do not accurately depict the events they show because they have been altered and modified. The government has not identified each of the changes it made to these videos, explained how the changes were made, or identified who made them.

**Exhibits 100 and 101 (CCTV footage)**

---

[1] The defense provided these objections to the government in a letter on February 24 in an effort to resolve some of these issues without involving the Court.

1

The defense objects to these videos being played in their entirety and submitted to the jury. The videos depict one hour of activity, with Mr. GossJankowski only evident in portions of the video. He is not inside the tunnel for significant stretches of time, including during the last 17 minutes of the video.

**Exhibit 102 ("Montage Video")**

The defense objects to this video for the reasons set forth in the motion in limine and related pleadings. *See* ECF 107, 124. The defense also objects to the radio run audio that has been superimposed into this "video montage" because there is no explanation of how it was created and it is impossible for the defense to check it for accuracy at this time so close to trial.

**Exhibit 121 (Mastony BWC)**

This video is over 15 minutes long. Mr. GossJankowski is visible for a second at minute marker 3:35 and then not again until minute marker 13:41. The video should be cut into two much smaller exhibits showing minute markers 3:30 – 3:40 and 13:41 – 14:18.

**Exhibit 122 (Spooner BWC)**

This video is approximately 14 minutes long. Because Mr. GossJankowski is not visible after the second minute, it should end at minute marker 3:00.

**Exhibit 123 (Bogner BWC)**

This video is more than 21 minutes long. Mr. GossJankowski is not visible anywhere after the first 30 seconds. The video should end at that point. Much of the video after those first 30 seconds depicts officers inside the Capitol recovering from exposure to tear gas. This footage is not relevant and is unduly prejudicial.

**Titles of Open Source Videos**

The defense objects to the titles of the open source videos being included on the

government's exhibit list assuming that list will be provided to the jury. The title of the video chosen by an unrelated party is both irrelevant and prejudicial (i.e. "Raw footage from the Storming of the Capitol," "Trump Supporters Battle Cops").

**Exhibits 130, 131, 133, 133A, 135**

The defense objections to these videos being played in their entirety and submitted to the jury. The defense does not object to the excerpts of 130, 131, and 135 (Exhibits 130A, 131A, 135A, 135B). However, the defense objects to the excerpt of 133 (Exhibit 133A) because it does not show Mr. GossJankowski anywhere and is highly prejudicial.

**Exhibit 136**

We object to use of this video for the same reasons set forth in our motion in limine at ECF 107. Exhibit 136 is the same as the "Exhibit 1" challenged in Mr. GossJankowski's motion in limine, an Instagram video of individuals seeking to enter the Capitol posted by a user named Geoff_sills. The video contains two subtitles ("Made Some Friends" and "Took a Tour") evidently authored by the user that are irrelevant and prejudicial and must be excised. Further, Mr. GossJankowski is only visible during the first portion of the video. Beginning at minute marker 1:30, footage begins from a different place and time on January 6 and Mr. GossJankowski is not visible. That portion of the proposed exhibit must be excised.

**Exhibit 138**

The defense objects to use of this video for the same reasons set forth in our motion in limine at ECF 107. Exhibit 137 is the same as "Exhibit 6" from the government's earlier production of exhibits. The last five minutes of this seven minute video depict individuals other than Mr. GossJankowski physically pushing against law enforcement officers. Mr. GossJankowski was not among these individuals and is not depicted in any of this footage. It

must be excised.

**Exhibit 140**

The defense objects to use of this video for the same reasons set forth in our motion in limine at ECF 107. Exhibit 140 is the same as "Exhibit 15" from the government's earlier production of exhibits. Among other reasons set forth in the motion in limine, this video contains extensive inflammatory and prejudicial commentary by participants who have no connection to Mr. GossJankowski. Mr. GossJankowski is visible only momentarily. The prejudice to Mr. GossJankowski from this video outweighs any minimal, cumulative probative value it may have.

**Exhibits 141 and 141C**

This video is almost 30 minutes long—and the "Trial Graphics Version" is longer than the original. We object to use of the entire video. At a minimum, it should be edited to include only portions where Mr. GossJankowski's conduct is visible. For example, Mr. GossJankowski is not visible in any of the video after approximately minute marker 5:08. We object to the "Trial Graphics Version" for the reasons above.

**Exhibit 142**

This video is more than 20 minutes long. Mr. GossJankowski is visible for approximately five seconds, from minute marker 8:46 to 8:51. Only the portion where Mr. GossJankowski is visible should be used.

**Exhibit 143**

This video is 1.5 hours long. The defense objects to showing this entire video. Only the portion(s) where Mr. GossJankowski is visible should be used.

**Exhibits 143.2A and 143.3A**

These videos are 5 and 10 minutes long, respectively, and Mr. GossJankowski is largely absent from them. The defense objects to showing these entire videos. Only the portion(s) where Mr. GossJankowski is visible should be used. The defense also objects to the modifications made in Exhibit 143.3A which appear distort a part of it by using a slow motion effect. The whole video exhibit should be used in real time. If the government wants to pause or play a part of the video at a reduced speed at trial, the defense would have no objection because then any such modification would be part of the trial record.

**Exhibits 200, 201, 202, 203, 204, 205, 206, 207, 208, 209**

These exhibits should be excluded for the reasons set forth in Mr. GossJankowski's Motion to Suppress Physical Evidence and Return Property, ECF 72-2, and reply in support thereof, ECF 90.

**Exhibit 301**

The defense objects to the section about NCMEC and asks that it be redacted. The Facebook report indicates that there are no responsive records, but a response from NCMEC is irrelevant and may cause confusion and prejudice.

**Exhibit 303**

The defense objects to the first page of this exchange and communications after January 7, 2021, which are irrelevant.

**Exhibit 304**

The defense objects to everything until the last entry on the first page (17:51:40) and asks that it be redacted. The defense also objects to all entries on the second page until the entry at 21:39:55 and the last two entries on the second page. These entries should be redacted as well.

The exchanges are both irrelevant and prejudicial.

**Exhibit 305**

This exhibit consists of several exchanges with posts apparently made by members of a Facebook group. Only postings by Mr. GossJankowski should be admitted. There is no evidence that Mr. GossJankowski saw any of the other postings unless there is a direct exchange between him and another member.

**Exhibits 400 and 401**

The defense objects to the references to members of Vice President Pence's family for the reasons in our cross-motion in limine, ECF 117, and reply in support thereof, ECF 132, and asks that these references be redacted from the exhibits and from the exhibit list.

**Exhibit 503**

The defense objects to the video's depiction throughout this video of some sort of "Corrected" Congressional record, which does not appear to be the official Congressional record.

**Exhibits 506 and 507**

The defense objects to the incomplete parts of the Congressional record.  The entire official Congressional Record should be used.  In addition, it is unclear where the government's marked "Correction" version of the record came from and whether it is official or accurate.

                                        Respectfully submitted,

                                        A.J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                        _____/s/_____
                                        Celia Goetzl
                                        Ned Smock
                                        Assistant Federal Public Defenders
                                        625 Indiana Ave., N.W., Suite 550
                                        Washington, D.C.  20004
                                        (202) 208-7500