## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case Number 1:21-cr-00123-PLF** |
| **VITALI GOSSJANKOWSKI,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT GOSSJANKOWSKI'S MOTION FOR BILL OF PARTICULARS AND/OR SPECIAL VERDICT FORM AS TO COUNT ONE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits that this Court should deny defendant GossJankowski's motion, ECF 135, seeking a bill of particulars or, alternatively, a special verdict form for Count One of the Second Superseding Indictment which charges the defendant with the offense of Civil Disorder in violation of 18 U.S.C. § 231(a)(3). ECF 127.  The motion depends on the erroneous assumption that conviction under Section 231(a)(3) requires the United States to allege or prove the specific identity of a covered law enforcement officer victimized by the offense. Because the premise of the motion is incorrect as a matter of law, and because the defendant has received sufficient information to oppose the charge in Count One, the motion fails to provide any adequate basis for the relief sought.

### RELEVANT FACTS

This case arises from the defendant's participation in the January 6, 2021 attack on the United States Capitol.  This response assumes this Court's familiarity with the overall nature of that hours-long attack. *See, e.g., United States v. Puma*, 596 F.Supp.3d 90, 93-94 (D.D.C. 2022).

The defendant was part of the mob that breached barriers and assaulted police officers in an effort to invade the U.S. Capitol and obstruct the certification of the 2020 presidential election. Once the mob overran police lines defending the Capitol's West Front, officers regrouped on the Capitol's lower west terrace and elsewhere.  A substantial number of officers assembled behind double doors accessed through the inaugural archway (an area often described as a tunnel because of its appearance on January 6, 2021).  GossJankowski was among the earliest rioters to enter the archway.  He observed efforts to break the glass in the double doors separating the officers from the mob and bearing signs restricting entry.

GossJankowski arrived inside of the archway at approximately 2:41 p.m.  Between 2:41 p.m. and 3:12 p.m., he repeatedly entered and exited the archway.  While inside of the archway, at various times GossJankowski breached the double doors, spit at officers, grabbed an officer's riot shield, passed stolen riot shields to rioters outside of the archway, obtained a stun gun from another rioter, activated and brandished that weapon towards officers, and joined group pushes in an effort to breach the police line inside of the archway.

By approximately 3:18 p.m., police officers had pushed the mob out of the archway. GossJankowski remained nearby on the lower west terrace with a view of the arch and the line of officers beneath it.  At approximately this time, members of the mob dragged two police officers into the crowd, including an officer identified by the initials M.M.  *See* ECF 127:2. With the stun gun in hand, GossJankowski made his way through the crowd to officer M.M.  While that officer was assaulted and engulfed by the mob, GossJankowski extended the stun gun, including while it was activated, towards the officer's helmet, which he had also grabbed with a free hand.

Other members of the crowd were able to assist the officer and remove him from his assailants.  GossJankowski remained in the area of the assault observing the crowd and the line of

officers under the archway.   After attacks against police officers defending the archway that involved projectiles and deployment of an unknown gas, a camera recorded GossJankowski applauding conventionally and in American Sign Language (ASL).[1]

## RELEVANT PROCEDURAL HISTORY

Federal agents arrested GossJankowski on January 18, 2021.  The United States began producing case-specific discovery as early as February 9, 2021.   The grand jury indicted GossJankowski on February 17, 2021. ECF 10 .  The prosecution obtained superseding indictments on November 10, 2021 and February 21, 2023.  ECF 41 and 127.  No version of the indictment specified the identity of any law enforcement officer for the charge of civil disorder charged in Count One.  That count alleges:

> On or about January 6, 2021, within the District of Columbia, VITALI GOSSJANKOWSKI, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.
>
> **(Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

ECF 127 at 1-2.

The defendant now demands a bill of particulars, claiming Count One does not allege "the identity of the law enforcement officer," ECF 135 at 2, and in the alternative demands use of a special verdict form concerning the identity of  "which officer" was the subject of the offense.  As explained below, there is no requirement for Count One to allege the identity of any specific officer or officers; nor need the charge be limited to a single officer.  Because Count One is not deficient, and because the

---

[1] The factual summary provided above is substantially the same as the summary provided in the government's response, ECF 78, filed on September 23, 2022, to the defendant's motion to suppress statements, minus the photographs included in that earlier response.

defense otherwise does have information about the identity of certain officers affected by the offense, the motion is without merit.

## ARGUMENT

Title 18, United States Code, Section 231(a)(3) provides that:

Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function--

shall be subject to specified penalties. *Id*. The language of Count One quoted above tracks the language of Section 231(a)(3) and fairly informs the defendant of the charge against which he must defend. *United States v. Sargent*, 21-cr-00258 (TFH), 2022 WL 1124817 at *6 (D.D.C. Apr. 14, 2022) (finding that language used to charge an offense under Section 231(a)(3) identical to the language used in Count One stated every necessary element and sufficiently informed the defendant of the charge).

More generally, an indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but a court may, in its discretion, "direct the government to file a bill of particulars" clarifying the allegations in the indictment. Fed. R. Crim. P. 7(c)(1), (f). A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for

bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same); *see also United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014) (bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial").

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of

particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

Finally, in *Sanford Ltd.*, the Court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant. 841 F. Supp. 2d at 315. The Court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id.* at 317 (internal quotation marks and citation omitted). Accordingly, the Court denied the defendant's request for information about the identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id.* at 317-18. A bill of particulars is not a matter of right and is ordered only when "necessary." *Id.* at 316 (quoting 1 Charles Alan Wright & Andrew Leipold, *Federal Practice and Procedure: Criminal § 130* (4th ed. 2008).

Denial of GossJankowski's motion is appropriate here for several reasons. First, as noted above, Count One provides sufficient detail outlining the allegations against the Defendant. *Sargent*, 2022 WL 1124817 at *6. It identifies the date of the offense (January 6, 2021) and the location (within the District of Columbia); moreover, the defense is indisputably aware that the offense occurred at the United States Capitol. *E.g.*, ECF 130 at 1-3 (defendant's proposed voir

dire questions concerning the U.S. Capitol).  Count One further alleges that the defendant's conduct occurred during a civil disorder, which has a specific statutory definition (18 U.S.C. § 232(1)), and specifies that the requisite acts of obstruction, impeding, or interference were directed towards any "law enforcement officer" as opposed to the statutory alternative of any "fireman."

Second, the defendant's sole complaint with Count One is the absence of identification of an officer victimized by the defendant's obstruction, impeding or interference.   It is, however, "well-settled that a defendant charged under § 231(a)(3) need not have known that the victim of his obstructive act was a covered law enforcement officer …" *United States v. McHugh*, 583 F.Supp.3d 1, 26 (D.D.C. 2022) (and cases cited therein).  Consistently with the "well-settled" precedent noted in *McHugh*, "the government need not prove the individual identity of the law enforcement officer, but rather that the person [the defendant] obstructed, impeded, or interfered with *is* a law enforcement officer – exactly what the Superseding Indictment alleges." *Sargent*, 2022 WL 1124817 at *6.  Thus, it is not necessary for Count One to identify any law enforcement officer in order to state the essential facts of the offense charged. *See also United States v. Grider,* No. 21-cr-022 (CKK), --- F.Supp.3d ---, 2022 WL 17829149 at *9-10 (D.D.C. Dec. 21, 2022) (following bench trial, the Court convicted the Grider for the offense of civil disorder based on his multiple acts with the intent to obstruct law enforcement officers at various locations on the Capitol grounds and within the building).

For that reason, the defendant's stated concern with a variance, ECF 135 at 4, is misplaced and unpersuasive.  "A variance occurs when the charging terms of the indictment are left unaltered but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Lorenzana-Cordon*, 949 F.3d 1, 4 (D.C. Cir. 2020) (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969)), *aff'd on other grounds*, 949 F.3d 1 (D.C.

Cir. 2020), *cert. denied*, 141 S.Ct. 2688 (2021).  Here, any evidence identifying any officer(s) victimized by the offense in Count One will not materially differ from that count's charging terms because the count does not and need not identify any officers.  The defendant offers no authority to the contrary, citing only to a case[2] that involved replacing an indictment's reference to a victim by name with a nickname.  In *Simmons*, the Honorable Royce C. Lamberth found that no variance resulted from that change, and noted that even actual variances were subject to harmless error analysis.  The defense identifies no realistic potential for a variance from Count One in this case and therefore fails to provide any basis for granting a bill of particulars.

Next, the defendant has had access to information that shows the scope of his conduct.  For example, he has received surveillance footage showing his conduct in the so-called 'tunnel' accessed through the inaugural archway.  The defense has received body-worn camera footage from officers and numerous open-source and mobile phone videos showing his entrance and conduct inside of the archway.  The defense has received additional surveillance footage, mobile phone video, and open-source video recording his conduct outside of the archway on the lower west terrace of the Capitol.  These videos include footage of the conduct summarized above and show the defendant breaching doors, spitting at officers, grabbing an officer's riot shield, passing stolen riot shields to rioters outside of the archway, receiving a stun gun from another rioter, activating and brandishing that weapon at officers, and joining group pushes in an effort to breach the police line inside of the archway. Additionally, the defendant has received videos and photographs that show him outside of the archway activating a stun gun and approaching an officer

---

[2] *United States v. Simmons*, 431 F.Supp.2d 38, 60-61 (D.D.C. 2006), *aff'd on other grounds*, 815 F.3d 846 (D.C. Cir. 2016), cited at ECF 135 at 4.

under attack as the defendant extends his stun gun towards the officer's helmet as the device activates.

The government has produced recorded interviews of the defendant and a house mate, the contents of his Facebook account, and recordings and photographs from the defendant's electronic devices. The defense has also now received copies of the government's exhibit list and a witness list that includes the names of officers who will testify. Through discovery and other sources, the defendant has received information that is more than sufficient for an understanding of Count One and of officers whose testimony will have relevance for Count One. *See United States v. Mosquera-Murillo*, 153 F.Supp.3d 130,   151-53 (D.D.C. 2015) (information provided in discovery, including videos and still photographs, and government filings allowed defense to understand charge and prepare defense and refuted need for bill of particulars).

The defendant has been charged with the offense of civil disorder since February 17, 2021. The request for identification of officers did not occur until the February 23, 2023 status conference before this Court. The motion fails to explain a delay of more than two years before seeking this information; presumably, if it were truly essential for preparation of a defense, the demand for the identification of officers would have been made well in advance of trial. A motion like the defendant's that if filed on the eve of trial is antithetical to the purpose of a bill of particulars.

Finally, the defendant's efforts to contrast Count One with charges under a different statute or with unrelated indictments charging Section 231(a)(3) offenses differently lack merit and legal support. For example, the defense fails to explain why some identification of a victim officer in Count Three, charging violation of 18 U.S.C. § 111, a wholly different statute, suggests that similar language is required in Count One. Only when a charge "depend[s] so crucially on upon a specific identification of fact" need the indictment specify such fact. *United States v. Resendiz-Ponce*, 549

U.S. 102, 110 (2007).  A fact must be pleaded with specificity only when it pertains to the "very core of criminality" under the statute.  *Russell v. United States*, 369 U.S. 749, 764 (1962); *see also United States v. Beeks*, 21-cr-00028-APM (D.D.C. Jan. 5, 2023)(ECF 811 at 4) (applying *Resendiz-Ponce* and *Russell* to analysis of what allegations were required for a Section 231(a)(3) charge).  Since it is "well-settled" that a defendant does not need to know that the victim of a Section 231(a)(3) charge is a covered officer, *see McHugh*, 583 F.Supp.3d at 26, and since identification of a specific officer in not required under Section 231(a)(3), *Sargent*, 2022 WL 1124817 at *6, the defense cannot convincingly claim that such information forms the "core of criminality" for Section 231(a)(3).  Such information need not be alleged in Count One, and its absence does not provide support for a bill of particulars.

Reference to a specific officer in Section 231(a)(3) counts from other unrelated indictments carry no significance to the demand for a bill of particulars in this case.  The content of charges in other cases is not a factor in any analysis of whether a bill of particulars is warranted, and the defense provides no authority supporting such a proposition.  Indeed, a far greater number of Section 231(a)(3) charges in cases arising from the January 6, 2021 breach of the Capitol appear not to reference specific officers.  *See, e.g., United States v. Grider*, No. 21-cr-22 (CKK) (ECF 97); *United States v. Pruitt*, No. 21-cr-23 (TJK) (ECF 7 and 30); *United States v. Bisgnano*, No. 21-cr-36 (CJN) (ECF 10); *United States v. Lang*, No. 21-cr-53 (CJN) (ECF 5 at 3, 4 and ECF 36 at 5); *United States v. Carter Connell et al.*, No. 21-cr-84 (PLF) (ECF 8 and 25); *United States v. Bingert*, No. 21-cr-91 (RCL) (ECF 3 and 34 and 53) *United States v. Garcia*, No. 21-cr-129 (ABJ) (ECF 11 and 44); *United States v. Schwartz et al.*, No. 21-cr-178 (APM) (ECF 13 and 42 and 63); *United States v. Alam*, No. 21-cr-190 (DLF) (ECF 5 and 36); *United States v. Fischer*, No. 21-cr-234 (CJN) (ECF 15 and 52); *United States v. Sargent*, 21-cr-258 (TFH) (ECF 11 and 32); *United*

*States v. Worrell*, No. 21-cr-292 (ECF 11 at 3; ECF 129 at 3); *United States v. Bru*, 21-cr-352 (JEB) (ECF 12 at 3; ECF 31 at 3); *United States v. Adams*, 21-cr-358 (BAH) (ECF 19 and 26); *United States v. Antonio*, 21-cr-497 (ABJ) (ECF 11 and 26); *United States v. Brockhoff*, 21-cr-524 (CKK) (ECF 13 and 29); *United States v. Ballard*, 21-cr-553 (RJL) (ECF 19 and 27 and 34); *United States v. Williams*, No. 21-cr-618 (ABJ) (ECF 27); *United States v. Tenney*, 21-cr-640 (TFH) (ECF 25); *United States v. Burlew*, 21-cr-647 (RDM) (ECF 7 and 18); *United States v. Baquero*, et al. 21-cr-702 (JEB) (ECF 12); *United  States v. Elliott*, 21-cr-735 (RCL) (ECF 1); *United States v. Johnson, et al.*, No. 22-cr-11 (RJL) (ECF 1 and 32); *United States v. Bilyard*, No. 22-cr-34 (RBW) (ECF 20); *United States v. Beddingfield*, No. 22-cr-66 (CJN) (ECF 12); *United States v. Brown*, No. 22-cr-170 (CKK) (ECF 30); *United States v. Adams*, 22-cr-350 (JEB) (ECF 6); *United States v. Tyron-Castro, et al.*, No. 23-cr-35 (RC) (ECF 53).

The foregoing list is by no means an exhaustive survey of cases charging Section 231; however, even the sampling above refutes the defendant's suggestion that the absence of any officer's initials from Count One is "conspicuous", *see* ECF 135 at 3.  The defense shows only that language used to charge an offense may occasionally differ in different cases.  What the defense fails to demonstrate is that such minor differences indicate any defect in a charge or support any form of relief.[3]   Thus, the defense fails to justify the demand for a bill of particulars.

The defense's proposed alternative of a special verdict form is also unwarranted.  Special verdict forms are disfavored.  *United States v. Spann*, 997 F.2d 1513, 1515 (D.C. Cir. 1993); *see also United States v. Blackwell*, 459 F.3d 739, 766 (6th Cir. 2006) (in general, special verdicts are not favored in criminal cases, and may in fact be more productive of confusion than clarity)

---

[3] If the defendant intends implicitly or otherwise to suggest that Count One is legally deficient, that argument is also untimely.  *See* ECF 63 (making motions within the scope of Fed.R.Crim.P. 12 due by September 9, 2022).

(internal citations and quotations omitted).  Their use may be appropriate when certain factual determinations increase a statutory maximum sentence, *see, e.g., United States v. Singleton*, 177 F.Supp.3d 31, 39-40 (D.D.C. 2001), but the identity of any officer will not have that consequence here.  Since the United States need not prove the identity of any specific officer or that the defendant even knew that the conduct charged in Count One affected covered officers, there is no need for any special verdict on these points.  The motion fails to and cannot show any requirement for unanimity on matters the United States is not even required to prove.  Accordingly, this Court should also reject use of a special verdict concerning the identity of any officer.

CONCLUSION

For all of the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     s/Karen Rochlin
        Karen Rochlin
        Assistant United States Attorney Detailee
        DC Bar No. 394447
        99 N.E. 4th Street
        Miami, Florida 33132
        (786) 972-9045
        Karen.Rochlin@usdoj.gov

        /s/ Francesco Valentini
        FRANCESCO VALENTINI
        D.C. Bar No. 986769
        Trial Attorney
        U.S. Dept. of Justice, Criminal Division
        Detailed to the D.C. U.S. Attorney's Office
        601 D Street NW
        Washington, D.C. 20530
        (202) 598-2337
        francesco.valentini@usdoj.gov

_/s/ Adam M. Dreher_
ADAM M. DREHER
Assistant United States Attorney
MI Bar No. P79246
601 D Street NW
Washington, D.C. 20530
(202) 252-1702
adam.dreher@usa.usdoj.gov