UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-123 (PLF) |
| | ) | |
| VITALI GOSSJANKOWSKI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### DEFENDANT'S OBJECTIONS TO GOVERNMENT EXHIBITS

Mr. Vitali GossJankowski, through counsel, hereby provides the Court with a list of the remaining objections to exhibits that have not yet been resolved through the Court's rulings or negotiations between the parties.

**Exhibit 123 (Bogner BWC)**

The government now proposes playing a 14 minute portion of Officer Bogner's Body Worn Camera (BWC) footage, from 2:40 p.m. through 2:54 p.m.  This video depicts officers walking into the Capitol building through the tunnel, many of them coughing and appearing to be distressed, followed by footage of officers pushing against protestors in the tunnel.  Mr. Gossjankowski does not appear in any of this footage at all.  The government proposes playing this footage *in addition to* BWC footage from three other officers, extensive CCTV footage from within the tunnel, and several open source videos taken by people within the tunnel.  In short, the government's existing video exhibits will depict what happened in the tunnel repeatedly and from several angles.  Not only is this exhibit cumulative and irrelevant, it is overly prejudicial.  At 2:42 p.m. one officer tells Officer Bogner to film what is happening because "this is a Federal crime."  The rest of the video depicts the officer behind other officers pressed against protestors in a standoff in the tunnel.  At 2:51 an officer's bloodied finger is the focus of the footage and

the officer says his finger is broken.  A bloodied hand is visible at minute 2:52.  At 2:54 an officer's face is visible with mucus coming from his nose, evidently caused by exposure to tear gas.  Any relevance of this cumulative evidence is far outweighed by its prejudicial nature.

**Titles of Open Source Videos**

The defense objects to the titles of the open source videos being included on the government's exhibit list assuming that list will be provided to the jury.  The title of the video chosen by an unrelated party is both irrelevant and prejudicial (i.e. "Raw footage from the Storming of the Capitol," "Trump Supporters Battle Cops").

**Exhibit 136**

The events in the tunnel are not depicted until minute marker 0:40. Beginning at minute marker 2:15, footage begins from a different place and time on January 6 and Mr. GossJankowski is not visible. Both the beginning and the end of the proposed exhibit must be excised.

**Exhibit 138**

The defense objects to use of this video for the same reasons set forth in our motion in limine at ECF 107.  Exhibit 137 is the same as "Exhibit 6" from the government's earlier production of exhibits.  The last five minutes of this seven minute video depict individuals other than Mr. GossJankowski physically pushing against law enforcement officers.  Mr. GossJankowski was not among these individuals and is not depicted in any of this footage.  It must be excised.

**Exhibit 140**

The defense objects to use of this video for the same reasons set forth in our motion in limine at ECF 107.  Exhibit 140 is the same as "Exhibit 15" from the government's earlier

production of exhibits. Among other reasons set forth in the motion in limine, this video contains extensive inflammatory and prejudicial commentary by participants who have no connection to Mr. GossJankowski. Mr. GossJankowski is visible only momentarily and is entirely absent after the second minute of seven minutes. The prejudice to Mr. GossJankowski from this video outweighs any minimal, cumulative probative value it may have.

**Exhibits 141 and 141C**

This video is almost 30 minutes long—and the "Trial Graphics Version" is longer than the original. We object to use of the entire video. At a minimum, it should be edited to include only portions where Mr. GossJankowski's conduct is visible. For example, Mr. GossJankowski is not visible in any of the video after approximately minute marker 5:08. The defense further maintains that any altered videos should be used only as demonstratives.

**Exhibits 143.2A and 143.3A**

These videos are 5 and 10 minutes long, respectively, and Mr. GossJankowski is largely absent from them. The defense objects to showing these entire videos. Only the portion(s) where Mr. GossJankowski is visible should be used. The defense also objects to the modifications made in Exhibit 143.3A which appear distort a part of it by using a slow motion effect. The whole video exhibit should be used in real time and altered videos should only be used as demonstratives.

**Exhibit 304**

The defense objects to everything until the last entry on the first page (17:51:40) and asks that it be redacted under Rule 403. The defense also objects to all entries on the second page until the entry at 21:39:55 and the last two entries on the second page. These entries should be redacted as well. The exchanges are both irrelevant and prejudicial.

**Exhibit 305**

This exhibit consists of several exchanges with posts apparently made by members of a Facebook group. Only postings by Mr. GossJankowski should be admitted. There is no evidence that Mr. GossJankowski saw any of the other postings unless there is a direct exchange between him and another member.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

        _____/s/_____
        Celia Goetzl
        Ned Smock
        Assistant Federal Public Defenders
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500