United States District Court
For The District of Columbia

| | |
|---|---|
| **United States of America,**<br><br>v.<br><br>**Vitali GossJankowski,**<br><br>Defendant. | **Case No. 21-cr-123 (PLF)** |

**Defendant's Memorandum of Law
in Support of Special Verdict Form for Count One**

A special verdict form and an additional unanimity instruction for Count 1 is necessary because all twelve jurors need to be unanimous as to the individual, or individuals, who was obstructed, impeded, or interfered with. "[A] jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element." *Richardson v. United States*, 526 U.S. 813, 817 (1999); *accord United States v. Kayode*, 254 F.3d 204, 214 (D.C. Cir. 2001) (jury must agree that defendant "committed the offense as defined in the statute[.]"). While "means" or "brute facts" constituting an element generally do not require unanimity, *Richardson*, 526 U.S. at 817 (citing *Schad v. Arizona,* 501 U.S. 624, 631-32 (1991) (plurality op.)), even this general rule has its exceptions. This is because "the Constitution itself limits a [government's] power to define crimes in ways that would permit juries to convict while disagreeing about means, at least where that definition risks serious unfairness and lacks support in history or tradition." *Id.* at 820 (citing *Schad*, 501 U.S. at 632–33 (plurality op.) & *id.* at 651 (Scalia, J., concurring)).

Justice Scalia, in his concurrence in *Schad*, already addressed the need for juror unanimity in a factual scenario similar to the one at bar and concluded that unanimity is required.

1

He began with an example where juror unanimity was *not* required: "When a woman's charred body has been found in a burned house, and there is ample evidence that the defendant set out to kill her, it would be absurd to set him free because six jurors believe he strangled her to death (and caused the fire accidentally in his hasty escape), while six others believe he left her unconscious and set the fire to kill her." 501 U.S. at 650.  This example was indisputably about the *means* used to kill the victim or the "brute facts."  But Justice Scalia distinguished this from a case where it was the identity of the *victim* of an assault who was at issue.  In that case, juror unanimity was required:  "We would not permit, for example, an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday, despite the 'moral equivalence' of those two acts."  *Id.* at 651; *see also Richardson*, 526 U.S. at 820 (citing favorably to Justice Scalia's example to support conclusion that "violations" in CCE statute must each be found unanimously by the jury).

So too here.  An element of the offense of obstructing, impeding, or interfering under 18 U.S.C. § 231(a)(3) is that this act was to a "law enforcement officer."  That the victim is an element of this offense is supported by the further requirement that this individual must have been "engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder."  *Id.*  That there was an officer, and the identity of that officer, are not simply a "means" of committing the offense; rather, a jury must find that there was a victim of the obstructing, impeding, or interfering act who was, in turn, engaged in the lawful performance of his duties.  And like Justice Scalia's example, "we would not permit" an indictment to charge a defendant with *either* obstructing Officer X during the performance of his duties *or* obstructing Officer Y during the performance of his duties, "despite the 'moral equivalence' of those two acts." *Schad*, 501 U.S. at 651.

2

There are no 18 U.S.C. § 231(a)(3) cases discussing juror unanimity, and thus none regarding unanimity as to the alleged officer.  This is unsurprising given the paucity of cases including this charge until the events of January 6, 2021.  In any event, of the January 6th cases that went to trial on a § 231(a)(3) charge, there simply *was* no risk of a nonunanimous verdict in the majority of cases because the government made clear in its indictment the identity of the officer or officers involved.  *See United States v. Webster*, No. 21-cr-208 (APM), Second Superseding Indictment at 2, ECF No. 76 (Apr. 13, 2022) (Count Two alleging obstruction of "Officer N.R., an officer of the Metropolitan Police Department"); *United States v. Reffitt*, No. 21-cr-32 (DLF), Second Superseding Indictment at 2, ECF No. 34 (Sep. 15, 2021) (Count Four alleging obstruction of "A.D. and S.K., officers from the United States Capitol Police"); *United States v. Jensen*, No. 21-cr-006 (TJK), Superseding Indictment at 1-2, ECF No. 50 (Nov. 10, 2021) (Count One alleging obstruction of "Officer E.G., an officer from the United States Capitol Police").[1]

And in several of these cases, the jury was then instructed that it must find beyond a reasonable doubt that the defendant obstructed this specific officer.  *See Webster*, No. 21-cr-208 (APM), Final Jury Instructions at 15 (Aug. 2, 2022) (instructing jury to find the following element beyond a reasonable doubt: "the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with Officer Noah Rathbun"); *Jensen*, No. 21-cr-006 (TJK), Final Jury Instructions at 21, ECF No. 97 (Sep. 23, 2022) (instructing jury to find beyond a reasonable doubt that "the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with Officer

---

[1] *But see United States v. Robertson*, Case No. 21-CR-00034 (CRC), ECF Nos. 74 (Second Superseding Indictment) & 102 (Jury Verdict Form) (neither listing specific officer).

Eugene Goodman, an officer from the United States Capitol Police"). *Webster*, *Reffit*, and *Jensen* simply had no need to address the issue of juror unanimity because there was no risk of the jury disagreeing about which officer was obstructed, impeded, or interfered with: it was right there in the indictment and the jury instructions. This is in stark contrast to Mr. GossJankowski's case as it now stands.

There is also limited case law discussing juror unanimity in relation to other statutes that, like § 231(a)(3), concern criminal acts against a victim or victims—arguably because a victim is generally considered an indisputable element of a crime against a person. But those cases that do exist support the need for a special verdict form and additional juror unanimity instruction here. For example, in granting a certificate of appealability as to an ineffective assistance of counsel claim, the Fifth Circuit addressed a lack of juror unanimity about the victims of a capital murder. *Paredes v. Quarterman,* 574 F.3d 281, 292 (5th Cir. 2009). The Court described the defendant's argument that the jury "may have convicted him without reaching unanimity about which two or more persons he murdered" "far from meritless." *Id.* It explained: "For example, suppose that four jurors thought he murdered Torres and Bravo, another four thought he murdered Torres and Cain, and the last four thought he murdered Bravo and Cain. Then, as to each respective victim, eight jurors thought Paredes murdered that victim and four jurors thought he did not." *Id.* "This leads to the arguably perverse result that Paredes could have been found not guilty of each of the three murders had they been charged individually (none of which would have been a capital offense alone under the state statute), but guilty with the three charged together." *Id.*

In addition, in a trial for conspiracy to murder rival gang members, the Ninth Circuit affirmed a court's additional unanimity instruction "requiring the jurors to unanimously agree on the person or persons who were the intended victims of the murder conspiracy." *United States v.*

4

*Gonzalez*, 786 F.3d 714, 717–18 (9th Cir. 2015). Just like *Gonzales* and *Paredes*, here too jurors should be instructed to unanimously agree on the person or persons that Mr. GossJankowski allegedly obstructed, impeded or interfered with.[2]

The facts of these cases contrast with those where jurors must find that a certain number of objects or people is proven, but need not be unanimous as to which of several objects or people meet that number. In those cases, because all agree that the threshold number is met, the identity of each object or person need not be agreed upon. *See, e.g., Kayode*, 254 F.3d at 214 (holding that where 18 U.S.C. § 1028A required possession of five or more false documents, jury need not agree on which five documents were false); *United States v. Harris,* 959 F.2d 246, 255 (D.C. Cir. 1992), *abrogated on other grounds by United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001) (holding that where commission of a CCE offense requires concerted action with "five or more other persons," 21 U.S.C. § 848(c)(2)(A), jury need not agree on which five people were members). This makes sense: in these scenarios, twelve jurors have all agreed that there were the requisite number of objects or people proven, whereas in *Paredes, Gonzales*, and this case, six jurors could agree as to one victim, while six others as to another.

Without an additional unanimity instruction here, six jurors could, theoretically, believe Mr. GossJankowski obstructed Officer M.M., while six do not, and six jurors could believe he obstructed the officer whose shield he is alleged to have grabbed, while six do not. Indeed, even if this Court concludes that the identity of the officer or officers *is* a means about which the jury need not generally be unanimous, it should require it here because doing otherwise "risks serious

---

[2] The D.C. Circuit affirmed an additional unanimity instruction in a bank fraud prosecution in which this Court had "carefully instructed the jury that they must unanimously agree on the overall scheme and at least one of the specified acts in furtherance of the scheme (as well as the only act that occurred in D.C.), thereby eliminating the possibility of a nonunanimous verdict." *United States v. Bruce,* 89 F.3d 886, 890 (D.C. Cir. 1996).

unfairness" that Mr. GossJankowski will be convicted despite jurors being in disagreement as to which officer he obstructed, impeded, or interfered with. *Richardson*, 526 U.S. at 820.

                                              Respectfully submitted,

                                              A.J. KRAMER
                                              FEDERAL PUBLIC DEFENDER

                                              _____/s/_____
                                              Ned Smock
                                              Celia Goetzl
                                              Assistant Federal Public Defenders
                                              625 Indiana Ave., N.W., Suite 550
                                              Washington, D.C.  20004
                                              (202) 208-7500