UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-123 (PLF) |
| | ) | |
| VITALI GOSSJANKOWSKI, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### ADDITIONAL DEFENSE PROPOSED JURY INSTRUCTIONS

Mr. Vitali GossJankowski, through counsel, hereby requests and respectfully moves this Court to consider the below jury instructions, in addition to those proposed by the defense in ECF 129. For ease of reference, attached are the defense's final proposed instructions on the substantive counts in the indictment.

**For Count One, Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3):**

A specific officer or officers should be named. If more than one officer is named, the defense requests a unanimity instruction and special verdict form.

You must unanimously agree on the specific officer or officers that the defendant intended to obstruct, impede, or interfere with. In other words, you may not return a finding of guilt if some of you believe that the defendant intended to obstruct, impede or interfere with one officer while others of you believe that he intended to obstruct, impede, or interfere with a different officer or officers.

The jury must find that the defendant acted in a violent manner. *See United States v. Casper*, 541 F.2d 1275, 1276 (8th Cir. 1976); *United States v. Mechanic*, 454 F.2d 849, 852 (8th Cir. 1971) (statute applies only to violent physical acts).

1

**For Count Two, Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. §§ 2, 1512(c)(2):**

<u>"Corruptly"</u>

If you find Mr. GossJankowski guilty of any of the other charges in the indictment, that finding alone is not sufficient to find that he acted corruptly for the purposes of Count Two. The corrupt intent must be directly related to the official proceeding.

<u>Aiding and Abetting</u>

"[K]new" in the second element (ECF 129 at 55) should be changed to "had advanced knowledge." *Rosemond v. United States*, 572 U.S. 65, 81–82 (2014).

The Court should also instruct: This instruction on aiding and abetting applies only to Count Two and to no other count. With respect to the charge of Obstruction of an Official Proceeding, regardless of whether the defendant is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that the defendant personally acted knowingly, corruptly, and with intent to obstruct or impede the official proceeding. *See United States v. Gillespie*, 22-cr-060 (BAH), Final Jury Instructions, ECF 52 at 13.

**For Count Three, Assaulting an Officer Using a Deadly or Dangerous Weapon, 18 U.S.C. § 111(a)(1), (b):**

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) is not the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a

reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

*United States v. Webster*, 21-cr-208 (APM), Final Jury Instructions, ECF 101 at 14.

**For Count Four, Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(1), (b)(1)(A):**

The area was restricted if it was physically demarcated at the time when the defendant entered. *See United States v. Bursey*, 416 F.3d 301, 307 (4th Cir. 2005) (declining to decide whether the boundaries must be physically demarcated).

Also, the area must have been restricted because the President or other person protected by the Secret Service was temporarily visiting or would be temporarily visiting.

You may not consider Mrs. Pence or Charlotte Pence to be the "person protected by the Secret Service." You may consider only former Vice President Pence for that purpose.

If the defendant did not know that the area was restricted, he is not guilty of the offense. *See United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1246 (D.C. Cir. 2008) (finding defendant must know that the means of identification belongs to another person to find him guilty of aggravated identity theft).

One who enters or remains in a restricted area with a good faith belief that he is entering or remaining with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain the area.

The Court should also give a lesser-included offense instruction: If, after careful consideration of all of the evidence, you have a reasonable doubt as to the [weapon] element,

Case 1:21-cr-00123-PLF   Document 154   Filed 03/12/23   Page 4 of 5

then you must find the defendant not guilty of this offense.  As you will see on the verdict form, you may then consider whether the defendant is guilty of the lesser included offense of entering and remaining in a restricted building or grounds.  To find the defendant guilty of the lesser included offense, you must be convinced that the government has proved beyond a reasonable doubt all of the other elements of the greater offense, listed above.

**For Count Five, Disorderly Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2), (b)(1)(A):**

The area was restricted only if it was physically demarcated at the time of the defendant's conduct.  *See United States v. Bursey*, 416 F.3d 301, 307 (4th Cir. 2005) (declining to decide whether the boundaries must be physically demarcated).

Also, the area must have been restricted because the President or other person protected by the Secret Service was temporarily visiting or would be temporarily visiting.

You may not consider Mrs. Pence or Charlotte Pence to be the "person protected by the Secret Service."  You may consider only former Vice President Pence for that purpose.

If the defendant did not know that the area was restricted, he is not guilty of the offense. *See United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1246 (D.C. Cir. 2008) (finding defendant must know that the means of identification belongs to another person to find him guilty of aggravated identity theft).

The Court should also give a lesser-included offense instruction:  If, after careful consideration of all of the evidence, you have a reasonable doubt as to the [weapon] element, then you must find the defendant not guilty of this offense.  As you will see on the verdict form, you may then consider whether the defendant is guilty of the lesser included offense of disorderly conduct in a restricted building or grounds.  To find the defendant guilty of the lesser included offense, you must be convinced that the government has proved beyond a reasonable

4

doubt all of the other elements of the greater offense, listed above.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Celia Goetzl
Ned Smock
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

5