Defense Final Proposed Instructions

## Count One
## Obstructing Officers During a Civil Disorder
### (Violation of 18 U.S.C. § 231(a)(3))

Count One of the Indictment charges the defendant with committing an act to obstruct, impede, or interfere with a law enforcement officer lawfully carrying out his or her official duties incident to a civil disorder, which is a violation of federal law.  Count One also charges the defendant with attempting to commit this offense.  I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:    that the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with a law enforcement officer, specifically [NAME OF OFFICER].

*Second*:    that at the time of the defendant's actual act, the law enforcement officer was engaged in the lawful performance of his or her official duties incident to and during a civil disorder.

*Third*:    that the [civil disorder or defendant's act] in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

*Fourth*:    that the defendant acted in a violent manner.

You must unanimously agree on the specific officer or officers that the defendant intended to obstruct, impede, or interfere with.  In other words, you may not return a finding

1

Defense Final Proposed Instructions

of guilt if some of you believe that the defendant intended to obstruct, impede or interfere with one officer while others of you believe that he intended to obstruct, impede, or interfere with a different officer or officers.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

Defense Final Proposed Instructions

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.

As I explained, the third element requires the government to prove that [the defendant's act or civil disorder] in any way obstructs, delays, or adversely affects commerce or the movement of any article in commerce, or in any way obstructs, delays or adversely affects the conduct or performance of any federally protected function. The government is not required to prove that the defendant's act had both of these effects, but you must each find that it has proved at least one effect beyond a reasonable doubt.

If you find the defendant not guilty of this offense, you will go on to Count Two on the verdict form. If the government has established all elements beyond a reasonable doubt and you find the defendant guilty of this offense, you will be asked to indicate on the verdict form:  1) whether the jury unanimously agrees that the government has shown that the [defendant's act or civil disorder] obstructed, delayed, or adversely affected commerce; and 2) whether the jury unanimously agrees that the government has shown that the [defendant's act or civil disorder] obstructed, delayed or adversely affected the conduct of a federally protected function.

**Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder.

3

Defense Final Proposed Instructions

In order to find a defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

*First*:         that the defendant intended to commit the crime of obstructing an officer during a civil disorder, as I have defined that offense above.

*Second*:    that the defendant took a substantial step toward committing obstructing an officer during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruct officers during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

4

Defense Final Proposed Instructions

## Count Two
## Obstruction of an Official Proceeding and Aiding and Abetting
### (Violation of 18 U.S.C. §§ 2, 1512(c)(2))

Count Two of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law. Count Two also charges the defendant with attempting to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. I will first explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:      that the defendant did obstruct or impede an official proceeding.

*Second*:      that the defendant intended to obstruct or impede the official proceeding.

*Third*:      that the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

*Fourth*:      that the defendant acted corruptly.

To have obstructed, influenced or impeded an official proceeding, you must find that the defendant took some action with respect to a document, record, or other object.

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must

Defense Final Proposed Instructions

prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

The term "knowingly" has the same meaning that I gave you previously.

To act "corruptly," the defendant must have used an unlawful means or acted with an unlawful purpose and must have had an intent to obstruct and to obtain an unlawful benefit for himself or an associate.

If you find Mr. GossJankowski guilty of any of the other charges in the indictment, that finding alone is not sufficient to find that he acted corruptly for the purposes of Count Two.  The corrupt intent must be directly related to the official proceeding.

**Attempt**

In Count Two, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

*First*:      that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

*Second*:   that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

Defense Final Proposed Instructions

### Aiding and Abetting

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count Two. This instruction on aiding and abetting applies only to Count Two and to no other count.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following five requirements:

*First*:        that others committed the offense charged by committing each of the elements of the offense charged, as I have explained above.

*Second*:    that the defendant had advanced knowledge that the offense charged was going to be committed or was being committed by others.

*Third*:      that the defendant acted in furtherance of the offense.

*Fourth*:    that the defendant knowingly acted for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense charged.

*Fifth*:       that the defendant intended that others commit the offense charged.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by Mr. GossJankowski at the place and time the crime is committed is not by itself sufficient to establish his guilt.

Evidence that Mr. GossJankowski merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the

7

Defense Final Proposed Instructions

commission of the offense is not enough for you to find Mr. GossJankowski guilty as an aider and abetter. If the evidence shows that Mr. GossJankowski knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Mr. GossJankowski's intent and purpose to aid, assist, solicit, facilitate, or encourage with the offense, you may not find Mr. GossJankowski guilty as an aider and abettor. The government must prove beyond a reasonable doubt that Mr. GossJankowski in some way participated in the offense committed by others as something Mr. GossJankowski wished to bring about and to make succeed.

To show that Mr. GossJankowski performed an act in furtherance of the offense charged, to satisfy the third requirement, the government needs to show some affirmative participation by Mr. GossJankowski which at least encouraged others to commit the offense. That is, you must find that Mr. GossJankowski's act did, in some way, aid, assist, facilitate, or encourage others to commit the offense. Mr. GossJankowski's act need not further aid, assist, facilitate, or encourage, every part or phase of the offense charged; it is enough if Mr. GossJankowski's act further aids, assists, facilitates, or encourages only one part or phase of the offense. Also, Mr. GossJankowski's acts need not themselves be against the law.

With respect to Count Two, regardless of whether the defendant is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that the defendant personally acted knowingly, corruptly, and with intent to obstruct or impede the official proceeding.

Defense Final Proposed Instructions

## Count Three
### Assaulting, Resisting, or Impeding Certain Officers
### Using a Deadly or Dangerous Weapon
### (Violation of 18 U.S.C. § 111(a)(1), (b))

Count Three of the Indictment charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States, specifically, Morris Moore, who was engaged in the performance of his official duties, which is a violation of federal law. This count additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon, made physical contact with Morris Moore, and acted with the intent to commit another felony.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser offense of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any officer of the United States who is engaged in the performance of their official duties, while making physical contact with the victim or acting with the intent to commit another felony.

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while using a deadly or dangerous weapon, you must find the following elements beyond a reasonable doubt:

First:     that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Morris Moore;

Second:   that the defendant acted voluntarily and intentionally;

Third:     that Morris Moore was an officer or employee of the United States or of any agency in any branch of the United States Government;

9

Defense Final Proposed Instructions

| | |
|---|---|
| Fourth: | that Morris Moore was engaged in or on account of the performance of official duties when the defendant acted; |
| Fifth: | that, in acting, the defendant intentionally used a stun gun; |
| Sixth: | that the stun gun was capable of causing serious bodily injury or death to Morris Moore; |
| Seventh: | that the defendant used the stun gun in a manner capable of causing serious bodily injury or death to Morris Moore. |

All of the acts—assault, resist, oppose, impede, intimidate and interfere with—are modified by the word "forcibly."  Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that he acted forcibly.

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer.  A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) is not the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

Defense Final Proposed Instructions

If, after careful consideration of all of the evidence, you have a reasonable doubt as to the fifth, sixth, or seventh elements, then you must find the defendant not guilty of this offense. As you will see on the verdict form, you may then consider whether the defendant is guilty of a lesser included offense of assault with acts involving physical contact with Morris Moore or assault with the intent to commit the offense charged in Count One.

To find the defendant guilty of a lesser included offense of assault with acts involving physical contact with Morris Moore or assault with the intent to commit the offense charged in Count One, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| First: | that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Morris Moore; |
| Second: | that the defendant acted voluntarily and intentionally; |
| Third: | that Morris Moore was an officer or employee of the United States or of any agency in any branch of the United States Government; |
| Fourth: | that Morris Moore was engaged in or on account of the performance of official duties when the defendant acted; |
| Fifth: | that defendant's forcible conduct resulted in actual physical contact with Morris Moore, or the defendant's forcible conduct was done with the intent to commit the offense charged in Count One. |

Again, all of the acts—assault, resist, oppose, impede, intimidate and interfere with—are modified by the word "forcibly." Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that he acted forcibly.

The terms "forcibly" and "assault" have the same meaning I previously gave you.

11

Defense Final Proposed Instructions

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

As I just explained, the fifth element requires the government to prove that the defendant's forcible conduct resulted in actual physical contact with Morris Moore or was done with the intent to commit the offense charged in Count One. The government is not required to prove both, but you must each find that it has proved at least one beyond a reasonable doubt. If you find that the government has established all five elements beyond a reasonable doubt and you find the defendant guilty of this offense, you will be asked to indicate on the verdict form: 1) whether the jury unanimously agrees that the government has shown beyond a reasonable doubt that the defendant's forcible conduct resulted in actual physical contact with Morris Moore; and 2) whether the jury unanimously agrees that the government has shown beyond a reasonable doubt that the defendant's forcible conduct was done with the intent to commit the offense charged in Count One.

Defense Final Proposed Instructions

**Count Four**
**Entering and Remaining in a Restricted Building or Grounds**
**with a Deadly or Dangerous Weapon**
**(Violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A))**

Count Four of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

| | |
|---|---|
| First: | that the defendant knowingly entered or remained in a restricted building or grounds; |
| Second: | that at the time the defendant entered or remained, the building or grounds were posted, cordoned off, or otherwise clearly restricted; |
| Third: | that the defendant knew he was without lawful authority to enter or remain in the restricted building or grounds; and |
| Fourth: | that the defendant, during and in relation to the first, second, and third elements, used or carried a deadly or dangerous weapon. |

The term "knowingly" has the same meaning that I gave you previously.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise clearly restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting or will be temporarily visiting.

An area is restricted if it is physically demarcated at the time when the defendant enters.   Also, the area must be restricted because the person protected by the Secret Service is temporarily visiting or will be temporarily visiting.

13

Defense Final Proposed Instructions

You may not consider Mrs. Pence or Charlotte Pence to be the "person protected by the Secret Service." You may consider only former Vice President Pence for that purpose.

If the defendant did not know that the area was restricted, he is not guilty of the offense. One who enters or remains in a restricted area with a good faith belief that he is entering or remaining with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain the area.

To find that the defendant used or carried a deadly or dangerous weapon, you must find beyond a reasonable doubt that the object was capable of causing serious bodily injury or death to another person and the defendant carried or used the object with the intent to use it in a manner capable of causing serious bodily injury or death to another person. The defendant need not have actually used the object in that manner.

If, after careful consideration of all of the evidence, you have a reasonable doubt as to the fourth element, then you must find the defendant not guilty of this offense. As you will see on the verdict form, you may then consider whether the defendant is guilty of the lesser included offense of entering and remaining in a restricted building or grounds. To find the defendant guilty of the lesser included offense, you must be convinced that the government has proved beyond a reasonable doubt the first, second, and third elements of the greater offense, listed above.

14

Defense Final Proposed Instructions

## Count Five
### Disorderly Conduct in a Restricted Building or Grounds
### with a Deadly or Dangerous Weapon
### (Violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A))

Count Five of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First:       that the defendant knowingly engaged in disorderly or disruptive conduct;

Second:   that, at the time of the defendant's conduct, the defendant knew he was in, or in proximity to, a restricted building or grounds;

Third:      that, at the time of the defendant's conduct, the building or grounds were posted, cordoned off, or otherwise clearly restricted;

Fourth:    that the defendant acted with the intent to impede or disrupt the orderly conduct of Government business or official functions;

Fifth:       that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions; and

Sixth:      that the defendant, during and in relation to the disorderly or disruptive conduct, used or carried a deadly or dangerous weapon.

The term "knowingly" has the same meaning that I gave you previously.

"Disorderly conduct" is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is disorderly conduct in the context of a governmental proceeding.

15

Defense Final Proposed Instructions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise clearly restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting or will be temporarily visiting.

An area is restricted if it is physically demarcated at the time when the defendant enters.  Also, the area must be restricted because the person protected by the Secret Service is temporarily visiting or will be temporarily visiting.

You may not consider Mrs. Pence or Charlotte Pence to be the "person protected by the Secret Service."  You may consider only former Vice President Pence for that purpose.

If the defendant did not know that the area was restricted, he is not guilty of the offense.

To find that the defendant used or carried a deadly or dangerous weapon, you must find beyond a reasonable doubt that the object was capable of causing serious bodily injury or death to another person and the defendant carried or used the object with the intent to use it in a manner capable of causing serious bodily injury or death to another person.  The defendant need not have actually used the object in that manner.

If, after careful consideration of all of the evidence, you have a reasonable doubt as to the sixth element, then you must find the defendant not guilty of this offense.  As you will see on the verdict form, you may then consider whether the defendant is guilty of the lesser included offense of disorderly conduct in a restricted building or grounds.  To find the defendant guilty of the lesser included offense, you must be convinced that the government has proved beyond a reasonable doubt all of the other elements of the greater offense, listed above.

16

Defense Final Proposed Instructions

## Count Six
## Disorderly Conduct in a Capitol Building or Grounds
## (Violation of 40 U.S.C. § 5104(e)(2)(D))

Count Six of the Indictment charges the defendant with disorderly conduct in a Capitol Building or Grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:        that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Building or Grounds.

*Second*:    that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

*Third*:       that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings or Grounds" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. and its grounds, which includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Five defining "disorderly conduct" and "disruptive conduct."

The term "knowingly" has the same meaning that I gave you previously.

Defense Final Proposed Instructions

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.