UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-123 (PLF) |
| VITALI GOSSJANKOWSKI | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

## TABLE OF CONTENTS

FINAL JURY INSTRUCTIONS ......................................................................................... 1

2.100 Furnishing the Jury with a Copy of the Instructions ............................................. 1

2.101 Function of the Court............................................................................................. 2

2.102 Function of the Jury............................................................................................... 3

2.103 Jury's Recollection Controls ................................................................................. 4

2.104 Evidence in the Case—Stipulation........................................................................ 5

2.105 Statements of Counsel ........................................................................................... 6

2.106 Criminal Indictment Not Evidence........................................................................ 7

2.107 Burden of Proof—Presumption of Innocence ....................................................... 8

2.108 Reasonable Doubt.................................................................................................. 9

2.109 Direct and Circumstantial Evidence ..................................................................... 10

2.110 Nature of Charges Not to Be Considered .............................................................. 11

2.111 Number of Witnesses ............................................................................................. 12

2.112 Inadmissible and Stricken Evidence...................................................................... 13

2.200 Credibility of Witnesses ........................................................................................ 14

2.207 Police Officer's Testimony.................................................................................... 16

2.208 Right of Defendant Not to Testify ......................................................................... 17

3.101 Proof of State of Mind [with dual-purpose intent instruction appended] .............. 20

2.402 Multiple Counts—One Defendant......................................................................... 21

2.405 Unanimity ............................................................................................................. 22

Count One Obstructing Officers During a Civil Disorder (Violation of 18 U.S.C. § 231(a)(3)) ................................................................................................................. 23

Count Two Obstruction of an Official Proceeding and Aiding and Abetting (Violation of 18 U.S.C. § 1512(c)(2)).......................................................................................... 27

Count Three Assaulting, Resisting, or Impeding Certain Officers  Using a Deadly or Dangerous Weapon (Violation of 18 U.S.C. § 111(a)(1), (b)).......................................... 31

Count Four Entering and Remaining in a Restricted Building or Grounds  with a Deadly or Dangerous Weapon (Violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A))....... 35

Count Five Disorderly Conduct in a Restricted Building or Grounds  with a Deadly or Dangerous Weapon (Violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A))....................... 38

Count Six Disorderly Conduct in a Capitol Building or Grounds (Violation of 40 U.S.C. § 5104(e)(2)(D)) .............................................................................................. 41

2.407 Verdict Form Explanation .................................................................................... 44

2.500 Redacted Exhibits ................................................................................................. 45

2.501 Exhibits During Deliberations .............................................................................. 46

2.502 Selection of Foreperson ........................................................................................ 47

2.505 Possible Punishment Not Relevant........................................................................ 48

2.508 Cautionary Instruction on Publicity, Communication, and Research .................... 49

2.509 Communication Between Court and Jury During Jury's Deliberations................. 50

2.510 Attitude and Conduct of Jurors in Deliberations................................................... 51

2.511 Excusing Alternate Jurors...................................................................................... 52


Verdict Form.............................................................................End of Document

**FINAL JURY INSTRUCTIONS**

**2.100**
**Furnishing the Jury with a Copy of the Instructions**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**2.101**
**Function of the Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**2.102**
**Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Proposed Jury Instructions—Page 3**

**2.103**
**Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**2.104**
**Evidence in the Case—Stipulation**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**2.105**
**Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**2.106**
**Criminal Indictment Not Evidence**

A criminal indictment is merely the formal way of accusing a person of a crime. You must not consider the Indictment as evidence of any kind—you may not consider it as any evidence of Vitali GossJankowski's guilt or draw any inference of guilt from it.

**2.107**
**Burden of Proof—Presumption of Innocence**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Vitali GossJankowski to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Vitali GossJankowski is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find Vitali GossJankowski not guilty of that offense.

**2.108**
**Reasonable Doubt**

The government has the burden of proving Vitali GossJankowski guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**2.109**
**Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**2.110**
**Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**2.111**
**Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**2.112**
**Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**2.200**
**Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**2.207**
**Police Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

## 2.208
## Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify. Vitali GossJankowski has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

## 2.215
## Specialized Opinion Testimony

In this case, you heard the testimony of Dr. Mark Kroll, who expressed opinions concerning the device allegedly used by the defendant on January 6, 2021.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a face in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.  You are not bound to accept this witness's opinion.  If you find that the opinion in not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion.  You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**3.101**
**Proof of State of Mind[1]**
**[with dual-purpose intent instruction appended]**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate his or her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

While a defendant must act with the intent as I describe below for each charged crime, this need not be the defendant's sole purpose. A defendant's unlawful intent is not negated by the simultaneous presence of another purpose for the defendant's conduct.

---

[1] Redbook 3.101 (first two paragraphs); *United States v. Erik Herrera*, 21-cr-619-BAH, ECF No. 65 (D.D.C. Aug. 18, 2022) (third paragraph regarding dual-purpose intent). *United States v. Brown*, 934 F.3d 1278, 1307 (11th Cir. 2019); 2 James Fitzjames Stephen, *A history of the Criminal Law of England* 121 (1883) ("[A] man's motives for any given act … are always mixed."); *United States v. Woodward*, 149 F.3d 46, 70 (1st Cir. 1998); *United States v. Bryant*, 655 F.3d 232, 245-46 (3d Cir. 2011) (upholding similar jury instruction); *United States v. Coyne*, 4 F.3d 100, 113 (2nd Cir. 1993).

**2.402**
**Multiple Counts—One Defendant**

Each count of the Indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the Indictment should not influence your verdict with respect to any other count of the Indictment.

**2.405**
**Unanimity**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

## Count One
## Obstructing Officers During a Civil Disorder
## (Violation of 18 U.S.C. § 231(a)(3))

Count One of the Indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:      that the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

*Second*:   that at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

*Third*:     that the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

In order to find the defendant guilty of this offense, you must unanimously agree on at least one officer who was the intended victim of the defendant's acts of obstruction, impediment, or interference.

**Definitions**

Proposed Jury Instructions—Page 23

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.[2]

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.[3]

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[4]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[5]

---

[2] *See United States v. Thomas Webster,* No. 21-cr-208-APM; *United States v. Douglas Jensen*, No. 21-cr-6-TJK; Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

[3] 18 U.S.C. § 232(1); *see also Webster*; *see also Jensen*.

[4] *United States v. Guy Reffitt*, Case No. 21-cr-32-DLF; *see also Webster*; *see also Jensen*; modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021).

[5] 18 U.S.C. § 232(3).

**Proposed Jury Instructions—Page 24**

The term "department" includes executive departments.[6] The Department of Homeland Security, which includes the United States Secret Service, is an executive department.[7]

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.[8]

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.[9]

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

**Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to obstruct officers during a civil disorder is a federal crime even if the defendant did not actually complete the crime of obstructing officers during a civil disorder.

---

[6] 18 U.S.C. § 6.

[7] 5 U.S.C. § 101.

[8] 18 U.S.C. § 6.

[9] 18 U.S.C. § 232(7).

**Proposed Jury Instructions—Page 25**

In order to find a defendant guilty of attempt to commit the crime of obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

*First*:       that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

*Second*:    that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find a defendant guilty of attempting to obstruct officers during a civil disorder merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruct officers during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.[10]

---

[10] Seventh Circuit Pattern Criminal Jury Instructions; Third Circuit Pattern Jury Instructions 7.01.

**Count Two**
**Obstruction of an Official Proceeding and Aiding and Abetting**
**(Violation of 18 U.S.C. § 1512(c)(2))[11]**

Count Two of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law. Count Two also charges the defendant with *attempting* to obstruct or impede an official proceeding and *aiding and abetting others* to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:      that the defendant attempted to or did obstruct or impede an official proceeding.

*Second*:      that the defendant acted with the intent to obstruct or impede the official proceeding.

*Third*:      that the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

---

[11] Modeled on final jury instructions in *United States v. Reffitt*, No. 21-cr-32 (DLF), ECF No. 119 (D.D.C. Mar. 7, 2022); *United States v. Robertson*, No. 21-cr-34 (CRC), ECF No. 86 (D.D.C. Apr. 8, 2022); *United States v. Thompson*, No. 21-cr-161 (RBW), ECF No. 83 (Apr. 14, 2022); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM), ECF No. 84 (May 27, 2022); *United States v. Williams*, No. 21-cr-377 (BAH), ECF No. 112 (D.D.C. June 30, 2022); *United States v. Bledsoe*, No. 21-cr-204 (BAH), ECF No. 215 (July 21, 2022).

*Fourth*:    that the defendant acted corruptly.

**Definition**

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Two, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

The term "knowingly" has the same meaning that I gave you previously.

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

**Attempt**

In Count Two, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

*First*:      that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

*Second*:    that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

### Aiding and Abetting

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count Two.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

*First*:      that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

*Second*:    that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

**Proposed Jury Instructions—Page 29**

*Third*:        that the defendant performed an act or acts in furtherance of the offense.

*Fourth*:      that the defendant knowingly performed an act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

*Fifth*:        that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

## Count Three
## Assaulting, Resisting, or Impeding Certain Officers
## Using a Deadly or Dangerous Weapon
## (Violation of 18 U.S.C. § 111(a)(1), (b))

Count Three of the Indictment charges the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States, specifically, M.M., who was engaged in the performance of his official duties, which is a violation of federal law. This count additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon, made physical contact with M.M., and acted with the intent to commit another felony.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the offense of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any officer of the United States who is engaged in the performance of their official duties, while making physical contact with the victim or acting with the intent to commit another felony. After I give you the elements of these crimes, I will tell you in what order you should consider them.

### Elements of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while using a deadly or dangerous weapon, you must find the following elements beyond a reasonable doubt:

*First*:     that the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police.

**Proposed Jury Instructions—Page 31**

*Second*:         that the defendant did such acts forcibly.

*Third*:          that the defendant did such acts voluntarily and intentionally.

*Fourth*:        that the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer of the United States who was then engaged in the performance of his official duties.

*Fifth*:          that, in doing such acts, the defendant used a deadly or dangerous weapon.[12]

### Elements of Assaulting, Resisting, or Impeding Certain Officers, While Making Physical Contact with the Victim or Acting With the Intent to Commit Another Felony

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while making physical contact with the victim or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

*First*:          that the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police.

*Second*:         that the defendant did such acts forcibly.

---

[12] To prove an offense under Section 111(b), the government does not need to further prove the elements of Section 111(a)'s enhanced penalty provision—"physical contact" or "intent to commit another felony." *See United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021) ("[A] defendant violates § 111(b) by causing bodily injury to a federal officer while committing one or more of the following acts: assault, resist, oppose, impede, intimidate, and interfere."); *United States v. Siler*, 734 F.3d 1290, 1297 (11th Cir. 2013) ("[P]hysical contact is not required as a predicate act or element of § 111(b) so long as acts encompassed in the first separate crime were committed and in doing so the defendant used a deadly or dangerous weapon or inflicted bodily injury.").

*Third*:          that the defendant did such acts voluntarily and intentionally.

*Fourth*:       that the person assaulted, resisted, opposed, impeded, intimidated, or
                interfered with was an officer of the United States who was then engaged in
                the performance of his official duties.

*Fifth*:         that the defendant made physical contact with the officer of the United States
                who was then engaged in the performance of his or her official duties, or
                acted with the intent to commit another felony.  For purposes of this element,
                "another felony" refers to the offense charged in Count Two, which is
                described above.

**Order of considering the charges**

Now I am going to instruct you as to the order in which you should consider the
above offenses. You should consider first whether the defendant is guilty of assaulting,
resisting, opposing, impeding, intimidating, or interfering with an officer of the United
States who is engaged in the performance of his official duties, while using a deadly or
dangerous weapon. If you find the defendant guilty, do not go on to the other charge. If
you find the defendant not guilty, go on to consider assaulting, resisting, opposing,
impeding, intimidating, or interfering with an officer of the United States who is engaged
in the performance of his official duties, while making physical contact with the person or
acting with the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.

**Definitions**

A person acts "forcibly" if he uses force, attempts to use force, or threatens to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that a defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) isn't the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. Objects that have perfectly peaceful purposes may be turned into dangerous weapons when used in a manner likely to cause seriously bodily injury or death. In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the object is used.

**Count Four**
**Entering and Remaining in a Restricted Building or Grounds**
**with a Deadly or Dangerous Weapon**
**(Violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A))**

Count Four of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of entering or remaining in a restricted building or grounds, which is also a violation of federal law.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

**Elements of Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Greater Offense)**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:        that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*:        that the defendant did so knowingly.

*Third*:        that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

**Elements of Entering or Remaining in a Restricted Building or Grounds (Lesser Included Offense)**

In order to find a defendant guilty of entering or remaining in a restricted building or grounds, you must find the following:

*First*:       that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*:       that the defendant did so knowingly.

### Order of considering the charges

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds while using or carrying a deadly or dangerous weapon. If you find the defendant guilty of this offense, do not go on to the lesser included offense. If you find the defendant not guilty, go on to consider whether he is guilty of entering or remaining in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

### Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[13]

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.[14]

The term "knowingly" has the same meaning that I gave you previously.

---

[13] 18 U.S.C. § 1752(c)(1).

[14] 18 U.S.C. §§ 1752(c)(2), 3056.

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner. Objects that have perfectly peaceful purposes may be turned into dangerous weapons when used in a manner likely to cause seriously bodily injury or death. In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the object is used.

**Count Five**
**Disorderly Conduct in a Restricted Building or Grounds**
**with a Deadly or Dangerous Weapon**
**(Violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A))**

Count Five of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law.  I will also instruct you on the lesser included offense of disorderly and disruptive conduct in a restricted building or grounds, which is also a violation of federal law. After I give you the elements of these crimes, I will tell you in what order you should consider them.

**Elements of Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (Greater Offense)**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:        that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*:    that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*:      that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

*Four*:       that the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

**Elements of Disorderly or Disruptive Conduct in a Restricted Building or Grounds (Lesser Included Offense)**

In order to find a defendant guilty of disorderly and disruptive conduct in a restricted building or grounds, you must find the following:

*First*:      that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*:      that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*:      that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Order of considering the charges**

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of disorderly and disruptive conduct in a restricted building or grounds while using or carrying a deadly or dangerous weapon. If you find the defendant guilty of this offense, do not go on to the lesser included offense. If you find the defendant not guilty, go on to consider whether he is guilty of disorderly and disruptive conduct in a restricted building or grounds.

This order will be reflected in the verdict form that I will be giving you.

**Definitions**

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or

unnecessarily crowding that person.  "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "knowingly," "restricted building or grounds," and "dangerous or deadly weapon" have the same meaning that I gave you previously.

## Count Six
## Disorderly Conduct in a Capitol Building or Grounds
## (Violation of 40 U.S.C. § 5104(e)(2)(D))

Count Six of the Indictment charges the defendant with disorderly conduct in a Capitol Building or Grounds, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:     that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Building or Grounds.

*Second*:     that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

*Third*:     that the defendant acted willfully and knowingly.

### Definitions

The term "United States Capitol Buildings or Grounds" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. and its grounds, which includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.[15]

---

[15] 40 U.S.C. § 5102(a).

I instruct you that, for the purpose of Count Six, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020."

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Five defining "disorderly conduct" and "disruptive conduct."

The term "knowingly" has the same meaning that I gave you previously.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

**Mere Presence Instruction**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crimes with which he is charged.  Mr. GossJankowski must be a participant and not merely a knowing spectator.  Mr. GossJankowski's presence may be considered by the jury along with other evidence in the case.

*See* S3 Modern Federal Jury Instructions-Criminal 5.12

**2.407**
**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**2.500**
**Redacted Exhibits**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**2.501**
**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

You will also be provided with a laptop to view the recordings which I have admitted into evidence. You should not use the laptop for any other purpose.

**2.502**
**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**2.505**
**Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**2.508**

**Cautionary Instruction on Publicity, Communication, and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**2.509**

**Communication Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**2.510**
**Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## 2.511
## Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected four seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you four leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                              No. 1:21-cr-123 (PLF)

VITALI GOSSJANKOWSKI

## **GOVERNMENT'S PROPOSED VERDICT FORM**

We, the members of the jury, find defendant **Vitali GossJankowski**:

**Count 1:**     **Obstructing Officers During a Civil Disorder**

_____                              _____
Not Guilty                                    Guilty

**Count 2:**     **Obstructing an Official Proceeding**

_____                              _____
Not Guilty                                    Guilty

**Count 3:**     **Assaulting, Resisting, or Impeding an Officer of the United States Using a Deadly or Dangerous Weapon**

_____                              _____
Not Guilty                                    Guilty

If you have marked Guilty as to Count 3 above, proceed to Count 4. If not, you must consider the following offense:

**Assaulting, Resisting, or Impeding an Officer of the United States, While Making Physical Contact with the Victim or Acting with the Intent to Commit Another Felony**

_____                              _____
Not Guilty                                    Guilty

**Verdict of the Jury—Page 1**

**Count 4:**   **Entering or Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**

_____                                        _____
Not Guilty                                            Guilty

If you have marked Guilty as to Count 4 above, proceed to Count 5. If not, you must consider the following lesser included offense:

**Entering or Remaining in a Restricted Building or Grounds**

_____                                        _____
Not Guilty                                            Guilty

**Count 5:**   **Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**

_____                                        _____
Not Guilty                                            Guilty

If you have marked Guilty as to Count 5 above, proceed to Count 6. If not, you must consider the following lesser included offense:

**Disorderly or Disruptive Conduct in a Restricted Building or Grounds**

_____                                        _____
Not Guilty                                            Guilty

**Count 6:**   **Disorderly Conduct in a Capitol Building or Grounds**

_____                                        _____
Not Guilty                                            Guilty

Signed this ___ day of_____, 2023.

_____
Presiding Juror

**Verdict of the Jury—Page 2**