UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|          ) | |
|     v.    ) | No. 21-cr-123 (PLF) |
|          ) | |
| VITALI GOSSJANKOWSKI,    ) | |
|          ) | |
|     Defendant    ) | |
|          ) | |

**DEFENDANT'S MEMORANDUM OF LAW CONCERNING UNANIMITY
FOR 18 U.S.C. § 231(a)(3) AND 18 U.S.C. § 111(a)(1) COUNTS**

Mr. Vitali GossJankowski, through counsel, hereby files this memorandum of law in support of his position on unanimity instructions and a special verdict form with respect to Counts One and Three.

**I.    18 U.S.C. § 231(a)(3) CONTAINS A JURISDICTIONAL ELEMENT THAT REQUIRES UNANIMITY.**

18 U.S.C. § 231(a)(3) provides that:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce **or** the conduct or performance of any federally protected function – shall be fined under this title or imprisoned not more than five years or both.

(emphasis supplied). Whether the civil disorder impacts commerce or impacts a federally protected function are two alternatives of the jurisdictional element of the offense. They are not, as the government argues, differing means to satisfy the same element. As such, the jury must be unanimous as to its finding on the jurisdictional element.

Because Congress lacks general constitutional authority to punish crimes, most federal offenses include a jurisdictional element. *See Torres v. Lynch*, 578 U.S. 452, 457 (2016). The

1

jurisdictional element "ties the substantive offense . . . to one of Congress's constitutional powers, thus spelling out the warrant for Congress to legislate," *id*., and "address[es] the reach of [Congress's] legislative authority." *United States v. Munoz Miranda*, 780 F.3d 1185, 1195 (D.C. Cir. 2015). In *Munoz Miranda*, the D.C. Circuit observed that:

> Statutes that establish 'jurisdictional elements' not only contain no use of the term 'jurisdiction', but consistent with the description 'jurisdictional *element*,' treat the relevant condition as an element of the offense to be found by a jury. In that sense, 'proof of [a jurisdictional element] is no different from proof of any other element of a federal crime.'

*Id*. (quoting *Hugi v. United States*, 164 F.3d 378, 381 (7th Cir. 1999)) (emphasis and brackets in original). The jurisprudence is clear that "a 'jurisdictional element' requires a factual finding justifying the exercise of federal jurisdiction in connection with any individual application of the statute." *United States v. Harrington*, 108 F.3d 1460, 1464 n.2 (D.C. Cir. 1997).

To be clear, Mr. GossJankowski is not arguing that the government must proceed upon only one of the two alternatives of the jurisdictional element. The government may argue both alternatives, but to sustain a verdict of guilty on the 18 U.S.C. § 231(a)(3) charge, the jury must unanimously find that the government proved at least one alternative beyond a reasonable doubt. *See United States v. Williams*, 299 F.3d 250, 254 (3d Cir. 2002) ("Like all elements of criminal offenses, the Government must prove the jurisdictional element beyond a reasonable doubt."). Otherwise, Mr. GossJankowski could conceivably be found guilty without jury unanimity as to the jurisdictional basis upon which he is being charged by the United States government, resulting in a conviction outside of the bounds of the federal government's jurisdiction over him, offensive to the Sixth Amendment to the United States Constitution and due process in general. The verdict slip relative to Count One must contain special interrogatories to make the jury's finding clear.

A unanimity requirement and special verdict form have been used in multiple cases, including *United States v. Williams*, 21-cr-618 (ABJ), Jury Verdict Form, ECF 128, and *United States v. Gillespie*, 22-cr-060 (BAH), Jury Verdict Form, ECF 70.

## II. 18 U.S.C. § 111(a)(1) SETS FORTH SEPARATE CRIMES THAT REQUIRE UNANIMITY.

18 U.S.C. § 111(a)(1), which prohibits certain conduct towards government officials, contains three separate crimes, one misdemeanor and two felonies. The statute identifies several potential actus reus: "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidate[ing], or interfere[ing] with" a government official. The subsection then proceeds to define penalties for each separate crime:

- *Simple Assault*. Where "the acts in violation of the section constitute only simple assault," the offender may be "imprisoned not more than one year."

- *Physical Contact*. Where "such acts involve physical contact with the victim of that assault," the offender may be "imprisoned not more than eight years."

- *Other Felony*. Where "such acts involve . . . the intent to commit another felony," the offender may be "imprisoned not more than eight years."

18 U.S.C. § 111(a)(1). Similarly, 18 U.S.C. § 111(b) contains two separate crimes: (1) assault on a federal officer with a deadly or dangerous weapon; and (2) assault that inflicts bodily injury. Each of §111(b)'s aggravated assault crimes carry a 20-year statutory maximum. *See* 18 U.S.C. § 111(b); *United States v. Briley*, 770 F.3d 267, 273 (4th Cir. 2014) ("§111 proscribes five types of offenses: a misdemeanor (constituting only simple assault), two less serious felonies (involving either physical contact or felonious intent), and two more serious felonies (involving either a weapon or bodily injury)); *see also United States v. Arrington*, 309 F.3d 40, 44 n.7 (D.C. Cir. 2002) (treating § 111(b) as containing offense elements rather than sentencing

3

factors).

Here, the government has charged Mr. GossJankowski with three separate assault crimes in a single count of the indictment, Count Three, which raises obvious duplicity concerns. *See United States v. Hood*, 210 F.3d 660, 662 (6th Cir. 2000) (quoting *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981) (An indictment is duplicitous if "it joins in a single count two or more distinct and separate offenses."). "The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense." *Hood*, 210 F.3d at 662-63 (citation omitted). "By collapsing separate offenses into a single count, duplicitous indictments thereby prevent the jury from convicting on one offense and acquitting on another." *Id.*

To be clear, physical contact with the victim versus intent to commit another felony are not, contrary to the government's assertion in this case, "diverse means of satisfying a single element of a single crime" or, in other words, "various factual ways of committing some component of" a single offense. *Mathis v. United States*, 579 U.S. 500, 506 (2016). Rather, the statute lists multiple elements disjunctively. *Id*. Thus, a jury must unanimously agree on which alternative element the government has proven. *Id*. As the Supreme Court has repeatedly explained:

> "Elements" are the "constituent parts" of a crime's legal definition—the things the "prosecution must prove to sustain a conviction." Black's Law Dictionary 634 (10th ed. 2014). At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, *see Richardson v. United States*, 526 U.S. 813, 817 (1999); and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty, *see McCarthy v. United States*, 394 U.S. 459, 466 (1969).

*Id*. at 504.

Because Count Three is duplicitous, the government must either "elect . . . charge within the count upon which it will rely," *Hood*, 210 F.3d at 662-63 (quoting *Robinson*, 651 F.2d at


1194), or there must be a unanimity instruction and the verdict slip must reflect special interrogatories so that the jury can identify its verdict as to each separate offense charged in Count Three.

                              Respectfully submitted,

                              A.J. KRAMER
                              FEDERAL PUBLIC DEFENDER

                              _____/s/_____
                              Celia Goetzl
                              Ned Smock
                              Assistant Federal Public Defenders
                              625 Indiana Ave., N.W., Suite 550
                              Washington, D.C.  20004
                              (202) 208-7500