UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 21-cr-123 (PLF) |
| | ) | |
| **VITALI GOSSJANKOWSKI,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM OF LAW CONCERNING DEADLY OR DANGEROUS WEAPON INSTRUCTION

Mr. Vitali GossJankowski, through counsel, hereby files this memorandum of law in support of his position on the deadly or dangerous weapon instruction for Counts Three, Four, and Five.

The defense maintains that the definition of deadly or dangerous weapon for Count Three (Section 111(b)) should be as follows:

> **An object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.**

The defense maintains that the definition of deadly or dangerous weapon for Counts Four and Five (Section 1752(b)) should be the same as above, or modified slightly because of the "carrying" language in the statute, as follows:

> **An object is a deadly or dangerous weapon if it is capable of causing serious bodily injury or death to another person and the defendant intends that it be used in that manner.**

These instructions are consistent with instructions provided by the courts in the following cases:

- *United States v. Webster*, 21-208 (APM), Final Jury Instructions, ECF 101 at 15

1

- *United States v. McCaughey*, 21-040 (TNM), Joint Proposed Deadly and Dangerous Weapon Instruction, ECF 457

- *United States v. Robertson*, 21-034 (CRC), Final Jury Instructions, ECF 86 at 21

- *United States v. Ramey*, 22-184 (DLF), United States' Post-Trial Brief, ECF 45 at 9 ("This Court's jury instructions—to which the parties have agreed—define 'dangerous weapon' for purposes of Sections 111 and 1752 as an object 'capable of causing serious bodily injury or death to another person,' where the defendant uses the object 'in that manner.'") (citing *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002)).

The above list is by no means exhaustive.

The government relies upon an instruction provided in *United States v. Schwartz*, 21-178 (APM), absent any objection from the defense.  *See* ECF 169 (parties' emails with the court); ECF 170 (draft instructions); ECF 171 (draft instructions); ECF 172 (final instructions).

The defense has also reviewed model instructions in other circuits and found no example of any model instruction that includes the government's proposed "inherently dangerous" instruction.  For example:

- Fifth Circuit:  The term "deadly or dangerous weapon" means any object capable of inflicting death or bodily injury. For such a weapon to have been "used," the government must prove not only that the defendant possessed the weapon but also that the defendant intentionally displayed it while carrying out the forcible assault. The term "bodily injury" means an injury that is painful and obvious, or an injury for which medical attention would ordinarily be sought.

- Ninth Circuit:  A [specify weapon] is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

- Tenth Circuit: The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury. For such a weapon to have been "used," the government must prove that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly [assaulting] [resisting] [opposing] [impeding] [intimidating] or [interfering with] the federal officer. The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.]

- Eleventh Circuit:  A "deadly or dangerous weapon" means any object that can

2

cause death or present a danger of serious bodily injury. A weapon intended to cause death or present a danger of serious bodily injury but that fails to do so by reason of a defective component, still qualifies as a "deadly or dangerous weapon."

The government's proposed language suggesting that an object can be a deadly or dangerous weapon "if it is inherently or obviously dangerous or deadly" offers the jury no clear standard upon which to rely.  What does "inherently dangerous" mean?  Responsible jurors will likely submit this very question to the court after reviewing the instruction.  While there can be agreement that a gun is inherently dangerous, reasonable minds can differ about what other objects could meet this vague standard.  Is something "inherently dangerous" if it causes a short, minor sensation of pain?  Absent a definition or explanation, the answer is largely subjective.  This is precisely the reason that no other circuit has used the government's definition.

If the Court uses the "inherently dangerous" weapon language, it must provide the jury with an explanation of what "inherently dangerous" actually means.  The best way to do so would be to use a modified instruction like this one:

> An object may be considered a "deadly or dangerous weapon" for one of two reasons.  First, an object is a deadly or dangerous weapon if it is inherently dangerous or deadly.  An object is inherently dangerous or deadly if it is capable of causing serious bodily injury or death if used in the manner for which it was designed.  Guns and knives are examples of inherently dangerous weapons.  Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Celia Goetzl
Ned Smock

3

                Assistant Federal Public Defenders
                625 Indiana Ave., N.W., Suite 550
                Washington, D.C.  20004
                (202) 208-7500