UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.           ) | No. 21-cr-123 (PLF) |
| ) | |
| **VITALI GOSSJANKOWSKI,** ) | |
| ) | |
| **Defendant** ) | |
| _____) | |

## DEFENDANT'S MEMORANDUM OF LAW CONCERNING GOVERNMENT EXHIBITS 1001 AND 1002

Mr. Vitali GossJankowski, through counsel, hereby files this memorandum of law in support of his opposition to the government's proposed instruction on exhibits during deliberations (modified Redbook 2.501) and his position that government exhibits 1001 and 1002 should not be sent back to the jury during deliberations.

The electrical device exhibits should not be singled out during the final jury instructions or go back to the jury.  Were the devices sent back to the jury, there is no way to assure that jurors will not perform their own experiments and investigation on the devices during jury deliberations instead of relying upon evidence presented during trial.  "[T]rial by jury in a criminal case necessarily implies at the very least that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel." *Turner v. Louisiana,* 379 U.S. 466, 472-73 (1965) ("The requirement that a jury's verdict 'must be based upon the evidence developed at the trial' goes to the fundamental integrity of all that is embraced in the constitutional concept of trial by jury.").  *See also Patterson v. Colorado*, 205 U.S. 454, 462 (1907) ("The theory of our system is that the conclusions to be reached in a case

1

will be induced only by evidence and argument in open court, and not by any outside influence."). Therefore, "[a] defendant's Sixth Amendment right to trial by an impartial jury is violated if an influence outside the jury's deliberative process, a so-called 'external influence,' affects the jury's decision-making." *United States v. Johnson*, 954 F.3d 174, 179 (4th Cir. 2020) (citing *Barnes v. Joyner*, 751 F.3d 229, 240 (4th Cir. 2014)). "'[I]f even a single juror's impartiality is overcome' by such an external influence, the defendant's right to an impartial jury has been compromised." *Id.* (quoting *United States v. Lawson*, 677 F.3d 629, 648-49 (4th Cir. 2012) (citation omitted)).

"Evidence not presented at trial, acquired through out-of-court experiments or otherwise," is just such an "extrinsic" or external influence. *See Marino v. Vasquez,* 812 F.2d 499, 504 (9th Cir. 1987); *see also United States v. Owens*, 426 F.3d 800, 805 (6th Cir. 2005) (examples of extraneous influence include "conducting an out of court experiment"). "Improper experiments include experiments with firearms to test the truth of testimony[.]" *United States v. Beach*, 296 F.2d 153, 158 (4th Cir. 1961); *accord United States v. Castello*, 526 F. Supp. 847, 849–51 (W.D. Tex. 1981) (defendant prejudiced by juror's ballistics experiment). Experiments done inside the jury room would create evidence extrinsic to what was shown at trial, exert external influence on jurors, and violate Mr. GossJankowski's right to a fair and impartial jury.

Moreover, sending a marshal into the jury room would be highly prejudicial to Mr. GossJankowski and suggest to the jury that the devices pose a safety risk, when the defense's position is that they do not. Therefore, the defense asks that the electrical devices be treated as demonstratives and that they not be provided to the jury. Should the jury send a note asking to see them, the Court can inform the jury that the devices cannot be provided to the jury as experimentation is not appropriate. Photographs and videos of the devices are in evidence. The

jury should rely upon the evidence presented during trial.

                                   Respectfully submitted,

                                   A.J. KRAMER
                                   FEDERAL PUBLIC DEFENDER

                                   _____/s/_____
                                   Celia Goetzl
                                   Ned Smock
                                   Assistant Federal Public Defenders
                                   625 Indiana Ave., N.W., Suite 550
                                   Washington, D.C.  20004
                                   (202) 208-7500