UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-123-PLF |
| v. | : | |
| | : | |
| VITALI GOSSJANKOWSKI, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO WITHDRAW AS COUNSEL**

On March 29, 2023, Defense Counsel filed a Motion to Withdraw as Counsel, ECF 167, and provided that "GossJankowski has raised concerns about the legal representation being provided to him by . . . counsel and has specifically asked that . . . counsel no longer represent him in this matter." On March 29, 2023, this Court ordered the Government to respond to GossJankowski's motion to withdraw on or before April 13, 2023. To resolve the defendant's motion, the United States submits that this Court should set a hearing and engage in a colloquy with the defendant.

**Relevant Procedural History**

For his role in the events of January 6, 2021, GossJankowski was charged by a criminal complaint on January 18, 2021. ECF 1. On January 22, 2021, a magistrate judge granted a motion to appoint the Federal Public Defender's Office to represent GossJankowski. *See* January 22, 2021 Minute Order (appointing counsel).

On February 17, 2021, a grand jury returned the original indictment charging GossJankowski. ECF 10. On March 11, 2021, Assistant Federal Public Defender Celia Goetzl filed her notice of appearance. ECF 15. Assistant Federal Public Defender Ned Smock filed a notice of appearance on January 10, 2023. ECF 104.

On February 28, 2023, jury selection for the defendant's trial on a second superseding indictment, ECF 127, began. February 28, 2023 Minute Order. On March 10, 2023, presentation of evidence from the parties concluded and this Court heard arguments pursuant to Fed.R.Crim.P. 29 and reserved ruling on GossJankowski's Rule 29 motion. March 10, 2023 Minute Order. On March 16, 2023, the jury convicted GossJankowski of all counts in the second superseding indictment and returned not guilty verdicts relating to his use or use and carrying of a deadly or dangerous weapon. *See* March 16, 2023 Minute Order; ECF 164-1. Following the verdict, this Court directed the parties to submit a proposed briefing schedule for the reserved Rule 29 motion.

On March 29, 2023, defense counsel filed the pending motion seeking to withdraw. ECF 167.

**Legal Standard**

As outlined in *United States v Wright*, 923 F.3d 183 (D.C. Cir. 2019):

> [a]n indigent criminal defendant has the right to effective representation from court-appointed counsel, but he does not have a 'constitutional right to choose his [appointed] attorney.' If he is unhappy with his appointed counsel and requests a replacement, 'the district court generally has an obligation to engage the defendant in a colloquy' on the record 'concerning the cause of [his] dissatisfaction.'

923 F.3d at 188 (quoting *United States v Graham*, 91 F.3d 213 (D.C. Cir 1996)). The colloquy "may not only help the pro se defendant adequately to express the reason for his dissatisfaction with counsel, thereby promoting confidence in the integrity of the process . . . it also creates an opportunity for the court to ease the defendant's concern if it is ill-founded." *United States v Graham*, 91 F.3d 213, 221 (D.C. Cir 1996).

Further, at such hearing, "The defendant bears the burden of showing good cause to replace appointed counsel, 'such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.'" *United States v Bostick*,

2

791 F.3d 127, 156-57 (D.C. Cir 2015) (quoting *Smith v Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991)). A defendant's belief that appointed counsel has not sufficiently prepared does not meet this standard.  *See United States v. Hall*, 610 F.3d 727, 737-39 (D.C. Cir. 2010); *see also United States v Robinson*, 913 F.2d 712, 716 (9th Cir. 1990) (anger at counsel's failure to raise frivolous matters does not constitute good cause), *cert. denied*, 498 U.S. 1104 (1991); *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) (a defendant's general loss of trust in his counsel, standing alone, does not show good cause), *cert. denied*, 475 U.S. 1031 (1986); *United States v. Allen*, 789 F.2d 90, 93 (1st Cir. 1986) (good cause for substitution of counsel cannot be determined 'solely according to the subjective standard of what the defendant perceives') (quoting *McKee v. Harris*, 649 F.2d 927, 932 (2d Cir. 1992)).

**Argument**

GossJankowski's motion does not provide a sufficient factual basis to support appointing new counsel. It states that GossJankowski has unspecified concerns about his legal representation and that he wants new counsel; however, the motion does not allege that current counsel have a conflict of interest, or that differences with counsel exist that are irreconcilable, or that there has been a complete breakdown in communication between GossJankowski and his counsel.  Thus, none of grounds that would establish good cause to substitute counsel appear in the motion to withdraw.

Three days before the motion to withdraw, GossJankowski posted on his publicly available twitter account that:

3



### Vitali GossJankowski
@VeryGoodJob1

hey , I'M A huGe fan OF BALTIMORE RAVENS, Wizards, Lakers, Terps, Capitals and EarnhardtJr!!! Washington DC

◎ nuuk, greenland   🗓 Joined May 2010

**4,077** Following   **253** Followers

**Tweets**   Replies   Media   Likes



**Vitali GossJankowski** @V... · 33m
My federal public defenders, Ned Smock and Celia Goetzl, still REFUSE to believe me as a client and what I have been trying to tell them about what the FBI agents did to me over the past 2 years. They are hard-faced charlatans with Ivy League degrees. They still REFUSE to find



**Vitali GossJankowski** @V... · 33m
More exculpatory videos. They don't care at all. They all care about winning my case, not my reputation. I need help here! @Heritage #j6footage. Ned Smock enthusiastically REFUSED to question several vital witnesses and REFUSED to let me take a stand to testify. Celia is just



💬 1    ↻    ♡    ‖ 10    ↑



**Vitali GossJankowski** @V... · 33m
a licensed lapdog that follows the FBI WFO's direct commands. I just let them coerce me multiple times to make them think they are smart. They need to start believing me by finding more videos, for god's sake. FBI WFO agents' chronic corruptions are dangerously, sadistically,

💬 1    ↻    ♡    ‖ 9    ↑

4



The tweets have since been deleted.[1] *See* Exhibit 1.

Neither the defendant's motion nor the deleted tweets quoted above provide good cause to allow the Federal Defender to withdraw from this case; however, they do warrant further inquiry from this Court. *See Wright*, 923 F.3d at 188; *Bostick*, 791 F.3d at 156. Such an inquiry may

---

[1] During trial, on March 10, 2023 at approximately 3:34 p.m., this Court conducted a colloquy with the defendant to ensure his understanding that the decision whether to testify was entirely his to make, and to ensure that his decision not to testify was voluntary.

5

provide the opportunity for the Court to correct what appears to be GossJankowski's misunderstanding of his counsel's role. His misconceptions appear to include the belief that counsel must defend his reputation and the belief that counsel may not use independent judgment over matters such as questioning witnesses, among others. *See Taylor v. Illinois*, 484 U.S. 400, 418 (1988) (counsel "has—and must have—full authority to manage the conduct of the trial"); *United States v. Gordon*, 77 F.Supp.3d 95, 101 (D.D.C. 2015) ("the decision to call witnesses is within counsel's discretion").

GossJankowski does not have a constitutional right to choose his appointed attorney. The Sixth Amendment does not require that he have rapport or even a meaningful relationship with counsel. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983); *United States v Bell*, 795 F.3d 88, 94 (D.C. Cir. 2015).  Moreover, even where a defendant does have the right to retain counsel of his choice, that right is not absolute and cannot be exercised in a way that will obstruct orderly procedure or frustrate the public's interest in the prompt, effective, an efficient administration of justice. *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978).  This Court may fairly consider that the request for counsel to withdraw at this late stage of the defendant's case will cause considerable delay, arising from the time needed to arrange for new counsel and from any new attorney's need to become sufficiently familiar with the case and the record from a two-week trial to brief the reserved Rule 29 motion.  The delay resulting from any substitution of counsel will not further the public interest in the prompt administration of justice.  *See also* LcrR 44.5(d) ("The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case or be unfairly prejudicial to any party, or otherwise not be in the interests of justice.").  Insofar as Rule

6

29 proceedings have not concluded, permitting counsel to withdraw will delay the final adjudication of this case.[2]

This record shows only that the Federal Defender has effectively and zealously represented the defendant. There has been no showing that the Federal Defender will be unable to do so at future proceedings. Accordingly, this Court should decline to grant the Motion to Withdraw before conducting a colloquy with the defendant, and even following such a colloquy, may find it appropriate to deny the relief requested.

                                        Respectfully Submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

                                        /s/ *Adam M. Dreher*
                                        ADAM M. DREHER
                                        Assistant United States Attorney
                                        MI Bar No. P79246
                                        601 D St. N.W.
                                        Washington, D.C. 20530
                                        (202) 252-1706
                                        adam.dreher@usdoj.gov

---

[2] The prosecution is not aware of a criminal case addressing undue delay or unfair prejudice in the context of LcrR 44.5(d). In civil cases, which also apply this standard, judges have considered the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to secure new legal representation, and the degree of financial burden that counsel would suffer if required to remain in the case. *Byrd v. District of Columbia*, 271 F.Supp.2d 174, 176 (D.D.C. 2003). The Court must also ensure that allowing an attorney's withdrawal would not disrupt prosecution of the civil case. *Id*. at 177 (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). Substituting counsel may burden the resources of this Court through expenditure of Criminal Justice Act funds for new counsel who would, to no small extent, need to duplicate the work of current counsel. Securing substitute counsel may take a considerable amount of time. *See, e.g., United States v. Paul Russell Johnson*, 21-cr-537-JMC (D.D.C.), where it took five weeks for substitute counsel to appear (July 8, 2022 Minute Order granting defense counsel's motion to withdraw; ECF 190 (notice of appearance for court-appointed counsel filed on August 17, 2022)). Accordingly, if this Court were to consider the factors applied in civil litigation for motions to withdraw, each would weigh against granting withdrawal here. *See also Baron v. District of Columbia*, 209 F.R.D. 274, 277-78 (D.D.C. 2022) (conditioning counsel's withdrawal on completion and filing of brief for a pending dispositive motion).