UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-123-PLF |
| | : | |
| **VITALI GOSSJANKOWSKI** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MOTION TO RECONSIDER AND REVOKE THE DEFENDANT'S POST-TRIAL RELEASE

The United States of America respectfully moves the Court to reconsider and revoke, in light of defendant Vitali GossJankowski's recent conduct, the Court's determination ordering the defendant's continued release after trial and pending sentencing. Following the jury's verdict in March 2023, the Court declined to order the defendant detained under 18 U.S.C. § 3143. In recent days, however, the defendant has made, or attempted to make, contact, via harassing texts, with one of the law enforcement officers involved in this case. This Court should accordingly reconsider its prior release determination and order the defendant detained.

On March 16, 2023, a jury found the defendant guilty of three felony offenses and three misdemeanor offenses. GossJankowski was convicted of violating 18 U.S.C. § 231(a)(3), Civil Disorder; 18 U.S.C. § 1512(c)(2), Obstruction of an Official Proceeding; 18 U.S.C. § 111(a)(1), Assaulting, Resisting, or Impeding Certain Officers; 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds; 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds; and 40 U.S.C. § 5104(e)(2)(D), Disorderly Conduct in a Capitol Building.

During the pendency of this prosecution, the defendant has repeatedly used his social media to make intimidating statements regarding members of the FBI. These posts have included photographs of locations, vehicles, and individuals associated with the FBI, usually with the defendant's statements overlaid. Examples include:



*Figure 1*: Instagram "stories" posted by the defendant.

The first Instagram story in Figure 1 above stated: "Spotted them outside the Zionist FBI WFO. Most of them are murderous perverted sociopaths." The second Instagram story stated: "Why is it so difficult to find a list of FBI agents' contact infos [sic] on the internet? You can easily find a cop's name and contact info within several minutes." Another posting, not reproduced in this filing, singled out an individual associated with the FBI who was present when the defendant was arrested in January 2021.

This past weekend, on October 14 and 15, 2023, the defendant's harassing conduct escalated. In the evening of Saturday, October 14, one of the law enforcement officers associated with this case received the following text messages from the defendant's cell phone number:



*Figure 2*: Text Messages received from the defendant's cell phone.

Specifically, these text messages were sent from the defendant's cell phone number to the cell phone number of one of the law enforcement officers who had arranged the defendant's FBI interview and arrest in January 2021 and who later testified at a hearing before this Court in this case. Last weekend, the defendant also attempted to place phone calls to the same cell phone number.

In light of the defendant's recent conduct, this Court should reconsider its prior determination ordering the defendant released notwithstanding the jury's guilty verdicts on

multiple felony counts. Although the Federal Rules of Criminal Procedure do not expressly address motions for reconsideration, this Court has permitted the use of such motions according to the same standards that apply to such motions in civil cases. *See, e.g.*, *United States v. Sutton*, 21-cr-0958 (PLF), 2022 WL 17572835 at *1 (D.D.C. Dec. 7, 2022); *accord United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam). Accordingly, a motion for reconsideration should not be used as an opportunity to relitigate previously ruled upon issues. *Id.* But reconsideration may be appropriate if there is "'a controlling or significant change in the law *or facts* … since the submission of the issue to the Court.'" *Id.* (emphasis added) (quoting *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. Nov. 19, 2015)). The question in this case is, therefore, whether there is "clear and convincing evidence" that the defendant "is not likely to … pose a danger to the safety of any other person or the community if released" with conditions. 18 U.S.C. § 3143(a)(1).

Such a finding is no longer plausible in light of the intimidating, harassing messages that the defendant directed at law enforcement over the weekend. As noted, since last weekend, the defendant's conduct has escalated significantly. Previously, the defendant had used his social media to track and publicly harass members of law enforcement and the FBI's Washington Field Office. This alone was concerning. But now, he has sent intimidating, direct messages to a specific law enforcement officer who previously testified in this case.

After a lengthy trial, a jury found the defendant guilty of multiple serious crimes related to the January 6 riot at the United States Capitol. He is facing a potentially substantial term of incarceration – which the government intends to seek at sentencing. And his behavior has highlighted a complete lack of remorse, a complete failure to accept responsibility, and a complete inability to comport himself with the basic requirements of release pending sentencing. The

government respectfully requests that the Court reconsider and revoke its prior release determination and order the defendant detained pending sentencing. *Cf.* 18 U.S.C. § 3148(b) (providing that, if the Court finds "clear and convincing evidence that the person has violated any other condition of release" and "the person is unlikely to abide by any condition or combination of conditions of release," the Court "shall enter an order of revocation and detention").

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Mich. Bar No. P79246
601 D Street NW
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

/s/ *Karen E. Rochlin*
KAREN E. ROCHLIN
Assistant United States Attorney
DC Bar No. 394447
9 Northeast 4th Street
Miami, Florida 33132
karen.rochlin@usdoj.gov

/s/ *Francesco Valentini*
FRANCESCO VALENTINI
Senior Counsel, Capitol Siege Section
DC Bar No. 986769
601 D Street NW
Washington, D.C. 20530
francesco.valentini@usdoj.gov