**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-123-PLF** |
| | : | |
| **VITALI GOSSJANKOWSKI** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' NOTICE OF ADDITIONAL AUTHORITY**
**REGARDING CONVICTIONS UNDER 18 U.S.C. § 1752**

The United States by and through its attorney, the United States Attorney for the District

of Columbia, hereby advises the Court of supplemental authority relevant to the *mens rea* required

under 18 U.S.C. § 1752, which is a disputed issue in this case. Yesterday, in *United States v.*

*Christopher Carnell et al.*, No. 23-cr-139 (BAH), United States District Judge Beryl A. Howell

issued a written memorandum opinion addressing the elements required for conviction under 18

U.S.C. § 1752. *Carnell et al.*, ECF No. 98 (Feb. 15, 2024). Judge Howell's decision is directly

relevant to—and supports—the government's position in prior briefings (ECF Nos. 195, 202, 204),

and at the February 14, 2024, oral argument in connection with the defendant's post-trial motions

for acquittal and for a new trial on Counts Four and Five. Specifically, in a 45-page Order, Judge

Howell ruled that, for conviction under § 1752, the government need <u>not</u> establish that, when the

defendant enters or remains in a restricted building or grounds, he acts with knowledge that "the

President or other person protected by the Secret Service is or will be temporarily visiting," 18

U.S.C. § 1752(c)(1)(B). Judge Howell held, as the government maintains, that "the USSS-

protectee requirement serves a critical jurisdictional only purpose authorizing federal enforcement

of the statute and, thus, binding precedent does not require 'knowingly' to extend beyond the fair

notice requirement in Section 1752's definitional subsection to reach … the USSS-protectee

presence requirement, which is not a substantive but only a jurisdictional element." *Carnell et al.*, ECF No. 98 at 12. In her careful explanation, Judge Howell relied on many of the same considerations advanced by the government in its supplemental briefing. *Compare Carnell et al.*, ECF No. 98 at 12-31, *with* ECF Nos. 195 at 28-33, 202, 204.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Francesco Valentini*
FRANCESCO VALENTINI
Deputy Chief
Capitol Siege Section, Breach and Assault
DC Bar No. 986769
601 D Street NW
Washington, D.C. 20530
(202) 598-2337
francesco.valentini@usdoj.gov

/s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Mich. Bar No. P79246
601 D Street NW
Washington, D.C. 20530
adam.dreher@usdoj.gov

/s/ *Karen E. Rochlin*
KAREN E. ROCHLIN
Assistant United States Attorney
DC Bar No. 394447
9 Northeast 4th Street
Miami, Florida 33132
karen.rochlin@usdoj.gov