UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-123-PLF |
| | : | |
| **VITALI GOSSJANKOWSKI** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' NOTICE OF SUPPLEMENAL AUTHORITY REGARDING THE CONSTRUCTION OF 18 U.S.C. § 1752

The government hereby submits this notice of supplemental authority to inform the Court of an oral ruling made by the Honorable Tanya S. Chutkan on March 5, 2024 in *United States v. Nester*, No. 1:22-cr-183-TSC, which adopted the government's position that the requirement, under 18 U.S.C. § 1752, that "the President or other person protected by the Secret Service is or will be temporarily visiting," *id.* § 1752(c)(1)(B), is "jurisdictional" for *mens rea* purposes. In her ruling (which is set forth in the enclosed transcript), Judge Chutkan concluded that the "knowingly" *mens rea* in 18 U.S.C. § 1752(a)(1) does *not* require knowledge of a Secret Service protectee's presence within the restricted area because (1) a protectee's presence and other elements set forth in § 1752(c)(1)(A)-(C) are "exclusively jurisdictional requirements," 3/5/24 Transcript (Tr.) 5, and (2) even if not, Congress did not intend such knowledge to be required, *id.* at 9-10.

In reaching that result, Judge Chutkan "concur[red] with [the] findings and reasoning" of *United States v. Carnell*, No. 23-139 (BAH), 2024 WL 639842 (D.D.C. Feb. 15, 2024). 3/5/24 Tr. 6. Judge Chutkan also agreed with the conclusion in *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *7 (D.D.C. Jan. 5, 2024), that, when Congress originally enacted

§ 1752, "the requirement that a Secret Service protectee be on the premises would appear to be 'jurisdictional only[.]'" 3/5/24 Tr. 7.  Judge Chutkan, however, disagreed with the conclusion in *Groseclose* "that the 2006 amendments to Section 1752 converted the jurisdictional requirements of the statute's earlier version into substantive requirements." 3/5/24 Tr. 8.  Applying *Feola v. United States*, 420 U.S. 671 (1975), Judge Chutkan reasoned, like Judge Howell in *Carnell*, that "*Feola* did not consider the statutory penalty structure when determining that Section 111's federal officer element was jurisdictional," *id.*, and concluded "that the increased penalties" were not "indicative of congressional intent" to reconceptualize the statute. *Id.* at 8-9.

        Respectfully Submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

        /s/ *Francesco Valentini*
        FRANCESCO VALENTINI
        Deputy Chief
        Capitol Siege Section, Breach and Assault
        DC Bar No. 986769
        601 D Street NW
        Washington, D.C. 20530
        (202) 598-2337
        francesco.valentini@usdoj.gov

        /s/ *Adam M. Dreher*
        ADAM M. DREHER
        Assistant United States Attorney
        Mich. Bar No. P79246
        601 D Street NW
        Washington, D.C. 20530

        /s/ *Karen E. Rochlin*
        KAREN E. ROCHLIN
        Assistant United States Attorney
        DC Bar No. 394447
        9 Northeast 4th Street
        Miami, Florida 33132