UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-123 PLF |
| v. | : | |
| | : | |
| VITALI GOSSJANKOWSKI, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MEMORANDUM
RE: PRIOR CONSISTENT STATEMENTS

At an evidentiary hearing on April 8, 2024, this Court allowed further briefing on the government's objection that the rule against hearsay, Fed. R. Evid. 802, prohibits the admission of certain out-of-court statements made by the defendant in the presence of his former housemate, Kyle Sexton, in the evening of January 6, 2021—hours after the defendant participated in the attack on the United States Capitol. In the proposed out-of-court statements, the defendant allegedly asserted that (1) he did know that the rioters had breached the Capitol building; and (2) when the defendant came in contact with Officer M. M. (who had been dragged out of the Lower West Terrace Tunnel by the rioters), the defendant was attempting to help—as opposed to assault—the officer. The proposed statements are inadmissible, and the Court should not consider them in deciding the issues presented in the defendant's motion for a new trial.

Hearsay—which the Rules define as any out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement," Fed. R. Evid. 801(c)—is inadmissible unless a specific statute or rule provides otherwise. Fed. R. Evid. 802. The defendant's post-riot statements plainly fit the default definition of hearsay, as they are (1) out-of-court statements (2) offered to prove the truth of the matter asserted—*i.e.*, that the defendant (i) did not know until later that evening that the rioters had breached the Capitol building on January 6; and (ii) did not intend

to assault Officer M. M. when he closed in on the officer on the Lower West Terrace. Accordingly, the statements are presumptively inadmissible, unless and until the defendant establishes otherwise under an applicable statute or rule.

In seeking to have the statements admitted, at the hearing, the defendant appeared to rely exclusively on the hearsay carve-out set forth in subsection 801(d)(1)(B). That provision states that, notwithstanding the backdrop definition, an out-of-court statement is not hearsay if

> The declarant testifies and is subject to cross-examination about a prior statement, and the statement: . . . (B) is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground[.]

Fed. R. Evid. 801(d)(1)(B).

The admissibility of the defendant's proposed testimony—and that of his former housemate—is dependent, therefore, upon whether the statement is offered to (i) "to rebut an express or implied charge that [the defendant] *recently* fabricated it or acted from a *recent* improper influence or motive"; or (ii) "to rehabilitate the declarant's credibility as a witness when attacked on another ground." (Emphases added). Here, neither is the case.

I.  **The defendant's statements are not being offered to rebut a charge that he recently fabricated it or acted from a recent improper influence or motive.**

To fit his statements under subsection 801(d)(1)(B)(i), the defendant must show that his statement is offered to rebut a "charge that [he] *recently* fabricated [the statement] or acted from a *recent* improper influence or motive." *Id.* (emphases added). In *Tome v. United States*, 513 U.S. 150 (1995), the Supreme Court squarely confronted the question whether, despite expressly limiting the carve-out to statements offered to rebut "recent" fabrications and improper motives, the Rule nonetheless allows out-of-court consistent statements that, like those at issue here, are

2

made "*after* the alleged fabrication, or *after* the alleged improper influence or motive arose." *Id.* at 153. The Court answered no, unambiguously holding that the Rule "embodies [a] temporal requirement," *id.* at 156: it "permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive *only* when those statements were made *before* the charged recent fabrication or improper influence or motive." *Tome*, 513 U.S. at 167 (emphases added).

The Court found support for this "premotive requirement" not only in the Rule's text, but also in the "prevailing common-law rule for more than a century before adoption of the Federal Rules of Evidence." *Tome*, 513 U.S. at 156. That common-law rule provided—in language that bore "close similarity" to the language ultimately adopted in the Rule, *id.* at 159—that "a prior consistent statement introduced to rebut a charge of recent fabrication or improper influence or motive was admissible if the statement had been made *before* the alleged fabrication, influence, or motive came into being, *but it was inadmissible if made afterwards*." *Id.* at 156 (emphases added); *see also id.* ("'[W]here the testimony is assailed as a fabrication of a recent date, . . . in order to repel such imputation, proof of the *antecedent* declaration of the party may be admitted.'") (quoting *Ellicott v. Pearl*, 35 U.S. (10 Pet.) 412, 439 (1836) (Story, J.) (emphasis in *Tome*); *id.* (citing E. Cleary, McCormick on Evidence § 49, p. 105 (2d ed. 1972); 4 J. Wigmore, Evidence § 1128, p. 268 (J. Chadbourn rev. 1972)). The Court also found "confirm[ation]" of its reading—*i.e.*, of the temporal "premotive requirement"—in the Advisory Committee's Notes to the Federal Rules of Evidence. *Id.* at 160-163 (discussing the notes). And it carefully considered and rejected all arguments to the contrary. *See id.* at 163-167.

Here, the defendant has not shown—and cannot show—that his self-serving out-of-court statements are offered to rebut a charge of fabrication or improper motive that arose *after* those

3

statements were made. According to both the defendant and his former housemate, the defendant made the statements at issue—which variously claimed ignorance of the Capitol building's breach and professed a good-Samaritan intent—only *after* the defendant participated in the January 6 attack on the Capitol. By then, the defendant plainly had a motive to make self-serving statements that would tend to minimize his knowledge of the riot and his assaultive intent vis-à-vis Officer M. M. Or, to put it differently, the statements at issue are not offered to rebut a charge of "recent" fabrication or "recent" improper motive for a simple reason: the government's charge, if any, is that the defendant had a motive to lie about his knowledge of the riot and intent in assaulting Officer M. M. *before* he made his self-serving statements to his housemate in the evening of January 6, 2021. Therefore, those statements, though seemingly consistent with his testimony at the recent hearing, are not admissible as they are barred by the rule against hearsay.

II. **The defendant's statements are not being offered to rehabilitate` the defendant's credibility when attacked on "other grounds"**

Rule 802(d)(1)(B) also permits the admission of generally excluded statements that are consistent and offered "to rehabilitate the declarant's credibility as a witness when attacked on another ground . . .." Fed. R. Evid. 801(d)(1)(B)(ii). This 2014 amendment to Fed. R. Evid 801 was explained by the committee to "extend substantive effect to consistent statements that rebut other attacks on a witness – such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801, Advisory Committee Notes to 2014 Amendments. The committee continued, "The amendment does not change the traditional and well-accepted limits on bringing prior consistent statements before the factfinder for credibility purposes. It does not allow impermissible bolstering of a witness." *Id*.

Here, the government's cross examination did not imply a charge that Mr. GossJankowski's memory of the event was faulty, or that he was somehow inconsistent with his description of the

event. The government's cross examination charged that Mr. GossJankowski was simply wrong about his description of the event and that his narrative, though consistent, was implausibly self-serving. Because the amendment of the rule was not intended to change the traditional and well-accepted limits on seeking admission to consistent statements, this Court should not extend those limits here.

### III. Conclusion

Because the proffered testimony of Mr. GossJankowski's prior statement, and the proffered corroboration from his roommate of that statement, does not conform to the limited admissibility of Fed. R. Evid. 801(d)(1)(B), this Court should exclude the proffered testimony.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Adam M. Dreher*
ADAM M. DREHER
Assistant United States Attorney
Michigan Bar No. P79246
601 D St. NW
Washington, D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

FRANCESCO VALENTINI
Trial Attorney
D.C. Bar No. 986769
601 D St. NW
Washington, D.C. 20530
francesco.valentini@usdoj.gov

KAREN E. ROCHLIN
Assistant United States Attorney
D.C. Bar No. 394447
9 Northeast 4th Street
Miami, Florida 33132
karen.rochlin@usdoj.gov