UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-123-PLF** |
| | : | |
| **VITALI GOSSJANKOWSKI** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT STATUS REPORT

Pursuant to the Court's order issued on July 3, 2024, the parties hereby submit this joint status report.

In February 2021, the grand jury charged the defendant with several criminal offenses in connection with his conduct on January 6, 2021, including obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 2). ECF No. 10. The defendant moved to dismiss Count 2, and this Court denied the motion. ECF Nos. 68, 103. Following a two-week trial, in March 2023, the jury found the defendant guilty of six criminal offenses, including Count 2. ECF No. 163. In September 2023, after being appointed new defense counsel, the defendant moved for a judgment of acquittal and for a new trial as to Count 2, arguing that the evidence was insufficient in certain respects and that the jury instructions misstated the mens rea of § 1512(c)(2). ECF No. 191 at 8-14. That motion remains pending.

On June 28, 2024, the Supreme Court issued an opinion in *Fischer v. United States*, No. 23-5572, __ S. Ct. __. *Fischer* held that Section 1512(c) does not cover "*all* means of obstructing, influencing, or impeding any official proceeding." Op. 8. The Court explained that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other

things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings and to assess the sufficiency of the indictment on that count. *Id.*

Based on the Supreme Court's opinion, the recency and complexity of the issues presented, and the possibility of additional proceedings in the D.C. Circuit in *Fischer*, the government needs additional time to evaluate its prosecution of charges under 18 U.S.C. § 1512(c)(2), including in this case. *Id.* The government anticipates that, by August 2, 2024, it will be prepared to take a position with respect to the defendant's conviction on Count 2 in light of *Fischer*.

Accordingly, the parties respectfully propose that the Court enter an Order directing the parties to file another Joint Status Report—to include a proposed briefing schedule—on or before Friday, August 2, 2024.

Respectfully Submitted,

/s/ Matthew J. Peed
Matthew J. Peed
D.C. Bar No. 503328
CLINTON & PEED
1775 I St. NW, Suite 1150
Washington, D.C. 20006
(202) 919-9491 (tel)
(202) 587-5610 (fax)
matt@clintonpeed.com

*Counsel for Defendant Vitali GossJankowski*

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Francesco Valentini*
FRANCESCO VALENTINI
Deputy Chief
Capitol Siege Section
DC Bar No. 986769
601 D Street NW
Washington, D.C. 20530
francesco.valentini@usdoj.gov

s/ *Karen E. Rochlin*
KAREN E. ROCHLIN
Assistant United States Attorney
DC Bar No. 394447
9 Northeast 4th Street
Miami, Florida 33132
karen.rochlin@usdoj.gov