UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 21-cr-123-PLF |
| : | |
| **VITALI GOSSJANKOWSKI** : | |
| : | |
| **Defendant.** : | |

**JOINT STATUS REPORT**

Pursuant to the Court's order issued on July 15, 2024, the parties hereby submit this joint status report.

In February 2021, the grand jury charged the defendant with several criminal offenses in connection with his conduct on January 6, 2021, including obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 2).  ECF No. 10.  The defendant moved to dismiss Count 2, and this Court denied the motion.  ECF Nos. 68, 103.  Following a two-week trial, the jury found the defendant guilty of six criminal offenses, including Count 2.  ECF No. 163.  In September 2023, after being appointed new defense counsel, the defendant moved for a judgment of acquittal and for a new trial as to Count 2, arguing that the evidence was insufficient in certain respects and that the jury instructions misstated the mens rea of § 1512(c)(2).  ECF No. 191 at 8-14.  That motion remains pending.

On June 28, 2024, the Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176, 2181 (2024).  *Fischer* held that Section 1512(c) does not cover "*all* means of obstructing, influencing, or impeding any official proceeding." *Id.* at 2185.  The Court held that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the

availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 2186, 2190. The Supreme Court remanded the case to the D.C. Circuit for further proceedings and to assess the sufficiency of the indictment on that count. *Id.* at 2190.

The parties agree that additional litigation would be needed to determine the impact of the Supreme Court's decision in *Fischer* on the defendant's conviction in Count 2. In the interest of proceeding efficiently towards sentencing on the defendant's other counts of conviction, the government had determined that it will move to dismiss Count 2. A motion to dismiss Count 2 is filed contemporaneously with this Joint Status Report. The defendant has indicated that he does not oppose the government's motion.

|  | Respectfully Submitted, |
|---|---|
| /s/ Matthew J. Peed<br>Matthew J. Peed<br>D.C. Bar No. 503328<br>CLINTON & PEED<br>1775 I St. NW, Suite 1150<br>Washington, D.C. 20006<br>(202) 919-9491 (tel)<br>(202) 587-5610 (fax)<br>matt@clintonpeed.com<br><br>*Counsel for Defendant Vitali GossJankowski* | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052<br><br>/s/ *Francesco Valentini*<br>FRANCESCO VALENTINI2<br>DC Bar No. 986769<br>Deputy Chief<br>Capitol Siege Section<br>United States Attorney for the District of Columbia<br>601 D Street NW<br>Washington, D.C. 20530<br>francesco.valentini@usdoj.gov<br>(202) 598-2337<br><br>s/ *Karen E. Rochlin*<br>KAREN E. ROCHLIN<br>DC Bar No. 394447<br>Assistant United States Attorney<br>9 Northeast 4th Street<br>Miami, Florida 33132<br>karen.rochlin@usdoj.gov |

2