UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-123-PLF |
| | : | |
| VITALI GOSSJANKOWSKI | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' UNOPPOSED MOTION TO DISMISS COUNT 2

The United States of America hereby moves pursuant to Federal Rule of Criminal Procedure 48(a) to voluntarily dismiss with prejudice Count 2 of the Superseding Indictment, which charges the defendant, Vitali GossJankowksi, with obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2021, the defendant, Vitali GossJankowski, joined the mob that attacked the Capitol, facing off with the officers who were guarding the Lower West Terrace tunnel, assaulting a Capitol Police officer with a stun gun on the inaugural stage, and obstructing Congress' certification of the Electoral College vote.

In February 2021, the grand jury charged the defendant with several criminal offenses in connection with his conduct on January 6, 2021, including obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 2). ECF No. 10. The defendant moved to dismiss Count 2, and this Court denied the motion. ECF Nos. 68, 103.

---

[1] Counsel for the government has conferred with the defendant's counsel via email regarding this motion. Defense counsel indicated that the defendant does not oppose this motion.

In March 2023, the case proceeded to trial. At trial, the Court instructed the jury that, to convict the defendant of obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2, the jury was required to find that "the defendant attempted to or did obstruct or impede an official proceeding." 3/14/2023 Tr. 45; *see generally id.* at 45-48. The jury instructions for Count 2 did not specifically require the jury to find that the defendant impaired, or attempted to impair, the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding. The jury found the defendant guilty of six criminal offenses (3 felonies and 3 misdemeanors), including Count 2. ECF No. 163.

In September 2023, after the Court appointed new defense counsel, the defendant moved to set aside several of his counts of conviction. As relevant here, in the motion, the defendant requested a judgment of acquittal or, in the alternative, a new trial as to Count 2, arguing that the evidence was insufficient in certain respects and that the jury instructions misstated the *mens rea* of § 1512(c)(2). ECF No. 191 at 8-14. That motion remains pending.

On June 28, 2024, the Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024). *Fischer* held that Section 1512(c)(2) does not cover "*all* means of obstructing, influencing, or impeding any official proceeding." *Id.* at 2185. The Court held that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 2186, 2190. The Supreme Court remanded the case to the D.C. Circuit for further proceedings and to assess the sufficiency of the indictment on that count. *Id.* at 2190.

## DISCUSSION

Federal Rule of Criminal Procedure 48(a) permits the Government, "with leave of court," to "dismiss an indictment, information or complaint." Fed. R. Crim. P. 48(a). Although the rule is written in terms of the entire charging document (*i.e.*, "indictment," "information," and "complaint"), it also applies to individual counts. *See, e.g.*, *Thomas v. United States*, 398 F.2d 531, 537 (5th Cir. 1967) ("The right of the prosecution to move for and the court to grant dismissal of an Indictment or separate counts thereof is a hornbook principle."). It is also settled that the government may move to dismiss a count under Rule 48(a) even after the charge at issue has resulted in a finding of guilt, *see, e.g.*, *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009) – whether "because of a guilty plea," *id.*, or because of a guilty verdict at trial, *see, e.g.*, *United States v. Williams*, 720 F.3d 674, 702 (8th Cir. 2013). *Cf. United States v. Smith*, 467 F.3d 785, 786-789 (D.C. Cir. 2006) (holding that district courts have jurisdiction to entertain unopposed Rule 48 motions even after a conviction becomes final, without ruling on the merits of Rule 48's scope).

In this case, the jury found the defendant guilty of six offenses – 3 felonies and 3 misdemeanors – more than a year ago, in March 2023. In light of the Supreme Court's recent decision in *Fischer*, however, additional litigation would be needed to determine the impact of *Fischer* on the defendant's conviction on Count 2. In the interest of efficiently proceeding towards sentencing on the defendant's other counts of conviction, the government is moving to voluntarily dismiss Count 2.

Accordingly, the government respectfully requests that the Court dismiss Count 2 with prejudice.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney

D.C. Bar No. 481052

/s/ *Francesco Valentini*
FRANCESCO VALENTINI
DC Bar No. 986769
Deputy Chief
Capitol Siege Section
United States Attorney for the District of Columbia
601 D Street NW
Washington, D.C. 20530
francesco.valentini@usdoj.gov
(202) 598-2337


s/ *Karen E. Rochlin*
KAREN E. ROCHLIN
DC Bar No. 394447
Assistant United States Attorney
9 Northeast 4th Street
Miami, Florida 33132
karen.rochlin@usdoj.gov

4